caused ZonePerfect substantial damage, and unless enjoined, will cause ZonePerfect irreparable harm.

100.  If Hershey and Sears are permitted to distribute the "SmartZone" bar, ZonePerfect will sustain additional substantial and irreparable harm and damage to its business and goodwill.

**Hershey's and Sears' Efforts to Register ZONE-Related Trademarks.**

101.  On February 14, 2004, Hershey Chocolate & Confectionery Corporation filed applications with the United States Patent and Trademark Office (the "PTO") to register the marks "SMART ZONE" and "TRU ZONE" for use with food products.

102.  As described more fully herein, Hershey's registration and use of these marks violates ZonePerfect's trademark rights, and is likely to cause substantial consumer confusion and irreparable harm to ZonePerfect's established rights in the ZONE Marks.

103.  In violation of the 2001 Agreement, and of ZonePerfect's rights in the ZONE Marks, Sears has also filed numerous ZONE-related trademark and servicemark registration applications with the PTO.

104.  Sears has sought to register a number of marks, including OMEGAZONE, ZONE RX, DR. SEARS ZONE DIET, ZONE LABS, DR. SEARS ZONE APPROVED, DR. SEARS ZONE LABS, DR. SEARS ZONE, ZONE SMART, SMART ZONE, ZONE (stylized), ZONE CENTER, ZONE CAFÉ, ZONERX, ZONE ICE CREAM, DR. SEARS ZONE (stylized), and ZONE (stylized), in connection with nutrition bars and similar goods and services currently offered by ZonePerfect under the ZONE Marks. These applications are at various stages in the examination and registration process.

105.  Sears' efforts to register marks for goods and services that are the same or similar to those offered or that might be expected to be offered by ZonePerfect under the ZONE Marks constitutes violation of ZonePerfect's existing trademark and servicemark rights and are likely to cause substantial consumer confusion.

**OmegaZone Products.**

106. In his various websites accessible via drsears.com, zonediet.com, and other domain names, Sears has been marketing nutrition products, including food products, under the brand name "OmegaZone."

107. On information and belief, OmegaZone products have been primarily sold directly to consumers over the internet. On information and belief, these sales have been modest. On information and belief, Sears has never attempted to sell the OmegaZone products via retail channels.

108. ZonePerfect recently learned that Sears has also utilized the ZONE logo on at least one product, a sea vegetable and mineral supplement called "SeaHealth PLUS."

109. Sears' use of the OMEGAZONE mark in connection with the sale of food products infringes ZonePerfect's rights and violates the terms of the 2001 Agreement.

110. Sears' use of the OMEGAZONE mark and the ZONE logo violates ZonePerfect's trademark rights in the ZONE Marks and is likely to cause consumer confusion as to the source, association, affiliation, or sponsorship of the OmegaZone products and the ZonePerfect® products.

### COUNT I-Hershey and Sears
(Violation of the Lanham Act, § 32)

111. ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

112. ZonePerfect is the owner of the U.S. Trademark Registrations No. 2,645,665, No. 2,294,807, No. 2,269,790, No. 2,492,467, No. 2,408,977, No. 2,487,942, and No. 2,466,823 (the "Registered ZONE Marks"). The Registered ZONE Marks are valid, subsisting and unrevoked. The Registered ZONE Marks are evidence of ZonePerfect's exclusive right to use, without condition or limitation, the Registered ZONE Marks in

commerce within the United States on or in connection with the goods and services for which they have been registered, as provided in 15 U.S.C. § 1057(b).

113. ZonePerfect has engaged in and continues to engage in interstate activities designed to promote the goods, services, and goodwill associated with the Registered ZONE Marks in interstate commerce and to expand the use and reputation of the Registered ZONE Marks throughout the United States.

114. ZonePerfect has expended substantial sums of money to build, maintain and extend its reputation and the reputation of the Registered ZONE Marks.

115. The Registered ZONE Marks are known across the United States as identifying and distinguishing the goods and services of ZonePerfect.

116. ZonePerfect has provided and sold goods and services in interstate commerce utilizing the Registered ZONE Marks, and has realized substantial income therefrom.

117. As a result of the foregoing, the Registered ZONE Marks are well-recognized, distinctive and famous among consumers and retailers.

118. Through their activities, each of Hershey and Sears has in interstate commerce, or in a manner affecting such commerce, utilized words, terms, and names, including but not limited to use of the Registered ZONE Marks (and marks, names and/or domain names confusingly similar thereto), as well as false designations of origin, false and misleading descriptions of fact, and false and misleading representations of fact which were and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Hershey and Sears with ZonePerfect, and as to the origin, sponsorship, or approval by ZonePerfect of any products or services Hershey offers or intends to offer.

119. Each of Hershey and Sears' acts have been committed with the intent to cause confusion and mistake, and to deceive.

LITDOCS:543105.6

120. ZonePerfect's use of the Registered ZONE Marks for the above-described activities began prior to either Sears' or Hershey's complained-of conduct.

121. Such conduct is in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and such violations are ongoing.

122. Through such conduct, each of Hershey and Sears has caused and continues to cause irreparable harm to ZonePerfect, the Registered ZONE Marks, and its goodwill and reputation, and has thereby damaged ZonePerfect.

## COUNT II-Hershey and Sears
### (Violation of the Lanham Act, § 43(a))

123. ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

124. ZonePerfect has engaged in and continues to engage in interstate activities designed to promote the goods, services, and goodwill associated with the ZONE Marks, in interstate commerce and to expand the use and reputation of the ZONE Marks throughout the United States.

125. ZonePerfect has expended substantial sums of money to build, maintain and extend its reputation and the reputation of the ZONE Marks.

126. The ZONE Marks are known across the United States as identifying and distinguishing the goods and services of ZonePerfect.

127. ZonePerfect has provided and sold goods and services in interstate commerce utilizing the ZONE Marks, and has realized substantial income therefrom.

128. As a result of the foregoing, the ZONE Marks are well-recognized, distinctive and famous among consumers and retailers.

129. Through their activities, each of Hershey and Sears has in interstate commerce, or in a manner affecting such commerce, utilized words, terms, and names, including but not limited to use of the ZONE Marks (and marks, names and/or domain

-24-

names confusingly similar thereto), as well as false designations of origin, false and misleading descriptions of fact, and false and misleading representations of fact which were and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Hershey and Sears with ZonePerfect, and as to the origin, sponsorship, or approval by ZonePerfect of any products or services Hershey offers or intends to offer.

130. Defendants' acts have been committed with the intent to cause confusion and mistake, and to deceive.

131. ZonePerfect's use of the ZONE Marks for the above-described activities began prior to either Sears' or Hershey's complained-of conduct.

132. Such conduct is in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and such violations are ongoing.

133. Through such conduct, each of Hershey and Sears has caused and continues to cause irreparable harm to ZonePerfect, its ZONE Marks, and its goodwill and reputation, and has thereby damaged ZonePerfect.

### COUNT III-Hershey and Sears
### (Violation of the Lanham Act, § 43(c))

134. ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

135. ZonePerfect's claim hereunder arises under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), for trademark dilution.

136. Each of Hershey and Sears has made commercial use of the ZONE Marks owned by ZonePerfect in connection with goods Hershey and Sears have sold or will sell in interstate commerce.

137. The ZONE Marks are famous marks, are inherently strong and distinctive, have long been used in connection with the goods and services with which they appear, have

-25-

long been the subject of substantial advertising and promotion in the United States, and are widely recognized by retailers and consumers.

138. Hershey and Sears' acts are in violation of Section 43(c) of the Lanham Act in that they have caused or are likely to cause dilution of the distinctive quality of ZonePerfect's famous ZONE Marks, all to the irreparable injury of ZonePerfect.

139. Hershey and Sears' acts have lessened the capacity of ZonePerfect's famous ZONE Marks to identify and distinguish the goods and services of ZonePerfect. Hershey and Sears' acts have blurred the unique association that has heretofore existed between the ZONE Marks and goods and services offered and sold by ZonePerfect.

140. The aforesaid acts of Hershey and Sears were commenced and committed from a time after the ZONE Marks became famous.

141. Hershey and Sears committed these acts willfully and with the intent to trade on the reputation of ZonePerfect, and to cause dilution of the ZonePerfect's ZONE Marks.

142. ZonePerfect has been and continues to be damaged by Hershey and Sears' activities and conduct, and unless their conduct is enjoined, ZonePerfect and its goodwill and reputation will suffer continued and irreparable injury.

### COUNT IV-Hershey and Sears
### (Violation of Common Law Trademark Rights)

143. ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

144. ZonePerfect has made significant and ongoing efforts to use, appropriate, and protect its ZONE Marks.

145. Hershey's use of marks similar to the ZONE Marks, including but not limited to in connection with its "Tru Zone" and "Smart Zone" products and promotions, to offer nutrition bars that purport to follow the same Zone Diet principles as those offered by ZonePerfect, is extremely likely to cause confusion, or mistake, or to deceive.

146. Sears' use of marks similar to the ZONE Marks, including but not limited to in connection with his "OmegaZone" and "Dr. Sears Zone Approved" products and promotions, to offer nutrition bars that purport to follow the same Zone Diet principles as those offered by ZonePerfect, is extremely likely to cause confusion, or mistake, or to deceive.

147. Hershey's and Sears' conduct thus violates ZonePerfect's common law trademark rights and proprietary interests in its ZONE Marks.

148. ZonePerfect's use of the ZONE Marks for the above-described activities began prior to either Sears' or Hershey's complained-of conduct.

149. Such conduct has caused substantial and irreparable damage to ZonePerfect, and that damage is ongoing.

## COUNT V-Hershey and Sears
### (Violation of the Massachusetts Anti-dilution Act, M.G.L. c. 110B)

150. ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

151. Given the high degree of distinctiveness which has developed in ZonePerfect's ZONE Marks, Hershey and Sears' use of near-identical marks on supposedly identical or nearly identical products is likely to have caused and continues to cause confusion as to the distinctive nature of the ZONE Marks, thus undercutting the distinctiveness laboriously developed by ZonePerfect in the ZONE Marks.

152. ZonePerfect's use of the ZONE Marks has created common law rights in said marks which inure to ZonePerfect.

153. Hershey and Sears' conduct has thus caused an unknown degree of damage to and dilution of the ZONE Marks, and that damage is ongoing.

154. ZonePerfect's use of the ZONE Marks for the above-described activities began prior to either Sears' or Hershey's complained-of conduct.

155. The dilution of the distinctive quality of ZonePerfect's ZONE Marks violates the Massachusetts Anti-dilution Act, specifically M.G.L. c. 110B, § 12. This entitles ZonePerfect to an injunction to prevent continued dilution of the marks.

### COUNT VI - Sears
### (Declaratory Judgment - Opposition to Trademark Registration Application)

156. ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

157. On or about November 1, 2001, Sears filed Trademark Registration Application No. 76/333,054 with the PTO for registration of "OMEGAZONE" for use in connection with food products, including nutrition bars.

158. On or about November 1, 2001, Sears filed Trademark Registration Application No. 76/333,052 with the PTO for registration of "ZONE RX" for use in connection with food products, including nutrition bars.

159. On or about January 25, 2002, Sears filed Trademark Registration Application No. 76/363,075 with the PTO for registration of "DR. SEARS ZONE DIET" for use in connection with food products, including nutrition bars.

160. On or about September 17, 2003, Sears filed Trademark Registration Application No. 78/301,669 with the PTO for registration of "ZONE LABS" for use in connection with food products, including nutrition bars.

161. On or about September 18, 2003, Sears filed Trademark Registration Application No. 78/301,931 with the PTO for registration of "ZONE LABS" for use in connection with food products, including nutrition bars.

162. On or about September 18, 2003, Sears filed Trademark Registration Application No. 78/302,038 with the PTO for registration of "DR. SEARS ZONE APPROVED" for use in connection with food products, including nutrition bars.

163. On or about September 18, 2003, Sears filed Trademark Registration Application No. 78/301,935 with the PTO for registration of "DR. SEARS ZONE LABS" for use in connection with food products, including nutrition bars.

164. On or about October 3, 2003, Sears filed Trademark Registration Application No. 76/553,545 with the PTO for registration of "ZONE (and Design)" for use in connection with food products, including nutrition bars.

165. On or about October 3, 2003, Sears filed Trademark Registration Application No. 76/553,397 with the PTO for registration of "ZONE (Stylized)" for use in connection with food products, including nutrition bars.

166. On or about October 3, 2003, Sears filed Trademark Registration Application No. 76/553,546 with the PTO for registration of "DR. SEARS ZONE (Stylized)" for use in connection with food products, including nutrition bars.

167. On or about March 1, 2004, Sears filed Trademark Registration Application No. 78/376,363 with the PTO for registration of "ZONE SMART" for use in connection with food products, including nutrition bars.

168. On or about March 1, 2004, Sears filed Trademark Registration Application No. 78/376,355 with the PTO for registration of "SMART ZONE" for use in connection with food products, including nutrition bars.

169. On or about January 25, 2002, Sears filed Trademark Registration Application No. 76/363,318 with the PTO for registration of "DR. SEARS ZONE DIET" for use in connection with retail/catalog sales, restaurants, and internet information.

170. On or about March 3, 2003, Sears filed Trademark Registration Application No. 76/553,543 with the PTO for registration of "ZONE (Stylized)" for use in connection with workshops, catering, restaurants, and online information.

171. On or about May 14, 2003, Sears filed Trademark Registration Application No. 78/249,730 with the PTO for registration of "ZONE CENTER" for use in connection with workshops/counseling.

172. On or about May 16, 2003, Sears filed Trademark Registration Application No. 78/251,008 with the PTO for registration of "ZONE CAFÉ" for use in connection with catering and restaurants.

173. On or about September 17, 2003, Sears filed Trademark Registration Application No. 78/301,657 with the PTO for registration of "ZONERX" for use in connection with a meal replacement drink.

174. On or about September 18, 2003, Sears filed Trademark Registration Application No. 78/301,941 with the PTO for registration of "ZONE ICE CREAM" for use in connection with ice cream products.

175. On or about September 18, 2003, Sears filed Trademark Registration Application No. 78/301,937 with the PTO for registration of "DR. SEARS ZONE LABS" for use in connection with retail/catalog sales.

176. On or about October 3, 2003, Sears filed Trademark Registration Application No. 76/553,547 with the PTO for registration of "DR. SEARS ZONE (Stylized)" for use in connection with workshops, catering, restaurants, and online information.

177. On or about October 3, 2003, Sears filed Trademark Registration Application No. 76/553,544 with the PTO for registration of "ZONE (and Design)" for use in connection with workshops, catering, restaurants, and online information.

178. Sears' application for trademark registration and use of commercial marks utilizing the word "Zone" in connection with food products and related goods and services is extremely likely to cause confusion, or mistake, or to deceive.

179. Sears' application for trademark registrations and use of such marks also breaches the 2001 Agreement.

180. ZonePerfect's use of the ZONE Marks for the above-described activities began prior to Sears' complained-of conduct. As such, Sears' applications are invalid and should be rejected.

181. An actual controversy exists between Sears and ZonePerfect as to the validity of Sears' above-described applications.

182. ZonePerfect has been harmed by Sears' continued claim of rights in the applications, and that harm is ongoing.

### COUNT VII - Hershey
### (Declaratory Judgment - Opposition to Trademark Registration Application)

183. ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

184. On or about February 14, 2004, Hershey applied for Trademark Registration Application No. 78/364,143 from the PTO for "SMART ZONE" for use with food products, including nutrition bars.

185. On or about February 14, 2004, Hershey applied for Trademark Registration Application No. 78/364,160 from the PTO for "TRU ZONE" for use with food products, including nutrition bars.

186. Hershey's applications for trademark registration and use of commercial marks utilizing the word "Zone" in connection with food products including nutrition bars are extremely likely to cause confusion, or mistake, or to deceive.

187. ZonePerfect's use of the ZONE Marks for the above-described activities began prior to Hershey's complained-of conduct. As such, Hershey's applications are invalid and should be rejected.

188. An actual controversy exists between Hershey and ZonePerfect as to the validity of Hershey's above-described applications.

189.  ZonePerfect has been harmed by Hershey's continued claim of rights in the applications, and that harm is ongoing.

### COUNT VIII – Hershey and Sears
### (Violation of Lanham Act § 43(a)--False Advertising)

190.  ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

191.  Each of Hershey and Sears has published false and misleading statements in marketing and advertising the "SmartZone" bar and other non-ZonePerfect products, including the February 9 Advertisement, the February 2004 edition of Sears' <u>Omega Zone E-Magazine</u>, the CAGNY presentation, and statements posted on their respective websites.

192.  The assertion in these marketing and advertisement statements that the Hershey "SmartZone" bar is "first" nutrition bar "approved" by Sears is patently false and misleading, as many of ZonePerfect's nutrition bars were designed by Sears himself pursuant Zone Diet principles while Sears was working for ZonePerfect.

193.  Sears has also published statements on his websites that suggest that ZonePerfect's products are not nutritionally sound and have never been endorsed by Sears. These statements are likewise patently false given Sears' work on, and endorsement of, ZonePerfect's products for a number of years.

194.  These published statements consist of commercial advertising which is false and misrepresents the nature, characteristics, and quality of ZonePerfect's ZonePerfect® nutrition bars.

195.  These false statements have caused actual deception and are likely to continue to deceive a substantial portion of their intended audience.

196.  Because these false statements question the quality of ZonePerfect's products, including the legitimate health benefits of the ZonePerfect® bar, these statements make material misrepresentations which are likely to influence purchasing decisions.

197. These false and misleading statements have created a likelihood of injury to ZonePerfect including but not limited to loss of potential sales, loss of goodwill, and other substantial and irreparable harm to ZonePerfect.

198. Hershey's and Sears' use of false statements in promotional materials as described above is in violation of the Lanham Act, 15 U.S.C. § 1125(a).

### COUNT IX – Hershey and Sears
### (Commercial Disparagement)

199. ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

200. The above-described statements, including those made in the February 9, 2004 Advertisement, the February 2004 edition of Sears' Omega Zone E-Magazine and on the defendants' various websites that the Hershey "SmartZone" bar is "first" nutrition bar "approved" by Sears and otherwise suggesting that ZonePerfect's products do not comply with Zone Diet principles are patently false and misleading as many of ZonePerfect's current nutrition bars were designed by Sears himself while at ZonePerfect. These statements, among others statements contained in the publications, create the implication that the ZonePerfect® bars are *not* and have never been "Zone approved" and are thus *not* and have never been compliant with Zone Diet principles.

201. Hershey and Sears made these false and disparaging statements with knowledge of falsity or with reckless disregard of their truth or falsity, and intent to harm ZonePerfect's goodwill and business or with knowledge that harm would inevitably result.

202. The use of such materials to promote Hershey's and Sears' products by discrediting ZonePerfect's is a calculated attempt by Hershey and Sears to unfairly and deceptively compete with ZonePerfect.

203. As a result of this conduct, ZonePerfect has been damaged.

204. The damage to ZonePerfect from Hershey and Sears' false and disparaging statements is substantial and is ongoing.

### COUNT X - Sears
### (Breach of Contract)

205. ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

206. The 2001 Agreement is a valid and enforceable contract supported by good and adequate consideration.

207. Sears, by his above-described conduct, has committed repeated and material breaches of the 2001 Agreement.

208. ZonePerfect has not been in breach of the 2001 Agreement at any time.

209. As a result of Sears' conduct, ZonePerfect has been harmed, and that harm is ongoing.

### COUNT XI - Hershey
### (Tortious Interference with Contractual Relations)

210. ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

211. The 2001 Agreement is a valid and enforceable contract supported by good and adequate consideration as between, among others, Sears and ZonePerfect.

212. Through its due diligence, Hershey learned of and was provided the 2001 Agreement.

213. By its conduct, as set forth above, Hershey has knowingly and intentionally interfered with the 2001 Agreement, with improper purpose and by improper means.

214. As a result of Hershey's past and continuing tortious interference with the 2001 Agreement, ZonePerfect has sustained, and continues to sustain, damage and injuries.

## COUNT XII - Sears
### (Breach of Covenant of Good Faith and Fair Dealing)

215. ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

216. By his conduct, as set forth above, Sears has breached the covenant of good faith and fair dealing implied in the 2001 Agreement.

217. As a result of Sears past and continuing breaches of the implied covenant of good faith and fair dealing implied in the 2001 Agreement, ZonePerfect has sustained, and continues to sustain, damage and irreparable harm.

## COUNT XIII - Hershey
### (Breach of Contract)

218. ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

219. The October 7, 2002 Confidentiality Agreement is a valid and enforceable contract supported by good and adequate consideration.

220. Hershey, by its above-described conduct, has committed repeated and material breaches of the October 7, 2002 Confidentiality Agreement.

221. ZonePerfect has not been in breach of the October 7, 2002 Confidentiality Agreement at any time.

222. As a result of Hershey's conduct, ZonePerfect has been harmed, and that harm is ongoing.

## COUNT XIV - Hershey
### (Breach of Covenant of Good Faith and Fair Dealing)

223. ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

224. By its conduct, as set forth above, Hershey has breached the covenant of good faith and fair dealing implied in the October 7, 2002 Confidentiality Agreement.

225. As a result of Hershey's past and continuing breaches of the implied covenant of good faith and fair dealing, ZonePerfect has sustained, and continues to sustain, damage and injuries.

### COUNT XV - Hershey
### (Violation of M.G.L. c. 93A)

226. ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

227. At all times relevant hereto, Hershey and Sears were engaged in trade or commerce within the meaning of M.G.L. c. 93A, §§ 2, 9.

228. Hershey's and Sears' individual and concerted conduct, as described above, constitutes unfair and deceptive acts or practices within the meaning of M.G.L. c. 93A, §§ 2, 9.

229. Hershey and Sears committed their unfair and deceptive acts and practices knowingly and willfully.

230. Hershey's and Sears' unfair and deceptive conduct occurred primarily and substantially within the Commonwealth of Massachusetts.

231. As a result of Hershey's and Sears' unfair and deceptive conduct, ZonePerfect has suffered, and continues to suffer, injury.

**WHEREFORE**, ZonePerfect respectfully prays for an order and judgment from this Court that:

A. Hershey and Sears, by their adoption and usage of near-identical marks to the Registered ZONE Marks in connection with the marketing, distribution, and sale of food products, have infringed ZonePerfect's trademark rights in the Registered ZONE Marks in violation of 15 U.S.C. § 1114.

B.     Hershey and Sears, by their adoption and usage of near-identical marks to the ZONE Marks in connection with the marketing, distribution, and sale of food products, have infringed ZonePerfect's trademark rights in the ZONE Marks in violation of 15 U.S.C. § 1125(a).

C.     Hershey and Sears, their agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from promoting, selling, offering for sale, distributing or advertising products or services using the ZONE Marks or any other colorable variant of or any other mark or name confusingly similar to any of the ZONE Marks, including without limitation "SMART ZONE," "TRU ZONE," and "OMEGA ZONE," in connection with the sale of food products.

D.     Hershey and Sears, by their adoption and usage of words, names, styles, titles or marks have created a likelihood of injury and/or caused injury to the business reputation of ZonePerfect, and/or have caused a likelihood of and/or caused dilution of ZonePerfect's name and ZONE Marks and the goodwill associated therewith in violation of 15 U.S.C. §1125(c).

E.     Hershey and Sears, by their adoption and usage of near-identical marks to the ZONE Marks in connection with the marketing, distribution, and sale of food products, have infringed ZonePerfect's trademark rights in the ZONE Marks in violation of the common law.

F.     Hershey and Sears, by their adoption and usage of words, names, styles, titles or marks have created a likelihood of injury and/or caused injury to the business reputation of ZonePerfect, and/or have caused a likelihood of and/or caused dilution of ZonePerfect's name and ZONE Marks and the goodwill associated therewith in violation of M.G.L. c. 110B.

G.     Hershey and Sears, their agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from using any words, names, styles, titles or marks which create a likelihood of injury and/or cause injury to the business reputation of ZonePerfect, or a likelihood of and/or cause dilution of ZonePerfect's name and ZONE Marks and the goodwill associated therewith.

H.     A declaration that Sears' PTO applications No. 76/333,054; 76/333,052; 76/363,075; 78/301,669; 78/301,931; 78/302,038; 78/301,935; 76/553,545; 76/553,397; 76/553,546; 78/376,363; 78/376,355; 76/363,318; 76/553,543; 78/249,730; 78/251,008; 78/301,657; 78/301,941; 78/301,937; 76/553,547; and 76/553,544 are invalid and should be rejected.

LITDOCS:543105.6

I. A declaration that Hershey's PTO applications No. 78/364,143 and 78/364,160 are invalid and should be rejected.

J. Hershey and Sears, by their activities, have made false statement and material misrepresentations as to the nature, characteristics, and quality of ZonePerfect products, and have created a likelihood and/or caused injury to ZonePerfect in violation of 15 U.S.C. § 1125(a).

K. Hershey and Sears, their officers, directors, agents, servants, employees, attorneys, successors, assigns, members, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained pursuant to 15 U.S.C. § 1116 from further distribution, circulation, publication, or any other form of transmission of the February 9, 2004 advertisement, the February 2004 edition of Sears' "The Omega Zone" E-Magazine, the CAGNY presentation, and related statements, and the false and misleading statements contained therein and on the defendants' respective websites.

L. Hershey and Sears be directed to send and make public -- in a fashion commensurate with the form of distribution used for their prior announcements and promotional activities, all within 30 days of the granting of this order -- a corrective notice to each and every recipient of the false and misleading information, and that this corrective notice be first sent to and approved by ZonePerfect.

M. ZonePerfect be awarded its reasonable attorneys' fees incurred as a consequence of defendants' willful misappropriation of ZonePerfect's goodwill, false advertising, use of trade secrets and other acts of unfair competition.

N. Hershey and Sears, by their activities, have made false and disparaging statement with knowledge of their falsity or with reckless disregard for their truth or falsity, with the intent to harm ZonePerfect's goodwill and business or with knowledge that harm would inevitably result.

O. Hershey and Sears, their officers, directors, agents, servants, employees, attorneys, successors, assigns, members, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from making false and disparaging statements with the intent or effect to harm ZonePerfect's goodwill and business.

P. Sears is in breach of the express terms of the 2001 Agreement.

Q. Hershey has tortiously interfered and continues to tortiously interfere with the 2001 Agreement.

LITDOCS:543105.6

R. Sears is in breach of the covenant of good faith and fair dealing implied in the 2001 Agreement.

S. ZonePerfect be awarded damages and costs arising from Sears' violation of the express and implied terms of the 2001 Agreement.

T. Hershey is in breach of the express terms of the October 7, 2002 Confidentiality Agreement.

U. Hershey is in breach of the covenant of good faith and fair dealing implied in the October 7, 2002 Confidentiality Agreement.

V. ZonePerfect be awarded damages and costs arising from Hershey's violation of the express and implied terms of the October 7, 2002 Confidentiality Agreement.

W. Hershey and Sears, by their activities that have occurred primarily and substantially in Massachusetts, have engaged in unfair and deceptive acts and practices knowingly and willfully in violation of M.G.L. ch. 93A.

X. ZonePerfect be awarded damages in an amount sufficient to cover the damages caused to it by Hershey and Sears' unlawful conduct, and that those damages be trebled pursuant to M.G.L. ch. 93A.

Y. Pursuant to 15 U.S.C. § 1117, that Hershey be required to account and pay over to ZonePerfect all profits from the sale of defendants' products and services in connection with the ZONE Marks or any colorable imitation thereof, including without limitation "Tru Zone" or "Smart Zone," and all damages to plaintiff which have resulted from defendants' acts of unfair competition and false advertising, and, because of the willful and deliberate nature of the conduct by defendants, that this Court enter judgment for plaintiff for three times the amount of the damages and profits assessed.

Z. Pursuant to 15 U.S.C. § 1117, that Sears be required to account and pay over to plaintiff all profits from the sale of defendants' products and services in connection with the ZONE Marks or any colorable imitation thereof, including without limitation "OMEGAZONE," and all damages to plaintiff which have resulted from defendants' acts of unfair competition and false advertising, and, because of the willful and deliberate nature of the conduct by defendants, that this Court enter judgment for plaintiff for three times the amount of the damages and profits assessed.

AA. ZonePerfect recover its costs and attorney fees herein.

BB. ZonePerfect be granted such other and further relief as this Court shall deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issue and claims so triable.

Respectfully submitted,

ZONEPERFECT NUTRITION COMPANY

By its attorneys,

Daniel L. Goldberg, BBO #197380
Joshua M. Dalton, BBO #636402
Matthew L. Mitchell BBO#647902
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated: April 15, 2004

LITDOCS:543105.6