UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZONEPERFECT NUTRITION<br>COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>HERSHEY FOODS CORPORATION,<br>HERSHEY CHOCOLATE &<br>CONFECTIONERY CORPORATION, and<br>DR. BARRY D. SEARS,<br><br>    Defendants.<br><br>DR. BARRY D. SEARS,<br><br>    Plaintiff-in-Counterclaim,<br><br>and<br><br>ZONE LABS, INC.,<br><br>    Third-Party plaintiff<br><br>v.<br><br>ZONEPERFECT NUTRION COMPANY<br>    Defendant-in-Counterclaim and<br>    Third-Party Defendant | CIVIL ACTION NO: 04-10760 REK |

## ANSWER, AFFIRMATIVE DEFENSES
## AND COUNTERCLAIMS OF DR. BARRY D. SEARS

The defendant and plaintiff-in-counterclaim, Barry D. Sears ("Dr. Sears")

herewith answers the Complaint of the ZonePerfect Nutrition Company ("ZonePerfect")

as follows:

## INTRODUCTION

1.      Dr. Sears admits that ZonePerfect and its predecessor, Eicotech Corporation ("Eicotech") marketed food products under the name "ZonePerfect". Dr. Sears states that he has no knowledge about what other goods or services, if any, are currently marketed under the ZonePerfect name and calls on the plaintiff to prove same to the extent relevant. The remaining allegations of paragraph 1 are denied. Dr. Sears specifically denies that the plaintiff has acquired any trademark or other rights to the terms "Zone" or "Zone Diet", and denies that these claimed trademarks are appropriately referred to as "Zone Marks."

2.      The first two sentences of paragraph 2 are admitted. The third sentence of paragraph 2 purports to characterize the "Stock Purchase and Holders Agreement", attached to the Complaint as Ex. 4, and no answer is therefore required. To the extent that a further answer is required, Dr. Sears denies that this sentence accurately characterizes the legal effect of his actions. The fourth sentence of paragraph 2 is denied insofar as Dr. Sears was personally involved in only some of the products which ZonePerfect later sold. The fifth sentence is admitted. Dr. Sears is without knowledge or information concerning the sixth sentence and calls on the plaintiff to prove same to the extent relevant. Dr. Sears again denies that ZonePerfect has any rights in what it terms as "the Zone Marks," and therefore denies the seventh sentence of this paragraph.

3.      Admitted that Dr. Sears left ZonePerfect in 1998 and subsequently asked to be bought out. Denied that Dr. Sears stated that the reason for his departure was to "allow him to focus on research and writing." Dr. Sears admits that ZonePerfect did not agree to buy him out of the company until 2001 despite the fact that he left it in 1998, and

otherwise denies the second sentence . Dr. Sears admits that he and his brother and companies associated with them were bought out of ZonePerfect for more than $5 million in cash and promissory notes, but denies that his brother or those companies are properly characterized as "affiliates."

4.    Dr. Sears is without knowledge or information concerning the allegations of paragraph 4 and calls on the plaintiff to prove same to the extent relevant.

5.    Dr. Sears is without knowledge or information concerning the allegations of paragraph 5 and calls on the plaintiff to prove same to the extent relevant.

6.    Dr. Sears admits that he has a contractual arrangement with Hershey. Dr. Sears denies that the arrangement between Zone Labs, Hershey and him constitutes a "partnership" in contemplation of law but agrees the term "partner" may have been used in the colloquial sense. Dr. Sears otherwise denies the allegations of the first sentence of paragraph 6. Dr. Sears admits that he has joined with Hershey to market the "SmartZone™" bar, but denies that his doing so contravenes the express terms of his agreement, or infringes or otherwise impacts ZonePerfect's trademark rights, if any. Dr. Sears denies that ZonePerfect has a property interest in the Zone marks as its complaint defines 'Zone marks' and if ZonePerfect does have an interest in such marks denies that the use of the mark "SmartZone™" constitutes using of those marks to compete with ZonePerfect bars. The third and fourth sentences of paragraph 6 are admitted. Dr. Sears admits that Exhibit 1 accurately reflects the current proposed logo for the bar that he intends to endorse.

7.    Dr. Sears admits that SmartZone™ has been announced as "the first-ever nutrition bars with the science-based nutritional benefits of the Zone **and** the great taste

3

consumers expect from Hershey." The allegations of this paragraph are otherwise denied.

8.      This paragraph characterizes the allegations of the plaintiff's lawsuit and no response is necessary. To the extent that a response is necessary, Dr. Sears denies that the plaintiff is entitled to any of the relief it says that it should receive in paragraph 8.

9.      Dr. Sears admits the first sentence of paragraph 9 on information and belief. Dr. Sears admits that ZonePerfect markets and distributes bars, shake mixes and prepared meals, and states that he has knowledge of their current formulations or exact ingredients. Dr. Sears has no knowledge or information concerning the allegations of the third and fourth sentences of paragraph 9 and calls on the plaintiff to prove same to the extent relevant.

10.     Admitted on information and belief.

11.     Admitted on information and belief.

12.     Admitted.

## JURISDICTION AND VENUE

13.     Admitted for jurisdictional purposes only except as to Courts VI and VII.

14.     Admitted that venue is proper in this district.

## FACTS

### The Zone Diet and ZonePerfect

15.     Admitted that Dr. Sears wrote The Zone in 1995 and that it became a New York Times number one best-selling book. Denied that it became a best-seller "quickly." Admitted that the Zone Diet requires consumption of a certain ratio of carbohydrates,

4

protein and mono-saturated fats, but denied that this is a sufficient description of Zone principles.

16. Admitted.

17. Denied that the first sentence of paragraph 17, which appears to refer to Dr. Sears' association with Pure Distributors, Inc. ("PDI"), correctly states the chronology of his involvement with that company. Admitted that PDI distributed a nutritional bar called the "BioZone" bar that Dr. Sears developed and otherwise denied.

18. Admitted for the period of time up to June 1996. Dr. Sears admits that Exhibit 2 is a true and accurate copy of what it purports on its face to be.

19. Admitted that Dr. Sears dismissed certain BioZone bars as "nothing more than candy." Denied that the bars to which Dr. Sears was referring were the exact same bars that he had endorsed previously. Admitted that Exhibit 3 is a true and accurate copy of what it purports on its face to be.

20. Admitted that Dr. Sears formed Eicotech in the third quarter of 1996 and admitted that Eicotech sold nutrition bars that Dr. Sears had developed. The other allegations of the first sentence of paragraph 20 are denied. Denied that the Stock Purchase and Holders Agreement "memorializes" the "creation" of ZonePerfect. Admitted that Exhibit 4 is a true and accurate copy of what it purports on its face to be. The last sentence of paragraph 20 is admitted except that Eicotech began operations in Dr. Sears' space and not adjacent to it.

21. Admitted.

22. Paragraph 22 purports to characterize the Stock Purchase and Holders Agreement, which speaks for itself, and no answer is required. To the extent that an

answer is required, Dr. Sears denies that paragraph 22 accurately characterizes the terms of that Agreement.

23.     Paragraph 23 purports to characterize the Stock Purchase and Holders Agreement, which speaks for itself, and no answer is required. To the extent that an answer is required, Dr. Sears denies this paragraph accurately characterizes the terms of that Agreement and specifically denies that § 7.1(e) constitutes a transfer provision.

24.     Denied that Eicotech intended to market the Eicotech bar through retail outlets at the time that it was created. Admitted that in mid-1998 Eicotech began hiring staff and otherwise preparing for retail distribution.

25.     The first sentence is admitted. The second sentence is denied except that the bars were marketed to Dr. Sears' existing customer list, which was generated in part from the 800 number. The third through fifth sentences are admitted.

## Evolution of the ZonePerfect Mark

26.     The first sentence of this paragraph is admitted. The second sentence is denied.

27.     Admitted.

28.     Admitted, except that Dr. Sears denies that the ZonePerfect 'logo' can accurately be characterized as the "ZONE logo." Admitted that the document attached as Exhibit 5 is a true and accurate copy of what it purports on its face to be.

29.     Admitted, except that Dr. Sears denies that the ZonePerfect logo can accurately be characterized as the "Zone logo." Admitted that Exhibit 6 is a true and accurate copy of what it purports on its face to be.

30.     Admitted.

6

31.    Admitted. Admitted that Exhibit 7 is a true and accurate copy of what it purports on its face to be.

32.    Denied that Eicozone bars (or later ZonePerfect bars) were sold through multi-level marketing, and otherwise admitted.

33.    Admitted. Admitted that Exhibit 8 is a true and accurate copy of what it purports on its face to be.

## ZonePerfect Develops into a Commercial Success

34.    Admitted, except that the company website was not established until 1998 or later.

35.    Admitted.

36.    Admitted.

37.    Admitted.

38.    Denied that Dr. Sears developed the "crunch bar" or "slab bar" in 1998 or at any other time. Admitted that the bar at that time came in four flavors. Dr. Sears has no knowledge concerning which flavors ZonePerfect still offers today.

39.    Dr. Sears has no knowledge of the allegations contained in paragraph 39 and calls on the plaintiff to prove same to the extent relevant.

40.    Admitted. Further answering, Dr. Sears believed that he could not prevent his name from being used on the bars because of his contractual agreement with Eicotech. Dr. Sears further admits that Exhibit 9 consists of true and accurate copies of the documents that they purport to be on their face.

41.    Admitted. Further answering, such statement was originally made for the bars that Dr. Sears developed and was used without Dr. Sears' having seen the ingredient

7

lists for the "slab bars." Dr. Sears further admits that Exhibit 10 consists of true and accurate copies of the documents that they purport to be on their face.

42.    Admitted.

43.    Because Dr. Sears ceased to be an employee of Eicotech in December, 1998, he has no personal knowledge of the allegations contained in this paragraph, and calls on the plaintiff to prove same to the extent relevant.

44.    Because Dr. Sears ceased to be an employee of Eicotech in December, 1998, he has no personal knowledge of the allegations contained in this paragraph, and calls on the plaintiff to prove same to the extent relevant.

45.    Because Dr. Sears ceased to be an employee of Eicotech in December, 1998, he has no personal knowledge of the allegations contained in this paragraph, and calls on the plaintiff to prove same to the extent relevant. Dr. Sears has no personal knowledge of whether Exhibit 11 is a true and accurate copy of what it purports to be, and calls on the Plaintiff to prove same to the extent relevant. Denied that Exhibit 11 can properly be characterized as a 'Zone logo.'

46.    Dr. Sears admits that Exhibit 12 purports to evidence the issuance of Trademark Registration Number 2,645,665 issued to ZonePerfect, but is without personal knowledge of whether the document is a true and accurate copy of what it purports to be. Dr. Sears is without knowledge of the other allegations in Paragraph 46, and calls on the plaintiff to prove same to the extent relevant.

47.    Dr. Sears admits that Exhibit 13 purports to evidence Trademark Registration Number 2,294,807 issued to the Eicotech, but is without personal knowledge of whether the document is a true and accurate copy of what it purports to be. Dr. Sears

8

is without knowledge of the other allegations in paragraph 47, and calls on the plaintiff to prove same to the extent relevant.

48.    Dr. Sears admits that Exhibit 14 purports to evidence Trademark Registration Number 2,269,790 to Eicotech, but is without personal knowledge of whether the document is a true and accurate copy of what it purports to be. Dr. Sears is without knowledge of the other allegations of paragraph 48, and calls on the plaintiff to prove same to the extent relevant.

49.    Dr. Sears admits that Exhibit 15 purports to evidence Trademark Registration Number 2,492,467 to ZonePerfect, but is without personal knowledge of whether the document is a true and accurate copy of what it purports to be. Dr. Sears is without knowledge of the remaining allegations of paragraph 49, and calls on the plaintiff to prove same to the extent relevant.

50.    Dr. Sears admits that Exhibit 16 purports to evidence Trademark Registration Number 2,408,977 to ZonePerfect, but is without personal knowledge of whether the document is a true and accurate copy of what it purports to be. Dr. Sears is without knowledge of the remaining allegations of paragraph 50, and calls on the plaintiff to prove same to the extent relevant.

51.    Dr. Sears admits that Exhibit 17 purports to evidence Trademark Registration Number 2,487,942 to ZonePerfect Corporation, but is without personal knowledge of whether the document is a true and accurate copy of what it purports to be. Dr. Sears is without knowledge of the remaining allegations of paragraph 51, and calls on the plaintiff to prove same to the extent relevant.

9

52.    Dr. Sears admits that Exhibit 18 purports to evidence Trademark Registration Number 2,466,823 to ZonePerfect Corporation, but is without personal knowledge of whether the document is a true and accurate copy of what it purports to be. Dr. Sears is without knowledge of the remaining allegations of paragraph 52, and calls upon the plaintiff to prove same to the extent relevant.

53.    Paragraph 53 constitutes a conclusion of law to which no response is required. To the extent that a response is required, Dr. Sears denies that the registered marks previously referenced are appropriately termed "Zone Marks", since all such marks are misleadingly descriptive and none trademark the word "Zone" except in conjunction with other terms.

54.    Dr. Sears admits that ZonePerfect has sold nutrition bars under the ZonePerfect name since 1997 or thereabouts. Dr. Sears also admits that ZonePerfect has licensed meal delivery services in recent years under the ZonePerfect name. Dr. Sears is otherwise without knowledge of all the allegations of this paragraph, and calls on the plaintiff to prove same to the extent relevant.

55.    Paragraph 55 constitutes a conclusion of law to which no response is required. To the extent that a response is required, the allegations are denied.

**ZonePerfect's Multi-Million Dollar Buy-Out of Sears and His Affiliates**

56.    The first sentence of paragraph 56 is admitted. Further answering, Dr. Sears' dissatisfaction derived from, inter alia, Eicotech's desire to move into the mass market and to reduce resources to pursue medical products and to develop medical centers for the treatment of chronic diseases, which was the company's primary original purpose. The second and third sentences of paragraph 56 are denied.

10

57.     Dr. Sears admits that Exhibit 19 is a true and accurate copy of what it purports on its face to be. The remainder of paragraph 57 requires no response insofar as it characterizes the 2001 Agreement, which speaks for itself. To the extent that an answer is required, Dr. Sears denies the characterization of the 2001 Agreement contained in this paragraph.

58.     Paragraph 58 requires no response insofar as it characterizes the 2001 Agreement, which speaks for itself. To the extent that an answer is required, Dr. Sears denies the characterization of the 2001 Agreement contained in this paragraph.

59.     Denied.

60.     Denied.

61.     Paragraph 61 requires no response insofar as it characterizes the 2001 Agreement, which speaks for itself. To the extent that an answer is required, Dr. Sears denies the characterization of the 2001 Agreement contained in this paragraph.

62.     Paragraph 62 requires no response insofar as it characterizes the 2001 Agreement, which speaks for itself. To the extent that an answer is required, Dr. Sears denies the characterization of the 2001 Agreement contained in this paragraph.

63.     Denied.

## 2002-2003 Putting ZonePerfect On The Market

64.     Dr. Sears is without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant.

65.     Dr. Sears is without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant.

11

66.     Dr. Sears is without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant.

67.     Dr. Sears is without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant. Dr. Sears is without personal knowledge of whether Exhibit 20 is a true and accurate copy of what it purports to be.

68.     Dr. Sears is without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant.

## Hershey Offers To Purchase ZonePerfect.

69.     Dr. Sears is without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant. Dr. Sears is without personal knowledge of whether Exhibit 21 is a true and accurate copy of what it purports to be.

70.     Dr. Sears is without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant.

71.     Dr. Sears is without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant.

72.     Dr. Sears is without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant.

73.     Dr. Sears is without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant.

74.     Dr. Sears is without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant. Dr. Sears is without personal knowledge of whether Exhibit 22 is a true and accurate copy of what it purports to be.

75.    Dr. Sears admits that by February 21, 2003 he was no longer an employee or shareholder of ZonePerfect. As to the other allegations of this paragraph, Dr. Sears is without knowledge of those allegations and calls on the plaintiff to prove same to the extent relevant.

76.    Dr. Sears is without knowledge or information sufficient to frame a response to the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant. Dr. Sears is without personal knowledge of whether Exhibit 23 is a true and accurate copy of what it purports to be.

77.    Paragraph 77 purports to quote a document which speaks for itself, and no answer is required.

78.    Dr. Sears is without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant.

79.    Dr. Sears is without knowledge of why ZonePerfect arranged the Radius lunch. The allegations of Paragraph 79 are otherwise admitted, except that it was Dr. Sears, Doug Sears and George Jochum of Zone Labs (who are not Dr Sears' 'representatives') who participated in the private meeting with Hershey.

80.    Dr. Sears is without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant.

81.    Dr. Sears is without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant.

82.    Dr. Sears is without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant.

## Hershey Announces Its SmartZone Bar

83.    Admitted that Hershey and Dr. Sears on behalf of Zone Labs agreed to develop and market the SmartZone Bar™. The other allegations of this paragraph are denied.

84.    Dr. Sears admits that Exhibit 24 is a true and accurate copy of what on its face it purports to be. Dr. Sears admits that this paragraph accurately quotes the February 9, 2004 press release attached as Exhibit 24.

85.    Dr. Sears denies that there are any 'Zone marks' which could be used in the bar's name. The other allegations in the first sentence of this paragraph are admitted. The second sentence is denied. Dr. Sears admits that Exhibit 25 is a true and accurate rendition of the "Dr. Sears Approved" seal in its current design. Dr. Sears also admits on information and belief that Ex. 25 truly and accurate reproduces the packaging for the SmartZone Bar™.

86.    Denied that the "statement" rendered in the first sentence of this paragraph was ever made. Denied that "all" of ZonePerfect's bars were developed "for many years" by Dr. Sears. Further answering, none of the ZonePerfect Bars now on the market were ever developed by or knowingly endorsed by Dr. Sears.

87.    Dr. Sears is without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant. Dr. Sears has no knowledge whether Exhibit 26 is a true and accurate copy of what it purports on its face to be and calls on the plaintiff to prove same to the extent relevant.

88.    Denied, except that Hershey has, upon information and belief, announced the product and may have undertaken other activities in support of it.

14

89.     Dr. Sears is without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant.

90.     Dr. Sears is without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant. Dr. Sears is without knowledge of whether Exhibit 27 is a true and accurate copy of what it purports to be.

91.     Dr. Sears is without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant.

92.     Dr. Sears is without knowledge as to whether the presentation referenced could be accessed at the specified address.

93.     Dr. Sears admits the first sentence of this paragraph. Dr. Sears admits that the quotation appearing in the second sentence of this paragraph is accurately rendered, but denies that the statement is false. The third and fourth sentences are admitted. Dr. Sears admits that Exhibit 28 is a true and accurate copy of what it purports on its face to be.

94.     The quotation appearing in the first sentence of paragraph 94 is admitted to be accurate, but Dr. Sears denies that the substance of the statement is false. Further answering, none of ZonePerfect's nutrition bars currently on the market have ever been knowingly endorsed or approved by Dr. Sears. The second sentence of this paragraph is denied.

95.     Denied.

96.     Denied.

97.     Denied.

15

98.    Dr. Sears is without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant.

99.    Denied.

100.   Denied.

**Hershey's and Sears' Efforts to Register ZONE-Related Trademarks**

101.   Dr. Sears is without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant.

102.   This paragraph contains only conclusions of law directed to co-defendant Hershey and no response is therefore required. To the extent that a response is required, the allegations are denied.

103.   Admitted that Dr. Sears has filed numerous ZONE-related trademark and service mark registration applications with the PTO, but denied that those applications constitute either a violation of the 2001 Agreement or of ZonePerfect's right to any valid trademark which it holds.

104.   Admitted.

105.   Denied.

**Omega Zone Products**

106.   Admitted.

107.   Admitted. Further answering, Omega Zone® products are also sold via direct mail and through the 800 number which continues to appear in all of Dr. Sears' books.

16

108.    Admitted that Dr. Sears has introduced "Sea Health Plus" supplements; denied that the logo which appears on the product in any manner infringes, dilutes or otherwise copies any intellectual property in which ZonePerfect has a cognizable interest.

109.    Denied.

110.    Denied. Further answering, to the extent that any consumer confusion exists, it is the result of ZonePerfect attempting to confuse consumers into believing that Dr. Sears approves of, supports, or is associated with its products.

## COUNT I – Hershey & Sears
(Violation of the Lanham Act, § 32)

111.    Dr. Sears repeats his responses to the allegations in each of the above paragraphs as if fully set forth herein.

112.    This paragraph contains conclusions of law to which no response is required. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer. Dr. Sears is without knowledge of the remaining factual allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant.

113.    Dr. Sears is without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

114.    Dr. Sears is without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

115. Denied. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

116. Dr. Sears admits that ZonePerfect has sold goods in interstate commerce under the ZonePerfect name. Dr. Sears is without knowledge of the other allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

117. Denied. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

118. Denied.

119. Denied.

120. Denied that ZonePerfect has any marks which are properly termed "Zone Marks". Admitted that some of ZonePerfect's registrations antedate Dr. Sears' use of some of the trademarks referenced in this complaint, but denied that Dr. Sears' actions violate the Lanham Act or any other provision of law. Dr. Sears is without knowledge of the other allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant.

121. Dr. Sears states that this paragraph states a conclusion of law to which no response is required. To the extent that a response is required, it is denied.

122. Denied.

## COUNT II – Hershey & Sears
(Violation of the Lanham Act, § 43(a))

123. Dr. Sears repeats his responses to the allegations in each of the above paragraphs as if fully set forth herein.

18

124. Dr. Sears is without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

125. Dr. Sears is without knowledge of allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

126. Denied. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

127. Dr. Sears admits that ZonePerfect has sold goods in interstate commerce under the ZonePerfect name. Dr. Sears is otherwise without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

128. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

129. Denied.

130. Denied.

131. Denied.

132. Dr. Sears states that this paragraph states a conclusion of law to which no response is required. To the extent that a response is required, it is denied.

133. Denied.

19

## COUNT III – Hershey & Sears
(Violation of the Lanham Act, § 43(c))

134.    Dr. Sears repeats his responses to the allegations in each of the above paragraphs as if fully set forth herein.

135.    This paragraph states a conclusion of law to which no response is required. To the extent that a response is required, it is denied.

136.    Denied that Dr. Sears has made use of 'the Zone marks' in commerce. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

137.    Denied. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

138.    Denied. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

139.    Denied. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

140.    Denied. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

141.    Denied. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

142.    Denied.

## COUNT IV – Hershey & Sears
(Violation of Common Law Trademark Rights)

143.    Dr. Sears repeats his responses to the allegations in each of the above paragraphs as if fully set forth herein.

144. Dr. Sears is without knowledge of the allegations of this paragraph and calls on the plaintiff to prove same to the extent relevant. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

145. Denied. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer. Further answering, the Hershey/Sears bar will in fact adhere to the principles of the Zone diet as articulated in Dr. Sears' copyrighted works, and ZonePerfect's current nutrition bars do not comply with those principles.

146. Denied. Dr. Sears specifically denies that any product he will approve will "purport to follow the same Zone Diet principles as those offered by ZonePerfect" since ZonePerfect's nutrition bars do not follow Zone Diet principles. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

147. Denied. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

148. Denied. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

149. Denied.

## COUNT V – Hershey & Sears
(Violation of the Massachusetts Anti-Dilution Impact, M.G.L. c. 110B)

150. Dr. Sears repeats his responses to the allegations in each of the above paragraphs as if fully set forth herein.

21

151.    Denied. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

152.    Denied. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

153.    Denied. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

154.    Denied. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

155.    Denied. Dr. Sears reiterates that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

## COUNT VI – Sears
(Declaratory Judgment – Opposition to Trademark Registration Application)

156.    Dr. Sears repeats his responses to the allegations in each of the above paragraphs as if fully set forth herein.

157.    Admitted.

158.    Admitted.

159.    Admitted.

160.    Admitted.

161.    Admitted.

162.    Admitted.

163.    Admitted.

164.    Admitted.

165.    Admitted.

166.    Admitted.

22

167.    Admitted.

168.    Admitted.

169.    Admitted.

170.    Admitted.

171.    Admitted.

172.    Admitted.

173.    Admitted.

174.    Admitted.

175.    Admitted

176.    Admitted.

177.    Admitted.

178.    Denied.

179.    Denied.

180.    Denied.  Dr. Sears reiterates that ZonePerfect's claimed marks are not

properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

181.    Denied.

182.    Denied.

## COUNT VII – Hershey
(Declaratory Judgment – Opposition to Trademark Registration Application)

183-189.    Dr. Sears states that these paragraphs state allegations only against

co-defendant Hershey, and that no answer is therefore required.

23

## COUNT VIII – Hershey & Sears
(Violation of Lanham Act § 43(a) – False Advertising)

190.    Dr. Sears repeats his responses to the allegations in each of the above

paragraphs as if fully set forth herein.

191.    Denied.

192.    Denied.

193.    The first sentence of this paragraph is admitted.  The second sentence is

denied.

194.    Denied that Dr. Sears' statements on matters of public interest and

scientific fact constitute "commercial advertising" and denied that those statements are

false or misrepresent the nature, characteristics, or quality of the ZonePerfect Nutrition

Bars.

195.    Denied.

196.    Denied that the statements cited are false, and denied that the statements

include material misrepresentations.  Admitted that the statements question the quality of

ZonePerfect products, admitted that the statements question the health benefits of the

ZonePerfect products, and admitted that they are likely to influence purchasing decisions.

197.    Denied.

198.    Denied.

## COUNT IX – Hershey & Sears
(Commercial Disparagement)

199.    Dr. Sears repeats his responses to the allegations in each of the above

paragraphs as if fully set forth herein.

200.    Denied that Dr. Sears ever stated or implied that the Hershey "SmartZone Bar™" was the "first" nutrition bar "approved" by Dr. Sears. Further answering, Dr. Sears states that the SmartZone Bar™ has been announced as "the first-ever nutrition bars with the science-based nutritional benefits of the Zone **and** the great taste consumers expect from Hershey." Denied that any of ZonePerfect's current nutrition bars were designed by Dr. Sears, and denied that there is anything misleading about any of the statements quoted in this paragraph. The second sentence of this paragraph is admitted.

201.    Admitted that the statements were made. The remaining allegations of this paragraph are denied.

202.    Denied that truthful statements of scientific fact constitute an attempt to compete with ZonePerfect, and if such statements are deemed in competition with ZonePerfect, denied that they compete unfairly and deceptively.

203.    Denied.

204.    Denied.

## COUNT X – Sears
(Breach of Contract)

205.    Dr. Sears repeats his responses to the allegations in each of the above paragraphs as if fully set forth herein.

206.    Admitted.

207.    Denied.

208.    Denied.

209.    Denied.