UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZONEPERFECT NUTRITION COMPANY <br><br> Plaintiff, <br><br> v. <br><br> HERSHEY FOODS CORPORATION, HERSHEY CHOCOLATE & CONFECTIONERY CORPORATION, and BARRY D. SEARS, <br><br> Defendants. | CIVIL ACTION <br> NO. 04-10760-REK |

## MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Fed. R. Civ. P. 65, plaintiff ZonePerfect Nutrition Company ("ZonePerfect") hereby moves for a preliminary injunction in the form attached hereto as Exhibit A, subject to amending the forms of relief requested as this matter proceeds to the preliminary injunction hearing now scheduled for July 15, 2004. As grounds therefor, ZonePerfect relies on its Initial Memorandum of Law and on the discovery, affidavits, and other material to be submitted pursuant to the Scheduling Order.

WHEREFORE, ZonePerfect requests that this Court Order:

A.  Defendants Hershey Foods Corporation and Hershey Chocolate and Confectionery Company (collectively "Hershey"), their officers, directors, agents, servants, employees, attorneys, successors, assigns, members, and all persons in active concert or participation with them, be preliminarily enjoined and restrained pursuant to, *inter alia*, 15 U.S.C. § 1114, 15 U.S.C. §1116, 15 U.S.C. §1125, M.G.L. c. 110B and M.G.L. c. 93A from:

1.  promoting, advertising, manufacturing, distributing, selling, or offering for sale any nutrition bar featuring the word "ZONE" as or in connection with a trademark, service mark, or brand name; and/or

LITDOCS:550083.1

2. promoting, advertising, manufacturing, distributing, selling, or offering for sale any nutrition bar using the ZONE PERFECT® stylized mark (United States Trademark Registration No. 2,645,665); the ZONE PERFECT® word mark (United States Trademark Registrations No. 2,294,807, 2,269,790, 2,492,467, and 2,408,977); the ZONE UNIVERSITY® word mark (United States Trademark Registration No. 2,487,942); the ZONE TRAINER® word mark (United States Trademark Registration No. 2,466,823), the EICOZONE™ word mark, the ZONE CAFÉ™ word mark, the ZONE NUTRITION CENTER™ word mark (collectively the "ZONE Marks") or any other colorable variant of, or any other mark or name confusingly similar to, any of the ZONE Marks, as or in connection with a trademark, service mark, or brand name and/or

3. promoting, advertising, manufacturing, distributing, selling, or offering for sale any nutrition bar using the words "SMARTZONE," "TRUZONE," or "OMEGAZONE;" as or in connection with a trademark, service mark, or brand name; and/or

4. promoting, advertising, manufacturing, distributing, selling, or offering for sale any nutrition bar featuring the ZONE logo or any colorable variant thereof, an exemplar of which is attached to the Proposed Order for Preliminary Injunction, submitted herewith, as <u>Exhibit 1</u>, as or in connection with a trademark, service mark, or brand name, or using the font used on the word "ZONE" in the ZONE PERFECT® stylized mark (United States Trademark Registration No. 2,645,665), or any colorable variant thereof, in connection with the word "ZONE" in such activities; and/or

5. promoting, advertising, manufacturing, distributing, selling, or offering for sale any nutrition bar featuring the "Dr. Barry Sears Zone Approved Seal," an exemplar of which is attached to the Proposed Order for Preliminary Injunction, submitted herewith, as <u>Exhibit 2</u>, or any colorable variant thereof.

B. Defendant Barry D. Sears ("Sears"), his officers, directors, agents, servants, employees, attorneys, successors, assigns, members, and all persons in active concert or participation with him, be preliminarily enjoined and restrained pursuant to, *inter alia*, 15 U.S.C. § 1114, 15 U.S.C. §1116, 15 U.S.C. §1125, M.G.L. c. 110B and M.G.L. c. 93A from:

1. promoting, advertising, manufacturing, distributing, selling, or offering for sale any nutrition bar featuring the word "ZONE" as or in connection with a trademark, service mark, or brand name; and/or

2. promoting, advertising, manufacturing, distributing, selling, or offering for sale any nutrition bar using the ZONE PERFECT® stylized mark (United States Trademark Registration No. 2,645,665); the ZONE

PERFECT® word mark (United States Trademark Registrations No. 2,294,807, 2,269,790, 2,492,467, and 2,408,977); the ZONE UNIVERSITY® word mark (United States Trademark Registration No. 2,487,942); the ZONE TRAINER® word mark (United States Trademark Registration No. 2,466,823), the EICOZONE™ word mark, the ZONE CAFÉ™ word mark, the ZONE NUTRITION CENTER™ word mark (collectively the "ZONE Marks") or any other colorable variant of, or any other mark or name confusingly similar to, any of the ZONE Marks, as or in connection with a trademark, service mark, or brand name and/or

3. promoting, advertising, manufacturing, distributing, selling, or offering for sale any nutrition bar using the words "SMARTZONE," or "TRUZONE," as or in connection with a trademark, service mark, or brand name; and/or

4. promoting, advertising, manufacturing, distributing, selling, or offering for sale any nutrition bar using the word "OMEGAZONE" as or in connection with a trademark, service mark, or brand name, except in the manner and to the extent used prior to April 15, 2004; and/or

5. promoting, advertising, manufacturing, distributing, selling, or offering for sale any nutrition bar featuring the ZONE logo or any colorable variant thereof, an exemplar of which is attached to the Proposed Order for Preliminary Injunction, submitted herewith, as <u>Exhibit 1</u>, as or in connection with a trademark, service mark, or brand name, or using the font used on the word "ZONE" in the ZONE PERFECT® stylized mark (United States Trademark Registration No. 2,645,665), or any colorable variant thereof, in connection with the word "ZONE" in such activities; and/or

6. promoting, advertising, manufacturing, distributing, selling, or offering for sale any nutrition bar featuring the "Dr. Barry Sears Zone Approved Seal," an exemplar of which is attached to the Proposed Order for Preliminary Injunction, submitted herewith, as <u>Exhibit 2</u>, or any colorable variant thereof.

C. Hershey, its officers, directors, agents, servants, employees, attorneys, successors, assigns, members, and all persons in active concert or participation with it, be preliminarily enjoined and restrained from:

1. promoting, advertising, manufacturing, distributing, selling, or offering for sale any nutrition bar, and/or otherwise entering the nutrition bar market through any of the efforts of any persons involved in reviewing ZonePerfect's Confidential Information, as that term is defined in the October 7, 2002 Confidentiality Agreement; and/or

    2.    using and/or relying on for any purpose and/or disclosing to any third party, any ZonePerfect Confidential Information, as that term is defined in the October 7, 2002 Confidentiality Agreement; and/or

    3.    promoting, advertising, manufacturing, distributing, selling, or offering for sale the "SmartZone" bar and/or related products.

D.    Hershey and Sears, their officers, directors, agents, servants, employees, attorneys, successors, assigns, members, and all persons in active concert or participation with them, be preliminarily enjoined and restrained pursuant to, *inter alia*, 15 U.S.C. §1116, 15 U.S.C. §1125, M.G.L. 93A, and Massachusetts common law from:

    1.    distribution, circulation, publication, or any other form of transmission of the any advertisement, presentation, and/or related statements stating or implying that the "SmartZone" bar is "first" and/or "only" bar endorsed by Sears; and/or

    2.    distribution, circulation, publication, or any other form of transmission of the February 9, 2004 advertisement, the February 2004 edition of Sears' "The Omega Zone" E-Magazine, the CAGNY presentation, and related statements, and the false and misleading statements contained therein and on the defendants' respective websites; and/or

    3.    distribution, circulation, publication, or any other form of transmission of any advertisement, presentation, and/or related statements stating that the "SmartZone" bars are the "first-ever nutrition bars with the science-based nutritional benefits of the Zone Diet" and/or stating that the "SmartZone" bars "will be the first to carry the 'Dr. Sears Zone Approval' seal."

E.    Plaintiff be granted such other and further preliminary relief as this Court shall deem just and equitable.

### REQUEST FOR ORAL ARGUMENT

Plaintiff requests that oral argument be held on the instant motion,

Respectfully submitted,

ZONEPERFECT NUTRITION COMPANY

By its attorneys,

_____
Daniel L. Goldberg, BBO #197380
Charles L. Solomont, BBO # 557190
Joshua M. Dalton, BBO #636402
Matthew L. Mitchell, BBO #647902
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated: May 10, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for each defendant via facsimile and by hand to Ms. Arrowood and Mr. Adio and by mail to Mr. Smart this 10th day of May, 2004.

_____
Mathew L. Mitchell

LITDOCS:550083.1