UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------- x

ZONEPERFECT NUTRITION COMPANY,  :

             Plaintiff,  :  CIVIL ACTION
                            NO. 04-10760 (REK)

          v.  :

HERSHEY FOODS CORPORATION, HERSHEY  :
CHOCOLATE & CONFECTIONERY CORPORATION
and BARRY D. SEARS,  :

            Defendants.  :

------------------------------------- x

HERSHEY FOODS CORPORATION and HERSHEY  :
CHOCOLATE & CONFECTIONERY
CORPORATION,  :

            Counterclaim-Plaintiffs,  :

         v.  :

ZONEPERFECT NUTRITION COMPANY,  :

            Counterclaim-Defendant.  :

------------------------------------- x

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS
HERSHEY FOODS CORPORATION AND HERSHEY
CHOCOLATE & CONFECTIONERY CORPORATION**

Defendants Hershey Foods Corporation ("Hershey Foods") and Hershey Chocolate & Confectionery Corporation ("HC&C"), by and through their undersigned attorneys, respond to plaintiff's Complaint as follows:

30878170.WPD

1. Deny the allegations of paragraph 1 of the Complaint, except admit that plaintiff sells products under the name ZONE PERFECT and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's alleged success.

2. Deny the allegations of paragraph 2 of the Complaint, except admit on information and belief that plaintiff has sold nutrition bars and other products under the name ZONE PERFECT and admit on information and belief that Dr. Sears is the author of several books, including The Zone, concerning the Zone Diet.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint, except deny on information and belief that Dr. Sears agreed, when he was ultimately bought out of ZonePerfect Nutrition Company in 2001, that plaintiff would retain all rights to the ZONE marks with respect to nutrition bars and other products and services and that Dr. Sears would be granted the right to register and use the ZONE marks solely in connection with the publication of books.

4. Deny the allegations of paragraph 4 of the Complaint, except admit that on or about March 13, 2003, Hershey Foods made a non-binding proposal to acquire by merger 100% of the stock of plaintiff, subject to detailed terms and conditions, and refer to the March 13, 2003 proposal for its full terms and conditions, and further admit that Hershey Foods was supplied certain information regarding plaintiff's business in connection with this proposal.

5. Deny the allegations of paragraph 5 of the Complaint, except admit that employees of Hershey Foods met with Sears outside the presence of ZonePerfect representatives, after repeated requests to do so, in order to determine Mr. Sears' relationship with plaintiff and Mr. Sears' views regarding ZonePerfect's products and the products' compliance with the Zone Diet, and that, based on Mr. Sears' statements indicating that he did not and could not endorse

the ZonePerfect products and did not believe that they complied with the Zone Diet, Hershey Foods thereafter did not submit any further bid to acquire plaintiff.

    6.    Deny the allegations of paragraph 6 of the Complaint, except admit that Hershey Foods has announced that the "SmartZone" bar was slated for launch beginning third quarter, 2004, that Dr. Sears has publicly endorsed the SMART ZONE bar, and that Dr. Sears has stated his intention to allow the front of the packaging of the SMART ZONE bar to prominently feature a Dr. Sears Zone Approved seal.

    7.    Deny the allegations of paragraph 7 of the Complaint.

    8.    Deny the allegations of paragraph 8 of the Complaint, and refer to the Complaint for the relief plaintiff seeks therein.

    9.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint, except admit on information and belief that plaintiff sells bars under the name ZONE PERFECT.

    10.    Deny the allegations of paragraph 10 of the Complaint, except admit that Hershey Foods is a Delaware corporation with its principal place of business in Hershey, Pennsylvania, and that Hershey Foods is a major North American manufacturer of chocolate and non-chocolate confectionery and chocolate-related grocery products.

    11.    Deny the allegations of paragraph 11 of the Complaint, except admit that HC&C is a Delaware corporation and a wholly owned subsidiary of Hershey Foods and aver that HC&C's principal place of business is in Wheat Ridge, Colorado.

    12.    Admit on information and belief the allegations of paragraph 12 of the Complaint.

13. Deny the allegations of paragraph 13 of the Complaint, except admit that the Court has subject matter jurisdiction over the claims purported to be asserted against Hershey Foods and HC&C in Counts I-V, VIII-IX, XI and XIII-XV of the Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

14. Admit the allegations of paragraph 14 of the Complaint.

15. Admit on information and belief the allegations of paragraph 15 of the Complaint and refer to The Zone for the contents thereof.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint, and refer to Exhibit 2 of the Complaint for the contents thereof.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint, and refer to Exhibit 3 of the Complaint for the contents thereof.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint, and refer to Exhibit 4 of the Complaint for the contents thereof.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint, except admit on information and belief that Barry Sears was president and a shareholder of plaintiff at one time, that Dr. Sears helped

develop products for plaintiff and at one time endorsed such products but does not currently endorse the products.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint, and refer to Exhibit 4 of the Complaint for the contents thereof.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint, and refer to Exhibit 4 of the Complaint for the contents thereof.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint, and refer to Exhibit 5 of the Complaint for the contents thereof.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint, except admit on information and belief that the ZONE logo was designed to closely approximate the distinctive font used for the word "ZONE" on the covers of The Zone and Mastering the Zone in an effort to tie the ZONE

PERFECT bar to the Zone Diet and Dr. Sears' publications, and refer to the contents of Exhibit 6 of the Complaint for the contents thereof.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint, and refer to Exhibit 7 of the Complaint for the contents thereof.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint.

33. Deny knowledge of information sufficient to form a belief as to the allegations of paragraph 33 of the Complaint, and refer to Exhibit 8 of the Complaint for the contents thereof.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint, except admit on information and belief that plaintiff sells nutrition bars in connection with the name ZONE PERFECT and aver that the bars

that plaintiff currently sells do not have the approval and are not are endorsed by Dr. Sears and that they are not compliant with the Zone Diet.

39. Deny the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint, and refer to Exhibit 9 of the Complaint for the contents thereof.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint, and refer to Exhibit 10 of the Complaint for the contents thereof.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint, and refer to Exhibit 10 of the Complaint for the contents thereof.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint, and refer to Exhibit 11 of the Complaint for the contents thereof.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint, and refer to Exhibit 12 of the Complaint for the contents thereof.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Complaint, and refer to Exhibit 13 of the Complaint for the contents thereof.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Complaint, and refer to Exhibit 14 of the Complaint for the contents thereof.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Complaint, and refer to Exhibit 15 of the Complaint for the contents thereof.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint, and refer to Exhibit 16 of the Complaint for the contents thereof.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint, and refer to Exhibit 17 of the Complaint for the contents thereof.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint, and refer to Exhibit 18 of the Complaint for the contents thereof.

53. Deny that U.S. Trademark Registrations 2,645,665 and 2.294,807 are valid and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 53 of the Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the Complaint.

55. Deny the allegations of paragraph 55 of the Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Complaint, except admit on information and belief that plaintiff, Barry Sears, and others entered into an agreement on or about October 17, 2001, and refer to Exhibit 19 of the Complaint for the contents thereof.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Complaint, and refer to Exhibit 19 of the Complaint for the contents thereof.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Complaint, and refer to Exhibit 19 of the Complaint for the contents thereof.

60. Deny the allegations of paragraph 60 of the Complaint, and refer to Exhibit 19 of the Complaint for the contents thereof.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Complaint, and refer to Exhibit 19 of the Complaint for the contents thereof.

62. Deny the allegations of paragraph 62 of the Complaint, and refer to Exhibit 19 of the Complaint for the contents thereof.

63. Deny the allegations of paragraph 63 of the Complaint, and refer to Exhibit 19 of the Complaint for the contents thereof.

64. Deny the allegations of paragraph 64 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation as to plaintiff's revenues.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the Complaint.

66. Deny knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the Complaint, except admit that in late 2002 Hershey Foods was a potential buyer of the plaintiff's business and, on information and belief, that Adams, Harkness & Hill, Inc. provided investment banking services to plaintiff.

67. Deny the allegations of paragraph 67 of the Complaint, except admit that plaintiff and Hershey Foods signed the agreement that is attached to the Complaint as Exhibit 20 and refer to the document for the contents thereof.

68. Deny the allegations of paragraph 68 of the Complaint, and refer to the agreement a copy of which is attached as Exhibit 20 to the Complaint for the contents thereof.

69. Deny the allegations of paragraph 69 of the Complaint, except admit that on or about January 14, 2003, Richard Lenny, the Chairman, President and Chief Executive Officer of Hershey Foods, submitted the letter to Adams, Harkness & Hill, Inc. that is attached to the Complaint as Exhibit 21, and refer to the letter for the contents thereof.

70. Deny the allegations of paragraph 70 of the Complaint, and refer to Exhibit 21 of the Complaint for the contents thereof.

71. Deny the allegations of paragraph 71 of the Complaint, except admit that in or about January and February 2003 Hershey Foods conducted due diligence of plaintiff,

gained access to information regarding plaintiff's business, and had access to the document attached as Exhibit 19 to the Complaint.

72.  Deny the allegations of paragraph 72 of the Complaint, except admit that in or about January and February 2003 Hershey Foods conducted due diligence of plaintiff and gained access to information and documents regarding plaintiff's business, including the agreements annexed to the Complaint as Exhibits 4 and 19.

73.  Deny the allegations of paragraph 73 of the Complaint.

74.  Deny the allegations of paragraph 74 of the Complaint, except admit that on or about February 21, 2003 Hershey Foods made a non-binding proposal to acquire by merger 100% of plaintiff's stock, subject to detailed terms and conditions, and refer to Exhibit 22 of the Complaint for the contents thereof.

75.  Deny the allegations of paragraph 75 of the Complaint, refer to Exhibit 22 of the Complaint for the contents thereof, and aver that Hershey Foods desired a meeting with Dr. Sears in order to determine his relationship with plaintiff and his views regarding plaintiff's products and the products' compliance with the Zone Diet.

76.  Deny the allegations of paragraph 76 of the Complaint, except admit that in or about February and early March 2003 Hershey Foods conducted due diligence of plaintiff's business, that on or about March 13, 2003 Hershey Foods made a non-binding proposal to acquire by merger 100% of plaintiff's stock, subject to detailed terms and conditions, and refer to Exhibit 23 of the Complaint for the contents thereof.

77.  Deny the allegations of paragraph 77 of the Complaint, and refer to Exhibit 23 of the Complaint for the contents thereof.

78. Deny the allegations of paragraph 78 of the Complaint, except admit that after March 13, 2003 Hershey Foods continued to request a meeting with Dr. Sears for the purpose of determining his relationship with plaintiff and Dr. Sears' views regarding plaintiff's products and the products' compliance with the Zone Diet.

79. Deny the allegations of paragraph 79 of the Complaint, except admit that on or about April 1, 2003, Chris Baker, Richard Lenny, President, Chairman and Chief Executive Officer of Hershey Foods, Dennis Eshleman, Hershey Foods' Vice President of Strategy and Innovation, Barry Sears, Douglas Sears, and George Jochum met at the Radius Restaurant in Boston and that Chris Baker left the meeting at one point as had been previously agreed.

80. Deny the allegations of paragraph 80 of the Complaint, except admit that Hershey did not submit a bid for plaintiff after April 2, 2003.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 of the Complaint.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 of the Complaint.

83. Deny the allegations of paragraph 83 of the Complaint, except admit that Hershey Foods and Sears announced on February 9, 2004 that they had agreed to develop and market nutrition bars.

84. Deny the allegations of paragraph 84 of the Complaint, except admit that on or about February 9, 2004 Hershey Foods and Sears made an announcement of their agreement to develop and market nutrition bars and refer to Exhibit 24 of the Complaint for the contents thereof.

85. Deny the allegations of paragraph 85 of the Complaint, except admit that Exhibit 25 of the Complaint contains the Dr. Sears Zone Approved seal and refer to the exhibit for the contents thereof.

86. Deny the allegations of paragraph 86 of the Complaint, except deny knowledge or information sufficient to form a belief as to truth of the allegations in the second sentence of paragraph 86 of the Complaint but aver that effective October 17, 2001 Dr. Sears ceased any endorsement of plaintiff's products and has not endorsed them since then.

87. Deny the allegations of paragraph 87 of the Complaint, and refer to Exhibit 26 of the Complaint for the contents thereof.

88. Deny the allegations of paragraph 88 of the Complaint, except admit that Hershey Foods has contacted some retailers regarding the SMART ZONE bar.

89. Deny the allegations of paragraph 89 of the Complaint, except admit that Mr. Lenny, the President, Chairman and Chief Executive Officer of Hershey Foods, made a presentation to the Consumer Analysis Group of New York on or about February 18, 2004.

90. Deny the allegations of paragraph 90 of the Complaint, and refer to Exhibit 27 of the Complaint for the contents thereof.

91. Deny the allegations of paragraph 91 of the Complaint.

92. Admit the allegations of paragraph 92 of the Complaint.

93. Deny the allegations of paragraph 93 of the Complaint, and refer to Exhibit 28 of the Complaint for the contents thereof.

94. Deny the allegations of paragraph 94 of the Complaint, and refer to Exhibit 28 of the Complaint for the contents thereof.

95. Deny the allegations of paragraph 95 of the Complaint.

96. Deny the allegations of paragraph 96 of the Complaint.

97. Deny the allegations of paragraph 97 of the Complaint.

98. Deny the allegations of paragraph 98 of the Complaint.

99. Deny the allegations of paragraph 99 of the Complaint.

100. Deny the allegations of paragraph 100 of the Complaint.

101. Deny the allegations of paragraph 101 of the Complaint, except admit that on or about February 6, 2004, HC&CC filed intent-to-use applications with the United States Patent and Trademark Office to register the marks SMART ZONE and TRU ZONE for use in connection with dietary and nutritional food supplement bars, nutritional energy bars, and meal replacement bars.

102. Deny the allegations of paragraph 102 of the Complaint.

103. Deny the allegations of paragraph 103 of the Complaint, except admit that Dr. Sears has applied for applications for registration of certain trademarks and servicemarks containing the term "zone."

104. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104 of the Complaint.

105. Deny the allegations of paragraph 105 of the Complaint.

106. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106 of the Complaint, except admit on information and belief that Dr. Sears has offered products under the name OMEGAZONE on websites.

107. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 107 of the Complaint.

108. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 108 of the Complaint.

109. Deny the allegations of paragraph 109 of the Complaint.

110. Deny the allegations of paragraph 110 of the Complaint.

### COUNT I - Hershey and Sears
(Lanham Act § 32)

111. Reassert paragraphs 1 through 110 of this Answer as if fully set forth herein.

112. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 112 of the Complaint, except deny the second sentence of the paragraph on the ground that it asserts legal conclusions.

113. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 113 of the Complaint.

114. Deny the allegations of paragraph 114 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of allegations concerning any sums plaintiff may have paid.

115. Deny the allegations of paragraph 115 of the Complaint.

116. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 116 of the Complaint, except admit on information and belief that plaintiff offers for sale in interstate commerce products under the name ZONE PERFECT.

117. Deny the allegations of paragraph 117 of the Complaint.

118. Deny the allegations of paragraph 118 of the Complaint.

119. Deny the allegations of paragraph 119 of the Complaint.

120. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 120 of the Complaint.

121. Deny the allegations of paragraph 121 of the Complaint.

122. Deny the allegations of paragraph 122 of the Complaint.

### COUNT II - Hershey and Sears
(Lanham Act § 43(a))

123. Reassert paragraphs 1 through 122 of this Answer as if fully set forth herein.

124. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 124 of the Complaint.

125. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 125 of the Complaint.

126. Deny the allegations of paragraph 126 of the Complaint.

127. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 127 of the Complaint, except admit on information and belief that plaintiff has offered for sale in interstate commerce products under the name ZONE PERFECT.

128. Deny the allegations of paragraph 128 of the Complaint.

129. Deny the allegations of paragraph 129 of the Complaint.

130. Deny the allegations of paragraph 130 of the Complaint.

131. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 131 of the Complaint.

132. Deny the allegations of paragraph 132 of the Complaint.

133. Deny the allegations of paragraph 133 of the Complaint.

### COUNT III - Hershey and Sears
### (Lanham Act § 43(c))

134. Reassert paragraphs 1 through 133 of this Answer as if fully set forth herein.

135. Deny the allegations of paragraph 35 of the Complaint, except admit that plaintiff purports to assert a claim under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

136. Deny the allegations of paragraph 136 of the Complaint.

137. Deny the allegations of paragraph 137 of the Complaint.

138. Deny the allegations of paragraph 138 of the Complaint.

139. Deny the allegations of paragraph 139 of the Complaint.

140. Deny the allegations of paragraph 140 of the Complaint.

141. Deny the allegations of paragraph 141 of the Complaint.

142. Deny the allegations of paragraph 142 of the Complaint.

### COUNT IV - Hershey and Sears
### (Common Law Trademark Rights)

143. Reassert paragraphs 1 through 142 of this Answer as if fully set forth herein.

144. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 144 of the Complaint.

145. Deny the allegations of paragraph 145 of the Complaint.

146. Deny the allegations of paragraph 146 of the Complaint.

147. Deny the allegations of paragraph 147 of the Complaint.

148. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 148 of the Complaint.

149. Deny the allegations of paragraph 149 of the Complaint.

**COUNT V - Hershey and Sears**
**(Massachusetts Anti-Dilution Act, M.G.L. c. 110B)**

150. Reassert paragraphs 1 through 149 of this Answer as if fully set forth herein.

151. Deny the allegations of paragraph 151 of the Complaint.

152. Deny the allegations of paragraph 152 of the Complaint.

153. Deny the allegations of paragraph 153 of the Complaint.

154. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 154 of the Complaint.

155. Deny the allegations of paragraph 155 of the Complaint.

**COUNT VI - Sears**
**(Declaratory Judgment - Opposition to Trademark Registration Application)**

156-82. Count VI of the Complaint is not asserted against Hershey Foods and HC&C and, accordingly, they do not respond to paragraphs 156 through 182 of the Complaint.

**COUNT VII - Hershey**
**(Declaratory Judgment - Opposition to Trademark Registration Application)**

183. Reassert paragraphs 1 through 182 of this Answer as if fully set forth herein.

184. Deny the allegations in paragraph 184 of the Complaint, except admit that on or about February 6, 2004, HC&CC filed an intent-to-use applications with the United States Patent and Trademark Office to register the mark SMART ZONE for use in connection with dietary and nutritional food supplement bars, nutritional energy bars, and meal replacement bars.

185. Deny the allegations in paragraph 185 of the Complaint, except admit that on or about February 6, 2004, HC&CC filed an intent-to-use applications with the United States Patent and Trademark Office to register the mark TRU ZONE for use in connection with dietary and nutritional food supplement bars, nutritional energy bars, and meal replacement bars.

186. Deny the allegations in paragraph 186 of the Complaint.

187. Deny the allegations of paragraph 187 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's use of its marks.

188. Deny the allegations of paragraph 188 of the Complaint.

189. Deny the allegations of paragraph 189 of the Complaint.

### COUNT VIII - Hershey and Sears
(Lanham Act § 43(a)–False Advertising)

190. Reassert paragraphs 1 through 189 of this Answer as if fully set forth herein.

191. Deny the allegations of paragraph 191 of the Complaint.

192. Deny the allegations of paragraph 192 of the Complaint.

193. Deny the allegations of paragraph 193 of the Complaint.

194. Deny the allegations of paragraph 194 of the Complaint.

195. Deny the allegations of paragraph 195 of the Complaint.

196. Deny the allegations of paragraph 196 of the Complaint.

197. Deny the allegations of paragraph 197 of the Complaint.

198. Deny the allegations of paragraph 198 of the Complaint.

### COUNT IX - Hershey and Sears
### (Commercial Disparagement)

199.  Reassert paragraphs 1 through 198 of this Answer as if fully set forth herein.

200.  Deny the allegations of paragraph 200 of the Complaint.

201.  Deny the allegations of paragraph 201 of the Complaint.

202.  Deny the allegations of paragraph 202 of the Complaint.

203.  Deny the allegations of paragraph 203 of the Complaint.

204.  Deny the allegations of paragraph 204 of the Complaint.

### COUNT X - Sears
### (Breach of Contract)

205-09.  Count X of the Complaint is not asserted against Hershey Foods and HC&C and, accordingly, they do not respond to paragraphs 205 through 209 of the Complaint.

### COUNT XI - Hershey
### (Tortious Interference with Contractual Relations)

210.  Reassert paragraphs 1 through 209 of this Answer as if fully set forth herein.

211.  Admitted on information and belief.

212.  Deny the allegations of paragraph 212 of the Complaint, except admit that Hershey Foods was provided a copy of the agreement that is attached to the Complaint as Exhibit 19.

213.  Deny the allegations of paragraph 213 of the Complaint.

214.  Deny the allegations of paragraph 214 of the Complaint.