### COUNT XII - Sears
### (Covenant of Good Faith and Fair Dealing)

215-17. Count XII of the Complaint is not asserted against Hershey Foods and HC&C and, accordingly, they do not respond to paragraphs 215 through 17 of the Complaint.

### COUNT XIII - Hershey
### (Breach of Contract)

218. Reassert paragraphs 1 through 217 of this Answer as if fully set forth herein.

219. Admit the allegations of paragraph 219 of the Complaint.

220. Deny the allegations of paragraph 220 of the Complaint.

221. Deny the allegations of paragraph 221 of the Complaint.

222. Deny the allegations of paragraph 222 of the Complaint.

### COUNT XIV - Hershey
### (Covenant of Good Faith and Fair Dealing)

223. Reassert paragraphs 1 through 222 of this Answer as if fully set forth herein.

224. Deny the allegations of paragraph 224 of the Complaint.

225. Deny the allegations of paragraph 225 of the Complaint.

### COUNT XV - Hershey
### (M.G.L. c. 93A)

226. Reassert paragraphs 1 through 225 of this Answer as if fully set forth herein.

227. Deny knowledge or information to form a belief as to the truth of the allegation with respect to Dr. Sears, and admit that Hershey Foods was engaged in trade or

commerce within the meaning of M.G.L. c. 93A, §§ 2, 9 with respect to products other than those at issue in this litigation.

228. Deny the allegations of paragraph 228 of the Complaint.

229. Deny the allegations of paragraph 229 of the Complaint.

230. Deny the allegations of paragraph 230 of the Complaint.

231. Deny the allegations of paragraph 231 of the Complaint.

## DEFENSES

By alleging the matters set forth below, Hershey Foods and Hershey CC&C do not allege or admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters.

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Court lacks in personam jurisdiction and venue over HC&CC.

## THIRD DEFENSE

The Court lacks subject matter jurisdiction over Count VII of the Complaint in that the claim is premature, seeks an improper advisory opinion, and is not justiciable.

## FOURTH DEFENSE

Count VII of the Complaint is barred, in whole or in part, because the United States Patent and Trademark Office has exclusive or primary jurisdiction over the consideration of applications for the registration of trademarks.

**FIFTH DEFENSE**

Plaintiff cannot recover on its claims to the extent they seek relief based on Hershey Foods and HC&CC's petitioning of the United States Patent and Trademark Office because such petitioning is protected under the *Noerr-Pennington* doctrine, the First Amendment of the United States Constitution, and similar provisions of the Massachusetts Constitution.

**SIXTH DEFENSE**

Count IX of the Complaint is barred, in whole or in part, because it fails to allege special damages.

**SEVENTH DEFENSE**

Count XV of the Complaint is barred, in whole or in part, because the alleged conduct by Hershey Foods and HC&CC did not occur primarily and substantially in Massachusetts.

**EIGHTH DEFENSE**

To the extent plaintiff seeks to recover under Massachusetts law based on conduct by Hershey and HC&C outside of Massachusetts, plaintiff cannot recover on its claims by reason of the Commerce, Due Process and Full Faith and Credit Clauses of the United States Constitution.

**NINTH DEFENSE**

Count XV of the Complaint is barred, in whole or in part, because plaintiff lacks standing because it is not a consumer.

**TENTH DEFENSE**

Count XV of the Complaint is barred, in whole or in part, because plaintiff failed to provide notice, as required by M.G.L. c. 93A § 9(3).

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

## TWELFTH DEFENSE

Plaintiff failed to mitigate its damages, if any.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by unclean hands, as alleged more fully in the Counterclaims set forth below.

## COUNTERCLAIMS AND UNCLEAN HANDS DEFENSE

Counterclaim-plaintiffs Hershey Foods Corporation ("Hershey Foods") and Hershey Chocolate and Confectionery Corporation ("HC&CC") (Hershey Foods and HC&CC, collectively, "Hershey"), for their counterclaims and affirmative defense of unclean hands against counterclaim-defendant ZonePerfect Nutrition Company ("ZPN") for false advertising, unfair competition, false designation of origin, cancellation of United States trademark registrations, unfair methods of competition, and unfair and deceptive acts and practices allege as follows:

## NATURE AND BASIS OF
## THESE COUNTERCLAIMS AND UNCLEAN HANDS DEFENSE

1. Pursuant to Rule 13, Fed. R. Civ. P., counterclaim-plaintiffs Hershey Foods and HC&CC bring these counterclaims under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and Massachusetts state law, against counterclaim-defendant ZPN seeking injunctive and monetary relief and cancellation of certain of ZPN's federal trademark registrations. ZPN has misleadingly used the term "zone" in its marks and on its website, and has made false and misleading statements in connection with nutrition bars and other products and services. In particular, it has

falsely and misleadingly misrepresented that Dr. Barry Sears endorses its products and is affiliated with it and its products. In addition, ZPN has represented that its nutrition bars are compliant with Dr. Sears' "Zone Diet" when, in fact, the nutrition bars were introduced without Dr. Sears' approval that do not comply with his standards for the "Zone Diet."

2. ZPN's conduct is likely to confuse and mislead consumers and, unless enjoined, will cause Hershey irreparable injury for which there is no adequate remedy at law. The conduct that is alleged to violate the Lanham Act and Massachusetts state law also constitutes unclean hands, which bars ZPN from obtaining preliminary or permanent injunctive relief here.

## THE PARTIES

3. Counterclaim-plaintiff Hershey Foods is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 100 Crystal A Drive, Hershey, Pennsylvania 17033. Hershey Foods is a major manufacturer of chocolate and non-chocolate confectionary and chocolate-related grocery products.

4. Counterclaim-plaintiff HC&CC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 4860 Robb Street, Wheat Ridge, Colorado 80033. HC&CC is a wholly-owned subsidiary of Hershey Foods and has licensed Hershey Foods to use the trademark SMART ZONE in connection with, *inter alia*, dietary and nutrition food supplement bars, nutrition energy bars, and meal replacement bars.

5. On information and belief, counterclaim-defendant ZPN is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 100 Cummings Center, Beverly, Massachusetts 01915. On information and belief, ZPN manufactures various nutrition products.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over these counterclaims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338 and 1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because ZPN is subject to personal jurisdiction in this Court and because ZPN has consented to venue in this judicial district by reason of its having filed this civil action here.

## BACKGROUND

### Dr. Sears' Zone Diet and His Agreement with Hershey Foods to Sell Nutrition Bars

8. Dr. Barry Sears, Ph.D., is the creator of the "Zone Diet," a nutrition program designed to control the body's level of blood glucose and insulin in order to treat obesity, type II diabetes and heart disease. The Zone Diet provides, *inter alia*, for a diet of 40% carbohydrates, 30% low-fat protein and 30% monounsaturated fats and that produces low glycemic response.

9. On information and belief, in or about 1996, Dr. Sears helped form ZPN to market food products that were in compliance with the Zone Diet, including bars developed by Dr. Sears. Thereafter, however, without Dr. Sears' knowledge or approval, ZPN developed new bars to which Dr. Sears objected because the new bars would have an adverse effect on blood sugar control. Thereafter, Dr. Sears negotiated an agreement withdrawing from ZPN, which is Exhibit 19 to the Complaint in this action. Under the terms of the agreement, ZPN could not use after July 1, 2001 (but with three months thereafter to dispose of inventory) on ZPN products Dr. Sears' name, likeness, image, signature or picture, and Dr. Sears has not endorsed ZPN's products since prior to July, 2001. The agreement further did not contain a non-compete clause

barring Dr. Sears from competing with ZPN or any provision prohibiting him from endorsing products that are competitive to ZPN products.

10. On or about January 1, 2004, Dr. Sears, Zone Labs, Inc. ("Zone Labs"), a company in which Dr. Sears has an ownership interest, and Hershey Foods agreed to develop and market, *inter alia*, snack bars and nutrition bars designed to be in compliance with the Zone Diet – bars that would have an approximately 40/30/30 ratio of macronutrients and low glycemic response in normal and Type 2 diabetic users. The agreement further provided that the products covered by the agreement would be sold in connection with Dr. Sears' exclusive seal of approval under license from Zone Labs.

11. In or about February 2004, Hershey Foods and Dr. Sears announced their agreement and stated that the bars that would be sold pursuant to the agreement would bear the name or mark SMART ZONE and that the products would be launched in the third quarter of 2004.

**ZPN's False and Misleading Conduct**

12. On information and belief, ZPN markets and sells in interstate commerce nutrition bars and other products and services in connection with the mark ZONE PERFECT. The term "zone" in the mark ZONE PERFECT was chosen to refer to, and does refer to, the Zone Diet.

13. On information and belief, ZPN advertises and markets its nutrition bars as compliant with the Zone Diet. However, the ZONE PERFECT bars are not compliant with the Zone Diet because they do not result in a low glycemic response in users, and Dr. Sears does not endorse the bars because he does not believe that they are compliant with his Zone Diet.

14. On information and belief, although Dr. Sears has not been affiliated with or endorsed ZPN's products since 2001, and has no current affiliation with ZPN and does not endorse ZPN's products, ZPN continues to market and sell its nutrition bars and other products as being endorsed or affiliated with Dr. Sears. After 2001, the packaging of, and the advertising for, the ZONE PERFECT bars has not stated that Dr. Sears has no current affiliation with ZPN and does not endorse ZPN's products.

15. ZPN maintains a website with the address http://www.zoneperfect.com. After 2001, the website has not stated that Dr. Sears has no current affiliation with ZPN and that he does not endorse ZPN's products.

16. The banner on the top of each page of the website states that it is: "The Official Website Of the Zone Diet." The website also invites viewers to subscribe to the "Official Zone Diet Newsletter." These statements, and the web site itself, are false and misleading. Dr. Sears, the developer of the Zone Diet, does not endorse either the website or ZPN's products, and the website has no affiliation with him or the products he endorses. Moreover, because the nutrition bars that ZPN advertises, markets, offers for sale and sells on the website do not comply with his Zone Diet, it is false and misleading to state or imply that the bars are compliant with the Zone Diet.

**ZPN's Misleading Registered Trademarks**

17. On information and belief, ZPN owns the following federal trademark and servicemark registrations for the mark ZONE PERFECT for products that include, *inter alia*, nutrition bars products: U.S. Trademark Registration No. 2,645,665 and U.S. Trademark Registration No. 2,294,807. ZPN is using the marks that are the subject of these registrations to misrepresent and misdescribe the nutrition bars for which they are registered by representing that

such goods are compliant with the Zone Diet when they are not, and that Dr. Sears endorses and is affiliated with ZPN and the bars that are the subject of the registrations and in connection with which the marks are used when he does not endorse such bars and is not affiliated with ZPN.

18.   ZPN's acts are causing and will continue to cause damage and irreparable harm to Hershey and to its valuable reputation and goodwill with purchasers and consumers. Hershey has no adequate remedy at law.

### FIRST COUNTERCLAIM (CONTINGENT)
### Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

19.   Hershey Foods and HC&CC reallege and incorporate herein the allegations of paragraphs 1-18 of these Counterclaims above as if fully set forth herein.

20.   This counterclaim is for false or misleading description and representation of fact, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

21.   In this action, ZPN has alleged that Hershey Foods and HC&CC's use of the trademark SMART ZONE in connection with their nutrition bars is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Hershey and Dr. Sears with ZPN, and as to the origin, sponsorship, or approval by ZPN of Hershey Foods' SMART ZONE products. Hershey denies that there will be any such confusion, mistake or deception. However, to the extent there is any confusion, mistake or deception, it will be because consumers associate the term "zone" with the Zone Diet or Dr. Sears. As a result, it would be ZPN's products and services that are causing such confusion, mistake or deception, because ZPN is falsely communicating to consumers that its products are affiliated with or spon-

sored by Dr. Sears, the founder of the Zone Diet, when they are not, and/or that its nutrition bars are compliant with the Zone Diet, when they are not.

22. On information and belief, ZPN's aforesaid acts of false and misleading descriptions and representations of fact, false designation of origin, and unfair competition have been done willfully and deliberately, and ZPN has profited and been unjustly enriched by sales that would not have otherwise have been made but for its conduct.

23. ZPN's acts described above have caused injury and damages to Hershey, have caused irreparable injury to Hershey's goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby Hershey has no adequate remedy at law.

### SECOND COUNTERCLAIM
#### Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

24. Hershey Foods and HC&CC reallege and incorporate herein the allegations of paragraphs 1-18 of these Counterclaims above as if fully set forth herein.

25. This counterclaim is for false or misleading description and representation of fact, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

26. By its false and misleading use of the term "zone" and its false and misleading descriptions and representations that it is affiliated with and sponsored by Dr. Sears and that its nutrition bars are compliant with the Zone Diet, as described above, ZPN has falsely designated the origin of its products and services, has made false and misleading descriptions and representations of fact, and has competed unfairly with Hershey, in violation of 15 U.S.C. § 1125(a).

27. On information and belief, ZPN's aforesaid acts of false and misleading descriptions and representations of fact, false designation of origin, and unfair competition have been done willfully and deliberately, and ZPN has profited and been unjustly enriched by sales that would not have otherwise have been made but for its conduct.

28. ZPN's acts described above have caused injury and damages to Hershey, have caused irreparable injury to Hershey's goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby Hershey has no adequate remedy at law.

### THIRD COUNTERCLAIM
### (Cancellation of ZPN's Federal Trademark Registrations, 15 U.S.C. § 1064)

29. Hershey Foods and HC&CC reallege and incorporate herein the allegations of paragraphs 1-18 of these Counterclaims above as if fully set forth herein.

30. ZPN purports to be the owner of federal Trademark Registrations No. 2,645,665 for the ZONE PERFECT stylized mark and No. 2,294,807 for the ZONE PERFECT word mark.

31. ZPN is using the marks that are the subject of these registrations to misrepresent and misdescribe the nutrition bars in connection for which they are registered. Accordingly, U.S. Trademark Registration Nos. 2,645,665 and 2,294,807 are invalid and should be cancelled, pursuant to 15 U.S.C. § 1064, to the extent they cover nutrition bars.

### FOURTH COUNTERCLAIM
### Common Law Unfair Competition

32. Hershey Foods and HC&CC reallege and incorporate herein paragraphs 1 through 18 of these Counterclaims as if fully set forth herein.

33. This counterclaim is for unfair competition in violation of the common law of Massachusetts.

34. ZPN's false and misleading use of the term "zone" and its false and misleading statements that it is affiliated with and sponsored by Dr. Sears and that its nutrition bars are compliant with the Zone Diet, as described above, constitute unfair competition in violation of the common law of Massachusetts.

35. As a direct and proximate result of the foregoing willful and deliberate conduct by ZPN, Hershey has been irreparably injured in a manner that cannot be adequately compensated by money damages.

36. ZPN's willful and deliberate acts described above have caused injury and damages to Hershey, have caused irreparable injury to Hershey's goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby Hershey has no adequate remedy at law.

### FIFTH COUNTERCLAIM
### Unfair Methods of Competition and Unfair and Deceptive Acts and Practices
### (Mass. Ch. 93A)

37. Hershey Foods and HC&CC reallege and incorporate herein paragraphs 1 through 18 of these Counterclaims as if fully set forth herein.

38. This counterclaim is for unfair methods of competition and unfair and deceptive acts and practices pursuant to Mass. Ch. 93A §§ 2, 11.

39. ZPN's conduct, described above, occurred primarily and substantially within Massachusetts.

40. ZPN's conduct, described above, constitutes unfair methods of competition and unfair and deceptive acts and practices in violation of M.G.L. Ch. 93A § 2.

41. As a result of ZPN's intentional and wrongful acts described above, consumers have relied on, and will rely on, ZPN's unfair methods of competition and unfair and decep-

tive acts and practices, as described above, causing irreparable injury to Hershey's goodwill and reputation and the reputation of the SMART ZONE mark in a manner that cannot be adequately compensated by money damages.

42.  ZPN's willful and deliberate acts described above have caused injury and damages to Hershey, have caused irreparable injury to Hershey's goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby Hershey has no adequate remedy at law.

WHEREFORE, Hershey Foods and HC&CC request judgment against ZPN as follows:

A.  Ordering that the Complaint be dismissed in its entirety with prejudice;

B.  Ordering that ZPN be adjudged to have violated Section 43(a) of the Lanham Act and M.G.L. ch. 93 A § 2 and to have committed common law unfair competition;

C.  Granting an injunction restraining and enjoining ZPN, its officers, directors, agents, employees, servants, attorneys, successors, assigns and others controlling, controlled by or affiliated with them (including without limitation each distributor or reseller of ZONE PERFECT products), and all those who receive actual notice by personal service or otherwise from:

(i)  advertising their products, services or website as being in any way endorsed by or affiliated with Barry Sears or as being in compliance with the "Zone Diet";

(ii)  advertising, offering or publishing the "Official Zone Diet Newsletter";

    (iii) stating on or in connection with ZPN's website that the website is the "official" website of the Zone Diet;

    (iv) falsely representing that its nutrition bars are in compliance with the Zone Diet;

    (v) using any mark or logo that includes in whole or in part the term "zone" with respect to any product that is not in compliance with the Zone Diet;

    (vi) using any mark or logo that includes in whole or in part the term "zone" without including a prominent disclaimer that the goods or services sold or offered for sale in connection with such mark or logo are not endorsed by Barry Sears and that ZPN is not affiliated with Barry Sears; or

    (vii) otherwise competing unfairly with Hershey;

  D. Ordering ZPN to pay for and cause to be disseminated to each distributor and reseller of ZONE PERFECT products a notice advising said persons of ZPN's acts of false advertising, unfair competition and deceptive acts and practices and advising of the issuance and content of the injunction herein granted;

  E. Ordering an accounting of all gains, profits, savings and advantages realized by ZPN from its aforementioned acts of false advertising, unfair competition, unfair methods of competition, and unfair and deceptive acts and practices;

  F. Awarding such damages as Hershey Foods and HC&CC shall establish in consequence of ZPN's aforementioned acts of false advertising, unfair competition, unfair methods of competition, and unfair and deceptive acts and practices, and awarding double or treble such damages pursuant to Mass. Gen. L. Ch. 93A;

G. Ordering ZPN to pay for and cause to be disseminated corrective advertising to ameliorate the adverse consequences of its acts of false advertising, unfair competition, and unfair and deceptive acts and practices, the content, nature, form and extent of which is to be approved by Hershey Foods, HC&CC and this Court;

H. Ordering ZPN to recall from all chains of distribution all goods, product packaging, promotional materials, advertisements, commercials, infomercials and other items, the dissemination by ZPN of which would violate the injunction herein granted;

I. Ordering the cancellation of United States Trademark Registration Nos. 2,645,665 and 2,294,807 to the extent they cover nutrition bars;

J. Declaring that this is an exceptional case, pursuant to 15 U.S.C. § 1117, because of the willful and deliberate nature of false advertising and unfair competition, and awarding Hershey Foods and HC&CC their reasonable attorneys' fees;

K. Awarding Hershey Foods and HC&CC the costs of this action, including their reasonable attorneys' fees, expenses and interest; and

L. Granting such further relief as this Court may deem just and proper.

Dated: May 10, 2004

                                      MINTZ, LEVIN, COHN, FERRIS,
                                      GLOVSKY AND POPEO, P.C.

_____
Seni M. Adio, BBO #566709
Matthew Hurley, BBO #643638
One Financial Center
Boston, MA 02111
(617) 542-6000
(617) 542-2241 (fax)

KAYE SCHOLER LLP

*/s/ Thomas A. Smart/BMA*

Thomas A. Smart
Richard A. De Sevo
425 Park Avenue
New York, NY 10022
(212) 836-8000
(212) 836-7154 (fax)

*Attorneys for Defendants and Counterclaim-*
 *Plaintiffs Hershey Foods Corporation*
 *and Hershey Chocolate & Confectionery*
 *Corp.*

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on May 10, 2004.