UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ZONEPERFECT NUTRITION COMPANY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HERSHEY FOODS CORPORATION, )<br>HERSHEY CHOCOLATE & )<br>CONFECTIONERY CORPORATION, and )<br>BARRY D. SEARS, )<br>)<br>Defendants. )<br>) | CIVIL ACTION<br>NO. 04-10760-REK |

**PRELIMINARY INJUNCTION SCHEDULING ORDER**

For good cause shown, and pursuant to the agreement of the parties, IT IS HEREBY ORDERED, this ___ of May 2004 that:

A. Defendants shall respond to the Complaint in this action on or before **Monday, May 10, 2004**.

B. The parties shall exchange initial disclosures as required by Fed. R. Civ. P. 26(a)(1) on or before **Monday May 10, 2004**.

C. Plaintiff shall serve its motion for preliminary injunction and its initial supporting memorandum of law (but not affidavits or other evidence) on or before **Monday, May 10, 2004**. Defendants' initial briefs in opposition (but not affidavits or other evidence) shall be served and filed **within fourteen calendar days** of receipt of plaintiff's brief. Plaintiff's reply brief (but not affidavits or other evidence) shall be served and filed on or before **ten calendar days of receipt** of defendant's briefs.

D. Interrogatories and document requests may be served on or before **Monday May 10, 2004 at 5 pm** by facsimile or pdf. The parties agree to serve no more than five (5) interrogatories per side. No more than **three (3) business days** after

      receipt of such discovery, the parties shall confer to discuss any objections thereto. Objections to interrogatories and written responses to document requests shall be served no more that **five (5) business days** after receipt of such discovery. Substantive answers to interrogatories and responsive documents shall be exchanged within **fourteen (14) business days** of service.

E.    Should the parties be unable to resolve any discovery disputes, the following expedited process shall be followed: With regard to any unresolved discovery disputes, the parties shall file a motion to compel within **three (3) business days** of the parties' Local Rule 7.1 conference. Briefs in opposition shall be filed within **three (3) business days** of receipt of motions to compel. Should the Court deem oral argument necessary, the parties agree to be heard at the Court's first convenience at any point within **five (5) business days** of the filing of a motion to compel.

F.    Any survey reports (including Rule 26(a)(2) expert designations and related disclosures for the expert(s) sponsoring the survey) to be relied on by plaintiff shall be served by **Friday, May 28, 2004**; any survey reports (including Rule 26(a)(2) expert designations and related disclosures for the expert(s) sponsoring the survey) to be relied on by any defendant shall be served by **Monday, June 28, 2004**. Plaintiff may submit rebuttal report(s) to defendants' survey report(s), including Rule 26(a)(2) expert designations and related disclosures for such expert(s), by **Friday, July 9, 2004.**

G.    Depositions of fact witnesses shall take place between **Tuesday, June 1 and Wednesday, June 30, 2004.**

H.    Expert reports, except as provided in paragraph F above, including all Rule 26(a)(2) expert designations and related disclosures for such experts, shall be made on or before **Friday, June 11, 2004**.

I.    Rebuttal expert reports, including Rule 26(a)(2) expert designations and related disclosures for any rebuttal expert, shall be made on or before **Monday, June 28, 2004.**

J.    Depositions of expert witnesses may begin at any point after service of that expert's first report, and shall be completed on or before **Friday, July 9, 2004.**

K.    A status conference shall take place on **Thursday, June 17, 2004 at 10:00 a.m.**; to establish a schedule and procedure for the preliminary injunction hearing.

L.    All parties shall submit proposed findings of fact and conclusions of law, affidavits of the direct testimony of party witnesses, supporting affidavits of other witnesses, deposition excerpts (to the extent available), exhibits, and any other supporting materials on or before **Thursday, July 1, 2004**. On or before **Wednesday, July 7, 2004**, the parties will identify which portions of any adverse

LITDOCS:549289.1

party's proposed findings of fact that they dispute and identify which party witnesses they propose to cross-examine at trial.

M.   A preliminary injunction hearing shall be held commencing on **Thursday, July 15, 2004 at 10:00 a.m.**. No third party or expert witnesses will testify at trial unless the Court, after hearing all the evidence, decides otherwise.

N.   The parties shall promptly enter into a protective order governing the confidentiality of documents and deposition testimony.

This Scheduling Order shall apply only to plaintiff's motion for a preliminary injunction, and is not intended to authorize any conduct by defendants in connection with the matters alleged in the Complaint. The remaining aspects of this case shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Massachusetts, and any further Order of this Court. This Order shall not restrict any party's right to seek discovery on issues unrelated to plaintiff's motion for preliminary injunction; provided, however, that the parties shall not seek such discovery until plaintiff's motion for preliminary injunction has been resolved.

This scheduling order is entered without prejudice to any parties' right to seek any other or further relief as may be warranted.

IT IS FURTHER ORDERED that the parties' obligations under FED. R. CIV. P. 26(f) and Local Rule 16.1 are waived.

                                        SO ORDERED.


                                        _____
                                        Honorable Robert E. Keeton
                                        United States District Court Judge

    The parties, by their undersigned counsel, hereby consent to the entry of the foregoing Order.


Dated: May __, 2004.

LITDOCS:549289.1

BINGHAM MCCUTCHEN LLP

/s/ Daniel T. Goldberg (MLM)
_____
Daniel L. Goldberg, BBO #197380
Joshua M. Dalton, BBO #636402
Matthew L. Mitchell, BBO #647902
150 Federal Street
Boston, MA 02110
(617) 951-8000
(617) 951-8736 (fax)

*Attorneys for Plaintiff*
*ZonePerfect Nutrition Company*

MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.

/s/ Seni M. Adio (MLM)
_____
Seni M. Adio, BBO #566709
Matthew Hurley, BBO #643638
One Financial Center
Boston, MA 02111
(617) 542-6000
(617) 542-2241 (fax)


KAYE SCHOLER LLP

/s/ Thomas A. Smart (MLM)
_____
Thomas A. Smart (admitted *pro hac vice*)
Richard A. De Sevo (admitted *pro hac vice*)
425 Park Avenue
New York, N.Y. 10022
(212) 836-8000
(212) 836-7154 (fax)

*Attorneys for Defendants*
*Hershey Foods Corporation and*
*Hershey Chocolate & Confectionery*
*Corporation*


TODD & WELD LLP

/s/ Lisa Arrowood (MLM)
_____
Lisa Arrowood, BBO #022330
Ian Crawford, BBO #544475
28 State Street, 31st Floor
Boston, MA 02109
(617) 624-4719
(617) 227-5777 (fax)

*Attorneys for Defendant*
*Barry D. Sears*