89.    Hershey, Sears, and Zone Labs have also engaged in a concerted effort to advertise and market the "SmartZone" bar to the industry and the general public.

90.    A few days after the February 9, 2004 Advertisement, Lenny, in his capacity as C.E.O. of Hershey, made a multi-media presentation at a major conference in Arizona, the Consumer Analyst Group of New York ("CAGNY") conference.

91.    In the presentation slides, C.E.O. Lenny repeatedly cites Hershey's "partnership" with Sears and touts the "SmartZone" bar as the "only" nutrition bar to carry a "Dr. Sears Zone Approved Seal," and utilizes the seal throughout his presentation. *See* Selected Hershey Presentation Slides from CAGNY conference, attached hereto as **Exhibit 27**.

92.    Lenny's presentation, on behalf of Hershey, misappropriates the ZONE Marks, including those contained in the "Zone Approved Seal," in connection with Hershey's entire "Healthier Hershey" line of food products – further blurring the line between ZonePerfect's products and Hershey's products and implying Sears' and Zone Labs' involvement with Hershey products other than the "SmartZone" bar. *Id.*

93.    Hershey's CAGNY presentation was subsequently published on Hershey's website, where it is remains available today (http://media.corporate-ir.net/media_files/NYS/HSY/presentations/hsy_021904/sld001.htm).

94.    In the February 2004 edition of "The Omega Zone," Sears'"official e-magazine," Sears reserves front page coverage for an article advertising the "SmartZone" bar and announcing his affiliation with Hershey. The first page of the e-magazine falsely states that the "SmartZone" bar "will be the first to carry the 'Dr. Sears Zone Approved' seal and will be introduced during the third quarter [2004]." The second page offers a direct quote from Sears and states: "The innovative products to be developed through this new partnership will provide a fusion of my Zone technology with the outstanding food

technology expertise of Hershey Foods." Archives of past issues of "The Omega Zone" E-Magazine remain available on Sears' website. *See* <http://news.drsears.com/archives/Feb2004/hershey. htm>, attached hereto as **Exhibit 28**.

95.     The front page of the February 2004 edition of The Omega Zone E-Magazine also contains a hyperlink to Sears' and Zone Labs' Zone Diet website, stating: "To buy the **only** Zone products endorsed by Dr. Sears, go to www.zonediet.com," thus falsely implying that ZonePerfect products have never been approved or endorsed by Sears. Such false statements damage and dilute ZonePerfect's goodwill and business, and act to confuse the public as the source, association, affiliation, or sponsorship of ZonePerfect's products.

96.     Hershey's use of the ZONE Marks in connection with the "SmartZone" nutrition bar constitutes a willful and intentional misappropriation of ZonePerfect's goodwill in the ZONE Marks in the nutritional foods arena and effort to confuse the public as to the source, association, affiliation, or sponsorship of the "SmartZone" bar and the ZonePerfect® bar, a tortious interference with the 2001 Agreement between ZonePerfect and Sears.

97.     Sears' and Zone Labs' use of a "Dr. Sears Zone Approved" seal in connection with the "SmartZone" nutrition bar constitutes a willful and intentional misappropriation of ZonePerfect's goodwill in the ZONE Marks in the nutritional foods arena and effort to confuse the public as to the source, association, affiliation, or sponsorship of the "SmartZone" bar and the ZonePerfect® bar, and a breach of his 2001 Agreement.

98.     Sears' stated endorsement of the "SmartZone" bar with a "Dr. Sears Zone Approval" seal violates the clear terms of the 2001 Agreement in which Sears acknowledged ZonePerfect's ownership claims to the "ZONE PERFECT®" mark - which includes the ZONE logo - and agreed to seek to register ZONE marks for use solely in connection with books.

LITDOCS/543105.5

LITDOCS:550730.2

99.    On information and belief, Hershey unfairly, in bad faith, and in violation of its agreement with ZonePerfect, utilized ZonePerfect's confidential business information (provided to Hershey only after it  agreed to use the accessed information solely in connection with its bid to acquire ZonePerfect) to acquire information about the nutritional foods market, its scope and profitability, and information about its now-direct competition to unfairly develop and market the "SmartZone" bar.

100.    The above-described marketing and advertising efforts by Hershey, Sears,  and Zone Labs have diluted and will dilute the goodwill and business established by ZonePerfect, have caused ZonePerfect substantial damage, and unless enjoined, will cause ZonePerfect irreparable harm.

101.    If Hershey, Sears, and Zone Labs are permitted to distribute the "SmartZone" bar, ZonePerfect will sustain additional substantial and irreparable harm and damage to its business and goodwill.

**Hershey's and Sears' Efforts to Register ZONE-Related Trademarks.**

102.    On February 14, 2004, Hershey Chocolate & Confectionery Corporation filed applications with the United States Patent and Trademark Office (the "PTO") to register the marks  "SMART ZONE" and "TRU ZONE" for use with food products.

103.    As described more fully herein, Hershey's registration and use of these marks violates ZonePerfect's trademark rights, and is likely to cause substantial consumer confusion and irreparable harm to ZonePerfect's established rights in the ZONE Marks.

104.    In violation of the 2001 Agreement, and of ZonePerfect's rights in the ZONE Marks, Sears has also filed numerous ZONE-related trademark and servicemark registration applications with the PTO.

105.    Sears has sought to register a number of marks, including OMEGAZONE, ZONE RX, DR. SEARS ZONE DIET, ZONE LABS, DR. SEARS ZONE APPROVED, DR.

-22-

SEARS ZONE LABS, DR. SEARS ZONE, ZONE SMART, SMART ZONE, ZONE (stylized), ZONE CENTER, ZONE CAFÉ, ZONERX, ZONE ICE CREAM, DR. SEARS ZONE (stylized), and ZONE (stylized), in connection with nutrition bars and similar goods and services currently offered by ZonePerfect under the ZONE Marks.  These applications are at various stages in the examination and registration process.

106.    Sears' efforts to register marks for goods and services that are the same or similar to those offered or that might be expected to be offered by ZonePerfect under the ZONE Marks constitutes violation of ZonePerfect's existing trademark and servicemark rights and are likely to cause substantial consumer confusion.

**OmegaZone Products.**

107.    In their various websites accessible via drsears.com, zonediet.com, and other domain names, Sears, through and in connection with Zone Labs, have been marketing nutrition products, including food products, under the brand name "OmegaZone."

108.    On information and belief, OmegaZone products have been primarily sold directly to consumers over the internet.  On information and belief, these sales have been modest.  On information and belief, Sears has never attempted to sell the OmegaZone products via retail channels.

109.    ZonePerfect recently learned that Sears and Zone Labs have also utilized the ZONE logo on at least one product, a sea vegetable and mineral supplement called "SeaHealth PLUS."

110.    Sears' and Zone Labs' use of the OMEGAZONE mark in connection with the sale of food products infringes ZonePerfect 's rights and violates the terms of the 2001 Agreement.

111.    Sears' and Zone Labs' use of the OMEGAZONE mark and the ZONE logo violates ZonePerfect's trademark rights in the ZONE Marks and is likely to cause consumer

-23-

confusion as to the source, association, affiliation, or sponsorship of the OmegaZone products and the ZonePerfect® products.

## COUNT I-Hershey, Sears, and Zone Labs
### (Violation of the Lanham Act, § 32)

112.    ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

113.    ZonePerfect is the owner of the U.S. Trademark Registrations No. 2,645,665, No. 2,294,807, No. 2,269,790, No. 2,492,467, No. 2,408,977, No. 2,487,942, and No. 2,466,823 (the "Registered ZONE Marks"). The Registered ZONE Marks are valid, subsisting and unrevoked. The Registered ZONE Marks are evidence of ZonePerfect's exclusive right to use, without condition or limitation, the Registered ZONE Marks in commerce within the United States on or in connection with the goods and services for which they have been registered, as provided in 15 U.S.C. § 1057(b).

114.    ZonePerfect has engaged in and continues to engage in interstate activities designed to promote the goods, services, and goodwill associated with the Registered ZONE Marks in interstate commerce and to expand the use and reputation of the Registered ZONE Marks throughout the United States.

115.    ZonePerfect has expended substantial sums of money to build, maintain and extend its reputation and the reputation of the Registered ZONE Marks.

116.    The Registered ZONE Marks are known across the United States as identifying and distinguishing the goods and services of ZonePerfect.

117.    ZonePerfect has provided and sold goods and services in interstate commerce utilizing the Registered ZONE Marks, and has realized substantial income therefrom.

118.    As a result of the foregoing, the Registered ZONE Marks are well-recognized, distinctive and famous among consumers and retailers.

LITDOCS/543105.5

LITDOCS:550730.2

119.    Through their activities, each of Hershey, Sears, and Zone Labs have in interstate commerce, or in a manner affecting such commerce, utilized words, terms, and names, including but not limited to use of the Registered ZONE Marks (and marks, names and/or domain names confusingly similar thereto), as well as false designations of origin, false and misleading descriptions of fact, and false and misleading representations of fact which were and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Hershey, Sears, and Zone Labs with ZonePerfect, and as to the origin, sponsorship, or approval by ZonePerfect of any products or services Hershey, Sears, and/or Zone Labs offers or intends to offer.

120.    Each of Hershey's, Sears', and Zone Labs' acts have been committed with the intent to cause confusion and mistake, and to deceive.

121.    ZonePerfect's use of the Registered ZONE Marks for the above-described activities began prior to either Hershey's or Sears' or Zone Labs' complained-of conduct.

122.    Such conduct is in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and such violations are ongoing.

123.    Through such conduct, each of Hershey, Sears, and Zone Labs have caused and continues to cause irreparable harm to ZonePerfect, the Registered ZONE Marks, and its goodwill and reputation, and has thereby damaged ZonePerfect.

### COUNT II- Hershey, Sears, and Zone Labs
#### (Violation of the Lanham Act, § 43(a))

124.    ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

125.    ZonePerfect has engaged in and continues to engage in interstate activities designed to promote the goods, services, and goodwill associated with the ZONE Marks, in

LITDOCS/543105.5

LITDOCS:550730.2

interstate commerce and to expand the use and reputation of the ZONE Marks throughout the United States.

126.    ZonePerfect has expended substantial sums of money to build, maintain and extend its reputation and the reputation of the ZONE Marks.

127.    The ZONE Marks are known across the United States as identifying and distinguishing the goods and services of ZonePerfect.

128.    ZonePerfect has provided and sold goods and services in interstate commerce utilizing the ZONE Marks, and has realized substantial income therefrom.

129.    As a result of the foregoing, the ZONE Marks are well-recognized, distinctive and famous among consumers and retailers.

130.    Through their activities, each of Hershey, Sears, and Zone Labs have in interstate commerce, or in a manner affecting such commerce, utilized words, terms, and names, including but not limited to use of the ZONE Marks (and marks, names and/or domain names confusingly similar thereto), as well as false designations of origin, false and misleading descriptions of fact, and false and misleading representations of fact which were and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Hershey , Sears, and Zone Labswith ZonePerfect, and as to the origin, sponsorship, or approval by ZonePerfect of any products or services Hershey, Sears, and/or Zone Labs offers or intends to offer.

131.    Defendants' acts have been committed with the intent to cause confusion and mistake, and to deceive.

132.    ZonePerfect's use of the ZONE Marks for the above-described activities began prior to either Sears' or Hershey's complained-of conduct.

133.    Such conduct is in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and such violations are ongoing.

LITDOCS/543105.5

LITDOCS:550730.2

134.    Through such conduct, each of Hershey, Sears, and Zone Labs have caused and continues to cause irreparable harm to ZonePerfect, its ZONE Marks, and its goodwill and reputation, and has thereby damaged ZonePerfect.

### COUNT III- Hershey, Sears, and Zone Labs
### (Violation of the Lanham Act, § 43(c))

135.    ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

136.    ZonePerfect's claim hereunder arises under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), for trademark dilution.

137.    Each of Hershey, Sears, and Zone Labs have made commercial use of the ZONE Marks owned by ZonePerfect in connection with goods Hershey, Sears, and Zone Labs have sold or will sell in interstate commerce.

138.    The ZONE Marks are famous marks, are inherently strong and distinctive, have long been used in connection with the goods and services with which they appear, have long been the subject of substantial advertising and promotion in the United States, and are widely recognized by retailers and consumers.

139.    Hershey's, Sears' and Zone Labs' acts are in violation of Section 43(c) of the Lanham Act in that they have caused or are likely to cause dilution of the distinctive quality of ZonePerfect's famous ZONE Marks, all to the irreparable injury of ZonePerfect.

140.    Hershey's, Sears' and Zone Labs' acts have lessened the capacity of ZonePerfect's famous ZONE Marks to identify and distinguish the goods and services of ZonePerfect. Hershey's, Sears' and Zone Labs' acts have blurred the unique association that has heretofore existed between the ZONE Marks and goods and services offered and sold by ZonePerfect.

-27-

141.    The aforesaid acts of Hershey , Sears, and Zone Labs were commenced and committed from a time after the ZONE Marks became famous.

142.    Hershey, Sears, and Zone Labs committed these acts willfully and with the intent to trade on the reputation of ZonePerfect, and to cause dilution of the ZonePerfect's ZONE Marks.

143.    ZonePerfect has been and continues to be damaged by Hershey's, Sears', and Zone Labs' activities and conduct, and unless their conduct is enjoined, ZonePerfect and its goodwill and reputation will suffer continued and irreparable injury.

## COUNT IV- Hershey, Sears, and Zone Labs
### (Violation of Common Law Trademark Rights)

144.    ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

145.    ZonePerfect has made significant and ongoing efforts to use, appropriate, and protect its ZONE Marks.

146.    Hershey's use of marks similar to the ZONE Marks, including but not limited to in connection with its "Tru Zone" and "Smart Zone" products and promotions, to offer nutrition bars that purport to follow the same Zone Diet principles as those offered by ZonePerfect, is extremely likely to cause confusion, or mistake, or to deceive.

147.    Sears' and Zone Labs' use of marks similar to the ZONE Marks, including but not limited to in connection with his "OmegaZone" and "Dr. Sears Zone Approved" products and promotions, to offer nutrition bars that purport to follow the same Zone Diet principles as those offered by ZonePerfect, is extremely likely to cause confusion, or mistake, or to deceive.

148.    Hershey's, Sears' and Zone Labs'conduct thus violates ZonePerfect's common law trademark rights and proprietary interests in its ZONE Marks.

-28-

LITDOCS/543105.5

LITDOCS:550730.2

149.   ZonePerfect's use of the ZONE Marks for the above-described activities began prior to either Hershey's or Sears' or Zone Labs' complained-of conduct.

150.   Such conduct has caused substantial and irreparable damage to ZonePerfect, and that damage is ongoing.

### COUNT V- Hershey, Sears, and Zone Labs
### (Violation of the Massachusetts Anti-dilution Act, M.G.L. c. 110B)

151.   ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

152.   Given the high degree of distinctiveness which has developed in ZonePerfect's ZONE Marks, Hershey's, Sears' and Zone Labs'use of near-identical marks on supposedly identical or nearly identical products is likely to have caused and continues to cause confusion as to the distinctive nature of the ZONE Marks, thus undercutting the distinctiveness laboriously developed by ZonePerfect in the ZONE Marks.

153.   ZonePerfect's use of the ZONE Marks has created common law rights in said marks which inure to ZonePerfect.

154.   Hershey's, Sears' and Zone Labs' conduct has thus caused an unknown degree of damage to and dilution of the ZONE Marks, and that damage is ongoing.

155.   ZonePerfect's use of the ZONE Marks for the above-described activities began prior to either Sears' or Hershey's complained-of conduct.

156.   The dilution of the distinctive quality of ZonePerfect's ZONE Marks violates the Massachusetts Anti-dilution Act, specifically M.G.L. c. 110B, § 12.   This entitles ZonePerfect to an injunction to prevent continued dilution of the marks.

### COUNT VI - Sears
### (Declaratory Judgment - Opposition to Trademark Registration Application)

LITDOCS/543105.5

LITDOCS:550730.2

157.    ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

158.    On or about November 1, 2001, Sears filed Trademark Registration Application No. 76/333,054 with the PTO for registration of "OMEGAZONE" for use in connection with food products, including nutrition bars.

159.    On or about November 1, 2001, Sears filed Trademark Registration Application No. 76/333,052 with the PTO for registration of "ZONE RX" for use in connection with food products, including nutrition bars.

160.    On or about January 25, 2002, Sears filed Trademark Registration Application No. 76/363,075 with the PTO for registration of "DR. SEARS ZONE DIET" for use in connection with food products, including nutrition bars.

161.    On or about September 17, 2003, Sears filed Trademark Registration Application No. 78/301,669 with the PTO for registration of "ZONE LABS" for use in connection with food products, including nutrition bars.

162.    On or about September 18, 2003, Sears filed Trademark Registration Application No. 78/301,931 with the PTO for registration of "ZONE LABS" for use in connection with food products, including nutrition bars.

163.    On or about September 18, 2003, Sears filed Trademark Registration Application No. 78/302,038 with the PTO for registration of "DR. SEARS ZONE APPROVED" for use in connection with food products, including nutrition bars.

164.    On or about September 18, 2003, Sears filed Trademark Registration Application No. 78/301,935 with the PTO for registration of "DR. SEARS ZONE LABS" for use in connection with food products, including nutrition bars.

-30-

165.    On or about October 3, 2003, Sears filed Trademark Registration Application No. 76/553,545 with the PTO for registration of "ZONE (and Design)" for use in connection with food products, including nutrition bars.

166.    On or about October 3, 2003, Sears filed Trademark Registration Application No. 76/553,397 with the PTO for registration of "ZONE (Stylized)" for use in connection with food products, including nutrition bars.

167.    On or about October 3, 2003, Sears filed Trademark Registration Application No. 76/553,546 with the PTO for registration of "DR. SEARS ZONE (Stylized)" for use in connection with food products, including nutrition bars.

168.    On or about March 1, 2004, Sears filed Trademark Registration Application No. 78/376,363 with the PTO for registration of "ZONE SMART" for use in connection with food products, including nutrition bars.

169.    On or about March 1, 2004, Sears filed Trademark Registration Application No. 78/376,355 with the PTO for registration of "SMART ZONE" for use in connection with food products, including nutrition bars.

170.    On or about January 25, 2002, Sears filed Trademark Registration Application No. 76/363,318 with the PTO for registration of "DR. SEARS ZONE DIET" for use in connection with retail/catalog sales, restaurants, and internet information.

171.    On or about March 3, 2003, Sears filed Trademark Registration Application No. 76/553,543 with the PTO for registration of "ZONE (Stylized)" for use in connection with workshops, catering, restaurants, and online information.

172.    On or about May 14, 2003, Sears filed Trademark Registration Application No. 78/249,730 with the PTO for registration of "ZONE CENTER" for use in connection with workshops/counseling.

LITDOCS/543105.5

LITDOCS:550730.2

173.    On or about May 16, 2003, Sears filed Trademark Registration Application No. 78/251,008 with the PTO for registration of "ZONE CAFÉ" for use in connection with catering and restaurants.

174.    On or about September 17, 2003, Sears filed Trademark Registration Application No. 78/301,657 with the PTO for registration of "ZONERX" for use in connection with a meal replacement drink.

175.    On or about September 18, 2003, Sears filed Trademark Registration Application No. 78/301,941 with the PTO for registration of "ZONE ICE CREAM" for use in connection with ice cream products.

176.    On or about September 18, 2003, Sears filed Trademark Registration Application No. 78/301,937 with the PTO for registration of "DR. SEARS ZONE LABS" for use in connection with retail/catalog sales.

177.    On or about October 3, 2003, Sears filed Trademark Registration Application No. 76/553,547 with the PTO for registration of "DR. SEARS ZONE (Stylized)" for use in connection with workshops, catering, restaurants, and online information.

178.    On or about October 3, 2003, Sears filed Trademark Registration Application No. 76/553,544 with the PTO for registration of "ZONE (and Design)" for use in connection with workshops, catering, restaurants, and online information.

179.    Sears' application for trademark registration and use of commercial marks utilizing the word "Zone" in connection with food products and related goods and services is extremely likely to cause confusion, or mistake, or to deceive.

180.    Sears' application for trademark registrations and use of such marks also breaches the 2001 Agreement.

181.    ZonePerfect's use of the ZONE Marks for the above-described activities began prior to Sears' complained-of conduct.  As such, Sears' applications are invalid and should be rejected.

182.    An actual controversy exists between Sears and ZonePerfect as to the validity of Sears' above-described applications.

183.    ZonePerfect has been harmed by Sears' continued claim of rights in the applications, and that harm is ongoing.

### COUNT VII - Hershey
### (Declaratory Judgment - Opposition to Trademark Registration Application)

184.    ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

185.    On or about February 14, 2004, Hershey applied for Trademark Registration Application No. 78/364,143 from the PTO for "SMART ZONE" for use with food products, including nutrition bars.

186.    On or about February 14, 2004, Hershey applied for Trademark Registration Application No. 78/364,160 from the PTO for "TRU ZONE" for use with food products, including nutrition bars.

187.    Hershey's applications for trademark registration and use of commercial marks utilizing the word "Zone" in connection with food products including nutrition bars are extremely likely to cause confusion, or mistake, or to deceive.

188.    ZonePerfect's use of the ZONE Marks for the above-described activities began prior to Hershey's complained-of conduct.  As such, Hershey's applications are invalid and should be rejected.

189.    An actual controversy exists between Hershey and ZonePerfect as to the validity of Hershey's above-described applications.

-33-

190.    ZonePerfect has been harmed by Hershey's continued claim of rights in the applications, and that harm is ongoing.

### COUNT VIII – Hershey, Sears, and Zone Labs
### (Violation of Lanham Act § 43(a)--False Advertising)

191.    ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

192.    Each of Hershey, Sears, and Zone Labs have published false and misleading statements in marketing and advertising the "SmartZone" bar and other non-ZonePerfect products, including the February 9 Advertisement, the February 2004 edition of Sears' Omega Zone E-Magazine, the CAGNY presentation, and statements posted on their respective websites.

193.    The assertion in these marketing and advertisement statements that the Hershey "SmartZone" bar is "first" nutrition bar "approved" by Sears is patently false and misleading, as many of ZonePerfect's nutrition bars were designed by Sears himself pursuant Zone Diet principles while Sears was working for ZonePerfect.

194.    Sears and Zone Labs has also published statements on their websites that suggest that ZonePerfect's products are not nutritionally sound and have never been endorsed by Sears.  These statements are likewise patently false given Sears' work on, and endorsement of, ZonePerfect's products for a number of years.

195.    These published statements consist of commercial advertising which is false and misrepresents the nature, characteristics, and quality of ZonePerfect's ZonePerfect® nutrition bars.

196.    These false statements have caused actual deception and are likely to continue to deceive a substantial portion of their intended audience.

-34-

197.    Because these false statements question the quality of ZonePerfect's products, including the legitimate health benefits of the ZonePerfect® bar, these statements make material misrepresentations which are likely to influence purchasing decisions.

198.    These false and misleading statements have created a likelihood of injury to ZonePerfect including but not limited to loss of potential sales, loss of goodwill, and other substantial and irreparable harm to ZonePerfect.

199.    Hershey's, Sears' and Zone Labs' use of false statements in promotional materials as described above is in violation of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT IX – Hershey, Sears, and Zone Labs
### (Commercial Disparagement)

200.    ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

201.    The above-described statements, including those made in the February 9, 2004 Advertisement, the February 2004 edition of Sears' Omega Zone E-Magazine and on the defendants' various websites that the Hershey "SmartZone" bar is "first" nutrition bar "approved" by Sears and otherwise suggesting that ZonePerfect's products do not comply with Zone Diet principles are patently false and misleading as many of ZonePerfect's current nutrition bars were designed by Sears himself while at ZonePerfect.    These statements, among others statements contained in the publications, create the implication that the ZonePerfect® bars are *not* and have never been "Zone approved" and are thus *not* and have never been compliant with Zone Diet principles.

202.    Hershey, Sears, and Zone Labs made these false and disparaging statements with knowledge of falsity or with reckless disregard of their truth or falsity, and intent to harm ZonePerfect's goodwill and business or with knowledge that harm would inevitably result.

-35-

203.    The use of such materials to promote Hershey's, Sears' and Zone Labs'products by discrediting ZonePerfect's is a calculated attempt by Hershey, Sears, and Zone Labs to unfairly and deceptively compete with ZonePerfect.

204.    As a result of this conduct, ZonePerfect has been damaged.

205.    The damage to ZonePerfect from Hershey's, Sears' and Zone Labs'false and disparaging statements is substantial and is ongoing.

### COUNT X - Sears
### (Breach of Contract)

206.    ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

207.    The 2001 Agreement is a valid and enforceable contract supported by good and adequate consideration.

208.    Sears, by his above-described conduct, has committed repeated and material breaches of the 2001 Agreement.

209.    ZonePerfect has not been in breach of the 2001 Agreement at any time.

210.    As a result of Sears' conduct, ZonePerfect has been harmed, and that harm is ongoing.

### COUNT XI - Hershey
### (Tortious Interference with Contractual Relations)

211.    ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

212.    The 2001 Agreement is a valid and enforceable contract supported by good and adequate consideration as between, among others, Sears and ZonePerfect.

-36-

213.    Through its due diligence, Hershey learned of and was provided the 2001 Agreement.

214.    By its conduct, as set forth above, Hershey has knowingly and intentionally interfered with the 2001 Agreement, with improper purpose and by improper means.

215.    As a result of Hershey's past and continuing tortious interference with the 2001 Agreement, ZonePerfect has sustained, and continues to sustain, damage and injuries.

### COUNT XII - Sears
### (Breach of Covenant of Good Faith and Fair Dealing)

216.    ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

217.    By his conduct, as set forth above, Sears has breached the covenant of good faith and fair dealing implied in the 2001 Agreement.

218.    As a result of Sears past and continuing breaches of the implied covenant of good faith and fair dealing implied in the 2001 Agreement, ZonePerfect has sustained, and continues to sustain, damage and irreparable harm.

### COUNT XIII - Hershey
### (Breach of Contract)

219.    ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

220.    The October 7, 2002 Confidentiality Agreement is a valid and enforceable contract supported by good and adequate consideration.

221.    Hershey, by its above-described conduct, has committed repeated and material breaches of the October 7, 2002 Confidentiality Agreement.

-37-

222.    ZonePerfect has not been in breach of the October 7, 2002 Confidentiality Agreement at any time.

223.    As a result of Hershey's conduct, ZonePerfect has been harmed, and that harm is ongoing.

## COUNT XIV - Hershey
### (Breach of Covenant of Good Faith and Fair Dealing)

224.    ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

225.    By its conduct, as set forth above, Hershey has breached the covenant of good faith and fair dealing implied in the October 7, 2002 Confidentiality Agreement.

226.    As a result of Hershey's past and continuing breaches of the implied covenant of good faith and fair dealing, ZonePerfect has sustained, and continues to sustain, damage and injuries.

## COUNT XV - Hershey
### (Violation of M.G.L. c. 93A)

227.    ZonePerfect repeats the allegations in each of the above paragraphs as if fully realleged herein.

228.    At all times relevant hereto, Hershey, Sears, and Zone Labs were engaged in trade or commerce within the meaning of M.G.L. c. 93A, §§ 2, 9.

229.    Hershey's and Sears' individual and concerted conduct, as described above, constitutes unfair and deceptive acts or practices within the meaning of M.G.L. c. 93A, §§ 2, 9.

230.    Hershey, Sears, and Zone Labs committed their unfair and deceptive acts and practices knowingly and willfully.

-38-

231.   Hershey's and Sears' unfair and deceptive conduct occurred primarily and substantially within the Commonwealth of Massachusetts.

232.   As a result of Hershey's and Sears' unfair and deceptive conduct, ZonePerfect has suffered, and continues to suffer, injury.

**WHEREFORE**, ZonePerfect respectfully prays for an order and judgment from this Court that:

A.     Hershey, Sears, and Zone Labs, by their adoption and usage of near-identical marks to the Registered ZONE Marks in connection with the marketing, distribution, and sale of food products, have infringed ZonePerfect's trademark rights in the Registered ZONE Marks in violation of 15 U.S.C. § 1114.

B.     Hershey, Sears, and Zone Labs, by their adoption and usage of near-identical marks to the ZONE Marks in connection with the marketing, distribution, and sale of food products, have infringed ZonePerfect's trademark rights in the ZONE Marks in violation of 15 U.S.C. § 1125(a).

C.     Hershey, Sears, and Zone Labs, their agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from promoting, selling, offering for sale, distributing or advertising products or services using the ZONE Marks or any other colorable variant of or any other mark or name confusingly similar to any of the ZONE Marks, including without limitation "SMART ZONE," "TRU ZONE," and "OMEGA ZONE," in connection with the sale of food products.

D.     Hershey, Sears, and Zone Labs, by their adoption and usage of words, names, styles, titles or marks have created a likelihood of injury and/or caused injury to the business reputation of ZonePerfect, and/or have caused a likelihood of and/or caused dilution of ZonePerfect's name and ZONE Marks and the goodwill associated therewith in violation of 15 U.S.C. §1125(c).

E.     Hershey, Sears, and Zone Labs, by their adoption and usage of near-identical marks to the ZONE Marks in connection with the marketing, distribution, and sale of food products, have infringed ZonePerfect's trademark rights in the ZONE Marks in violation of the common law.

-39-

F.  Hershey, Sears, and Zone Labs, by their adoption and usage of words, names, styles, titles or marks have created a likelihood of injury and/or caused injury to the business reputation of ZonePerfect, and/or have caused a likelihood of and/or caused dilution of ZonePerfect's name and ZONE Marks and the goodwill associated therewith in violation of M.G.L. c. 110B.

G.  Hershey, Sears, and Zone Labs, their agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from using any words, names, styles, titles or marks which create a likelihood of injury and/or cause injury to the business reputation of ZonePerfect, or a likelihood of and/or cause dilution of ZonePerfect's name and ZONE Marks and the goodwill associated therewith.

H.  A declaration that Sears' PTO applications No. 76/333,054; 76/333,052; 76/363,075; 78/301,669; 78/301,931; 78/302,038; 78/301,935; 76/553,545; 76/553,397; 76/553,546; 78/376,363; 78/376,355; 76/363,318; 76/553,543; 78/249,730; 78/251,008; 78/301,657; 78/301,941; 78/301,937; 76/553,547; and 76/553,544 are invalid and should be rejected.

I.  A declaration that Hershey's PTO applications No. 78/364,143 and 78/364,160 are invalid and should be rejected.

J.  Hershey, Sears, and Zone Labs, by their activities, have made false statement and material misrepresentations as to the nature, characteristics, and quality of ZonePerfect products, and have created a likelihood and/or caused injury to ZonePerfect in violation of 15 U.S.C. § 1125(a).

K.  Hershey, Sears, and Zone Labs, their officers, directors, agents, servants, employees, attorneys, successors, assigns, members, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained pursuant to 15 U.S.C. § 1116 from further distribution, circulation, publication, or any other form of transmission of the February 9, 2004 advertisement, the February 2004 edition of Sears' "The Omega Zone" E-Magazine, the CAGNY presentation, and related statements, and the false and misleading statements contained therein and on the defendants' respective websites.

L.  Hershey, Sears, and Zone Labs be directed to send and make public -- in a fashion commensurate with the form of distribution used for their prior announcements and promotional activities, all within 30 days of the granting of this order -- a corrective notice to each and every recipient of the false and misleading information, and that this corrective notice be first sent to and approved by ZonePerfect.

-40-

M.    ZonePerfect be awarded its reasonable attorneys' fees incurred as a consequence of defendants' willful misappropriation of ZonePerfect's goodwill, false advertising, use of trade secrets and other acts of unfair competition.

N.    Hershey, Sears, and Zone Labs, by their activities, have made false and disparaging statement with knowledge of their falsity or with reckless disregard for their truth or falsity, with the intent to harm ZonePerfect's goodwill and business or with knowledge that harm would inevitably result.

O.    Hershey, Sears, and Zone Labs, their officers, directors, agents, servants, employees, attorneys, successors, assigns, members, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from making false and disparaging statements with the intent or effect to harm ZonePerfect's goodwill and business.

P.    Sears is in breach of the express terms of the 2001 Agreement.

Q.    Hershey has tortiously interfered and continues to tortiously interfere with the 2001 Agreement.

R.    Sears is in breach of the covenant of good faith and fair dealing implied in the 2001 Agreement.

S.    ZonePerfect be awarded damages and costs arising from Sears' violation of the express and implied terms of the 2001 Agreement.

T.    Hershey is in breach of the express terms of the October 7, 2002 Confidentiality Agreement.

U.    Hershey is in breach of the covenant of good faith and fair dealing implied in the October 7, 2002 Confidentiality Agreement.

V.    ZonePerfect be awarded damages and costs arising from Hershey's violation of the express and implied terms of the October 7, 2002 Confidentiality Agreement.

W.    Hershey, Sears, and Zone Labs, by their activities that have occurred primarily and substantially in Massachusetts, have engaged in unfair and deceptive acts and practices knowingly and willfully in violation of M.G.L. ch. 93A.

X.    ZonePerfect be awarded damages in an amount sufficient to cover the damages caused to it by Hershey's, Sears', and Zone Labs' unlawful conduct, and that those damages be trebled pursuant to M.G.L. ch. 93A.

LITDOCS/543105.5

LITDOCS:550730.2

Y.      Pursuant to 15 U.S.C. § 1117, that Hershey be required to account and pay over to ZonePerfect all profits from the sale of defendants' products and services in connection with the ZONE Marks or any colorable imitation thereof, including without limitation "Tru Zone" or "Smart Zone," and all damages to plaintiff which have resulted from defendants' acts of unfair competition and false advertising, and, because of the willful and deliberate nature of the conduct by defendants, that this Court enter judgment for plaintiff for three times the amount of the damages and profits assessed.

Z.      Pursuant to 15 U.S.C. § 1117, that Sears and Zone Labs be required to account and pay over to plaintiff all profits from the sale of defendants' products and services in connection with the ZONE Marks or any colorable imitation thereof, including without limitation "OMEGAZONE," and all damages to plaintiff which have resulted from defendants' acts of unfair competition and false advertising, and, because of the willful and deliberate nature of the conduct by defendants, that this Court enter judgment for plaintiff for three times the amount of the damages and profits assessed.

AA.     ZonePerfect recover its costs and attorney fees herein.

BB.     ZonePerfect be granted such other and further relief as this Court shall deem just and equitable.

-42-

LITDOCS/543105.5

LITDOCS:550730.2

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issue and claims so triable.

Respectfully submitted,

**ZONEPERFECT NUTRITION COMPANY**

By its attorneys,

Daniel L. Goldberg, BBO #197380
Charles L. Solomont, BBO # 557190
Joshua M. Dalton, BBO #636402
Matthew L. Mitchell BBO#647902
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA  02110
(617) 951-8000

Dated: May 26, 2004

-43-