UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZONEPERFECT NUTRITION COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>HERSHEY FOODS CORPORATION, HERSHEY CHOCOLATE & CONFECTIONERY CORPORATION, DR. BARRY D. SEARS, and ZONE LABS, INC.,<br>    Defendants.<br><br>DR. BARRY D. SEARS and ZONE LABS, INC.,<br><br>    Plaintiffs-in-Counterclaim,<br><br>v.<br><br>ZONEPERFECT NUTRITION COMPANY<br><br>    Defendant-in-Counterclaim. | CIVIL ACTION NO: 04-10760 REK |

## ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DR. BARRY D. SEARS and ZONE LABS, INC.

Defendants and plaintiffs-in-counterclaim Barry D. Sears ("Dr. Sears") and Zone

Labs, Inc. ("Zone Labs") herewith answer the First Amended Complaint of the

ZonePerfect Nutrition Company ("ZonePerfect") as follows:

## INTRODUCTION

1.    Dr. Sears and Zone Labs admit that ZonePerfect and its predecessor, Eicotech Corporation ("Eicotech"), marketed food products under the name "ZonePerfect." Dr. Sears and Zone Labs and Zone Labs state that they have no knowledge about what other goods or services, if any, are currently marketed under the ZonePerfect name and call on the plaintiff to prove same to the extent relevant. The remaining allegations of paragraph 1 are denied. Dr. Sears and Zone Labs specifically deny that the plaintiff has acquired any trademark or other rights to the terms "Zone" or "Zone Diet," and deny that these claimed trademarks are appropriately referred to as "Zone Marks."

2.    The first two sentences of paragraph 2 are admitted. The third sentence of paragraph 2 purports to characterize the "Stock Purchase and Holders Agreement," attached to the Complaint as Ex. 4, and no answer is therefore required. To the extent that a further answer is required, Dr. Sears and Zone Labs deny that this sentence accurately characterizes the legal effect of Dr. Sears's actions. The fourth sentence of paragraph 2 is denied insofar as Dr. Sears was personally involved in only some of the products which ZonePerfect later sold. The fifth sentence is admitted. Dr. Sears and Zone Labs are without knowledge or information concerning the sixth sentence and call on the plaintiff to prove same to the extent relevant. Dr. Sears and Zone Labs again deny that ZonePerfect has any rights in what it terms as "the Zone Marks," and therefore deny the seventh sentence of this paragraph.

3.    Admitted that Dr. Sears left ZonePerfect in 1998 and subsequently asked to be bought out. Denied that Dr. Sears stated that the reason for his departure was to

2

"allow him to focus on research and writing." Dr. Sears and Zone Labs admit that ZonePerfect did not agree to buy Dr. Sears out of the company until 2001 despite the fact that he left it in 1998, and otherwise deny the second sentence. Dr. Sears and Zone Labs admit that Dr. Sears and his brother and companies associated with them were bought out of ZonePerfect for more than $5 million in cash and promissory notes, but deny that his brother or those companies are properly characterized as "affiliates."

4.     Dr. Sears and Zone Labs are without knowledge or information concerning the allegations of paragraph 4 and call on the plaintiff to prove same to the extent relevant.

5.     Dr. Sears and Zone Labs are without knowledge or information concerning the allegations of paragraph 5 and call on the plaintiff to prove same to the extent relevant.

6.     Dr. Sears and Zone Labs admit that they have a contractual arrangement with Hershey. Dr. Sears and Zone Labs deny that the arrangement between them and Hershey constitutes a "partnership" in contemplation of law but agrees the term "partner" may have been used in the colloquial sense. Dr. Sears and Zone Labs otherwise deny the allegations of the first sentence of paragraph 6. Dr. Sears and Zone Labs admit that they have joined with Hershey to market the "SmartZone™" bar, but deny that their doing so contravenes the express terms of any agreement between Dr. Sears and ZonePerfect, or infringes or otherwise impacts ZonePerfect's trademark rights, if any. Dr. Sears and Zone Labs deny that ZonePerfect has a property interest in the Zone marks as its complaint defines 'Zone Marks' and if ZonePerfect does have an interest in such marks deny that the use of the mark "SmartZone™" constitutes using of those marks to compete

3

with ZonePerfect bars. The third and fourth sentences of paragraph 6 are admitted. Dr. Sears and Zone Labs admit that Exhibit 1 accurately reflects the current proposed logo for the bar that he intends to endorse.

7.   Dr. Sears and Zone Labs admit that SmartZone™ has been announced as "the first-ever nutrition bars with the science-based nutritional benefits of the Zone **and** the great taste consumers expect from Hershey." The allegations of this paragraph are otherwise denied.

8.   This paragraph characterizes the allegations of the plaintiff's lawsuit and no response is necessary. To the extent that a response is necessary, Dr. Sears and Zone Labs deny that the plaintiff is entitled to any of the relief it says that it should receive in paragraph 8.

## PARTIES

9.   Dr. Sears and Zone Labs admit the first sentence of paragraph 9 on information and belief. Dr. Sears and Zone Labs admit that ZonePerfect markets and distributes bars, shake mixes and prepared meals, and state that they have knowledge of their current formulations or exact ingredients. Dr. Sears and Zone Labs have no knowledge or information concerning the allegations of the third and fourth sentences of paragraph 9 and call on the plaintiff to prove same to the extent relevant.

10.   Admitted on information and belief.

11.   Admitted on information and belief.

12.   Admitted.

13.   Admitted.

4

## JURISDICTION AND VENUE

14.     Admitted for jurisdictional purposes only except as to Courts VI and VII.

15.     Admitted that venue is proper in this district.

## FACTS

### The Zone Diet and ZonePerfect

16.     Admitted that Dr. Sears wrote The Zone in 1995 and that it became a New York Times number one best-selling book. Denied that it became a best-seller "quickly." Admitted that the Zone Diet requires consumption of a certain ratio of carbohydrates, protein and mono-saturated fats, but denied that this is a sufficient description of Zone principles.

17.     Admitted.

18.     Denied that the first sentence of paragraph 18, which appears to refer to Dr. Sears's association with Pure Distributors, Inc. ("PDI"), correctly states the chronology of his involvement with that company. Admitted that PDI distributed a nutritional bar called the "BioZone" bar that Dr. Sears developed, and otherwise denied.

19.     Admitted for the period of time up to June 1996. Dr. Sears and Zone Labs admit that Exhibit 2 is a true and accurate copy of what it purports on its face to be.

20.     Admitted that Dr. Sears dismissed certain BioZone bars as "nothing more than candy." Denied that the bars to which Dr. Sears was referring were the exact same bars that he had endorsed previously. Admitted that Exhibit 3 is a true and accurate copy of what it purports on its face to be.

21.     Admitted that Dr. Sears formed Eicotech in the third quarter of 1996 and admitted that Eicotech sold nutrition bars that Dr. Sears had developed. The other

5

allegations of the first sentence of paragraph 21 are denied. Denied that the Stock
Purchase and Holders Agreement "memorializes" the "creation" of ZonePerfect.
Admitted that Exhibit 4 is a true and accurate copy of what it purports on its face to be.
The last sentence of paragraph 21 is admitted except that Eicotech began operations in
Dr. Sears's space and not adjacent to it.

22.    Admitted.

23.    Paragraph 23 purports to characterize the Stock Purchase and Holders
Agreement, which speaks for itself, and no answer is required. To the extent that an
answer is required, Dr. Sears and Zone Labs deny that paragraph 23 accurately
characterizes the terms of that Agreement.

24.    Paragraph 24 purports to characterize the Stock Purchase and Holders
Agreement, which speaks for itself, and no answer is required. To the extent that an
answer is required, Dr. Sears and Zone Labs deny this paragraph accurately characterizes
the terms of that Agreement and specifically deny that § 7.1(e) constitutes a transfer
provision.

25.    Denied that Eicotech intended to market the Eicotech bar through retail
outlets at the time that it was created. Admitted that in mid-1998 Eicotech began hiring
staff and otherwise preparing for retail distribution.

26.    The first sentence is admitted. The second sentence is denied except that
the bars were marketed to Dr. Sears's existing customer list, which was generated in part
from the 800 number. The third through fifth sentences are admitted.

**Evolution of the ZonePerfect Mark**

27.     The first sentence of this paragraph is admitted. The second sentence is denied.

28.     Admitted.

29.     Admitted, except that Dr. Sears and Zone Labs deny that the ZonePerfect 'logo' can accurately be characterized as the "Zone logo." Admitted that the document attached as Exhibit 5 is a true and accurate copy of what it purports on its face to be.

30.     Admitted, except that Dr. Sears and Zone Labs deny that the ZonePerfect logo can accurately be characterized as the "Zone logo." Admitted that Exhibit 6 is a true and accurate copy of what it purports on its face to be.

31.     Admitted.

32.     Admitted. Admitted that Exhibit 7 is a true and accurate copy of what it purports on its face to be.

33.     Denied that Eicozone bars (or later ZonePerfect bars) were sold through multi-level marketing, and otherwise admitted.

34.     Admitted. Admitted that Exhibit 8 is a true and accurate copy of what it purports on its face to be.

**ZonePerfect Develops into a Commercial Success**

35.     Admitted, except that the company website was not established until 1998 or later.

36.     Admitted.

37.     Admitted.

38.     Admitted.

39.     Denied that Dr. Sears developed the "crunch bar" or "slab bar" in 1998 or at any other time. Admitted that the bar at that time came in four flavors. Dr. Sears and Zone Labs have no knowledge concerning which flavors ZonePerfect still offers today.

40.     Dr. Sears and Zone Labs have no knowledge of the allegations contained in paragraph 39 and call on the plaintiff to prove same to the extent relevant.

41.     Admitted. Further answering, Dr. Sears believed that he could not prevent his name from being used on the bars because of his contractual agreement with Eicotech. Dr. Sears and Zone Labs further admit that Exhibit 9 consists of true and accurate copies of the documents that they purport to be on their face.

42.     Admitted. Further answering, such statement was originally made for the bars that Dr. Sears developed and was used without Dr. Sears's having seen the ingredient lists for the "slab bars." Dr. Sears and Zone Labs further admit that Exhibit 10 consists of true and accurate copies of the documents that they purport to be on their face.

43.     Admitted.

44.     Because Dr. Sears ceased to be an employee of Eicotech in December, 1998, he has no personal knowledge of the allegations contained in this paragraph, and Dr. Sears and Zone Labs call on the plaintiff to prove same to the extent relevant.

45.     Because Dr. Sears ceased to be an employee of Eicotech in December, 1998, he has no personal knowledge of the allegations contained in this paragraph, and Dr. Sears and Zone Labs call on the plaintiff to prove same to the extent relevant.

46.     Because Dr. Sears ceased to be an employee of Eicotech in December, 1998, he has no personal knowledge of the allegations contained in this paragraph, and Dr. Sears and Zone Labs call on the plaintiff to prove same to the extent relevant. Dr.

Sears and Zone Labs have no personal knowledge of whether Exhibit 11 is a true and accurate copy of what it purports to be, and call on the Plaintiff to prove same to the extent relevant. Denied that Exhibit 11 can properly be characterized as a "Zone logo."

47.     Dr. Sears and Zone Labs admit that Exhibit 12 purports to evidence the issuance of Trademark Registration Number 2,645,665 issued to ZonePerfect, but are without personal knowledge of whether the document is a true and accurate copy of what it purports to be. Dr. Sears and Zone Labs are without knowledge of the other allegations in Paragraph 47, and call on the plaintiff to prove same to the extent relevant.

48.     Dr. Sears and Zone Labs admit that Exhibit 13 purports to evidence Trademark Registration Number 2,294,807 issued to the Eicotech, but are without personal knowledge of whether the document is a true and accurate copy of what it purports to be. Dr. Sears and Zone Labs are without knowledge of the other allegations in paragraph 48, and call on the plaintiff to prove same to the extent relevant.

49.     Dr. Sears and Zone Labs admit that Exhibit 14 purports to evidence Trademark Registration Number 2,269,790 to Eicotech, but are without personal knowledge of whether the document is a true and accurate copy of what it purports to be. Dr. Sears and Zone Labs are without knowledge of the other allegations of paragraph 49, and call on the plaintiff to prove same to the extent relevant.

50.     Dr. Sears and Zone Labs admit that Exhibit 15 purports to evidence Trademark Registration Number 2,492,467 to ZonePerfect, but are without personal knowledge of whether the document is a true and accurate copy of what it purports to be. Dr. Sears and Zone Labs are without knowledge of the remaining allegations of paragraph 50, and call on the plaintiff to prove same to the extent relevant.

9

51.     Dr. Sears and Zone Labs admit that Exhibit 16 purports to evidence
Trademark Registration Number 2,408,977 to ZonePerfect, but are without personal
knowledge of whether the document is a true and accurate copy of what it purports to be.
Dr. Sears and Zone Labs are without knowledge of the remaining allegations of
paragraph 51, and call on the plaintiff to prove same to the extent relevant.

52.     Dr. Sears and Zone Labs admit that Exhibit 17 purports to evidence
Trademark Registration Number 2,487,942 to ZonePerfect Corporation, but are without
personal knowledge of whether the document is a true and accurate copy of what it
purports to be. Dr. Sears and Zone Labs are without knowledge of the remaining
allegations of paragraph 52, and call on the plaintiff to prove same to the extent relevant.

53.     Dr. Sears and Zone Labs admit that Exhibit 18 purports to evidence
Trademark Registration Number 2,466,823 to ZonePerfect Corporation, but are without
personal knowledge of whether the document is a true and accurate copy of what it
purports to be. Dr. Sears and Zone Labs are without knowledge of the remaining
allegations of paragraph 53, and calls upon the plaintiff to prove same to the extent
relevant.

54.     Paragraph 54 constitutes a conclusion of law to which no response is
required. To the extent that a response is required, Dr. Sears and Zone Labs deny that the
registered marks previously referenced are appropriately termed "Zone Marks," since all
such marks are misleadingly descriptive and none trademark the word "Zone" except in
conjunction with other terms.

55.     Dr. Sears and Zone Labs admit that ZonePerfect has sold nutrition bars
under the ZonePerfect name since 1997 or thereabouts. Dr. Sears and Zone Labs also

admit that ZonePerfect has licensed meal delivery services in recent years under the ZonePerfect name. Dr. Sears and Zone Labs are otherwise without knowledge of all the allegations of this paragraph, and call on the plaintiff to prove same to the extent relevant.

56. Paragraph 56 constitutes a conclusion of law to which no response is required. To the extent that a response is required, the allegations are denied.

## ZonePerfect's Multi-Million Dollar Buy-Out of Sears and His Affiliates

57. The first sentence of paragraph 57 is admitted. Further answering, Dr. Sears's and Zone Labs' dissatisfaction derived from, inter alia, Eicotech's desire to move into the mass market and to reduce resources to pursue medical products and to develop medical centers for the treatment of chronic diseases, which was the company's primary original purpose. The second and third sentences of paragraph 57 are denied.

58. Dr. Sears and Zone Labs admit that Exhibit 19 is a true and accurate copy of what it purports on its face to be. The remainder of paragraph 58 requires no response insofar as it characterizes the 2001 Agreement, which speaks for itself. To the extent that an answer is required, Dr. Sears and Zone Labs deny the characterization of the 2001 Agreement contained in this paragraph.

59. Paragraph 59 requires no response insofar as it characterizes the 2001 Agreement, which speaks for itself. To the extent that an answer is required, Dr. Sears and Zone Labs deny the characterization of the 2001 Agreement contained in this paragraph.

60. Denied.

61. Denied.

11

62.     Paragraph 62 requires no response insofar as it characterizes the 2001 Agreement, which speaks for itself. To the extent that an answer is required, Dr. Sears and Zone Labs deny the characterization of the 2001 Agreement contained in this paragraph.

63.     Paragraph 63 requires no response insofar as it characterizes the 2001 Agreement, which speaks for itself. To the extent that an answer is required, Dr. Sears and Zone Labs deny the characterization of the 2001 Agreement contained in this paragraph.

64.     Denied.

## 2002-2003 Putting ZonePerfect On The Market

65.     Dr. Sears and Zone Labs are without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant.

66.     Dr. Sears and Zone Labs are without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant.

67.     Dr. Sears and Zone Labs are without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant.

68.     Dr. Sears and Zone Labs are without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant. Dr. Sears and Zone Labs are without personal knowledge of whether Exhibit 20 is a true and accurate copy of what it purports to be.

69.     Dr. Sears and Zone Labs are without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant.

12

**Hershey Offers To Purchase ZonePerfect.**

70.     Dr. Sears and Zone Labs are without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant.  Dr. Sears and Zone Labs are without personal knowledge of whether Exhibit 21 is a true and accurate copy of what it purports to be.

71.     Dr. Sears and Zone Labs are without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant.

72.     Dr. Sears and Zone Labs are without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant.

73.     Dr. Sears and Zone Labs are without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant.

74.     Dr. Sears and Zone Labs are without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant.

75.     Dr. Sears and Zone Labs are without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant.  Dr. Sears and Zone Labs are without personal knowledge of whether Exhibit 22 is a true and accurate copy of what it purports to be.

76.     Dr. Sears and Zone Labs admit that by February 21, 2003 Dr. Sears was no longer an employee or shareholder of ZonePerfect.  As to the other allegations of this paragraph, Dr. Sears and Zone Labs are without knowledge of those allegations and call on the plaintiff to prove same to the extent relevant.

77.     Dr. Sears and Zone Labs are without knowledge or information sufficient to frame a response to the allegations of this paragraph and call on the plaintiff to prove

13

same to the extent relevant. Dr. Sears and Zone Labs are without personal knowledge of whether Exhibit 23 is a true and accurate copy of what it purports to be.

78.     Paragraph 78 purports to quote a document which speaks for itself, and no answer is required.

79.     Dr. Sears and Zone Labs are without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant.

80.     Dr. Sears and Zone Labs are without knowledge of why ZonePerfect arranged the Radius lunch. The allegations of Paragraph 80 are otherwise admitted, except that it was Dr. Sears, Doug Sears and George Jochum of Zone Labs (who are not Dr Sears's "representatives") who participated in the private meeting with Hershey.

81.     Dr. Sears and Zone Labs are without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant.

82.     Dr. Sears and Zone Labs are without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant.

83.     Dr. Sears and Zone Labs are without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant.

## Hershey Announces Its SmartZone Bar

84.     Admitted that Hershey, Dr. Sears, and Zone Labs agreed to develop and market the SmartZone Bar™. The other allegations of this paragraph are denied.

85.     Dr. Sears and Zone Labs admit that Exhibit 24 is a true and accurate copy of what on its face it purports to be. Dr. Sears and Zone Labs admit that this paragraph accurately quotes the February 9, 2004 press release attached as Exhibit 24.

14

86. Dr. Sears and Zone Labs deny that there are any 'Zone marks' which could be used in the bar's name. The other allegations in the first sentence of this paragraph are admitted. The second sentence is denied. Dr. Sears and Zone Labs admit that Exhibit 25 is a true and accurate rendition of the "Dr. Sears and Zone Labs Approved" seal in its current design. Dr. Sears and Zone Labs also admit on information and belief that Ex. 25 truly and accurate reproduces the packaging for the SmartZone Bar™.

87. Denied that the "statement" rendered in the first sentence of this paragraph was ever made. Denied that "all" of ZonePerfect's bars were developed "for many years" by Dr. Sears. Further answering, none of the ZonePerfect Bars now on the market were ever developed by or knowingly endorsed by Dr. Sears.

88. Dr. Sears and Zone Labs are without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant. Dr. Sears and Zone Labs have no knowledge whether Exhibit 26 is a true and accurate copy of what it purports on its face to be and call on the plaintiff to prove same to the extent relevant.

89. Denied, except that Hershey has, upon information and belief, announced the product and may have undertaken other activities in support of it.

90. Dr. Sears and Zone Labs are without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant.

91. Dr. Sears and Zone Labs are without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant. Dr. Sears and Zone Labs are without knowledge of whether Exhibit 27 is a true and accurate copy of what it purports to be.

15

92.     Dr. Sears and Zone Labs are without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant.

93.     Dr. Sears and Zone Labs are without knowledge as to whether the presentation referenced could be accessed at the specified address.

94.     Dr. Sears and Zone Labs admit the first sentence of this paragraph. Dr. Sears and Zone Labs admit that the quotation appearing in the second sentence of this paragraph is accurately rendered, but deny that the statement is false. The third and fourth sentences are admitted. Dr. Sears and Zone Labs admit that Exhibit 28 is a true and accurate copy of what it purports on its face to be.

95.     The quotation appearing in the first sentence of paragraph 94 is admitted to be accurate, but Dr. Sears and Zone Labs deny that the substance of the statement is false. Further answering, none of ZonePerfect's nutrition bars currently on the market have ever been knowingly endorsed or approved by Dr. Sears and Zone Labs. The second sentence of this paragraph is denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Dr. Sears and Zone Labs are without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant.

100.    Denied.

101.    Denied.

**Hershey's and Sears' Efforts to Register Zone-Related Trademarks**

102.    Dr. Sears and Zone Labs are without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant.

103.    This paragraph contains only conclusions of law directed to co-defendant Hershey and no response is therefore required. To the extent that a response is required, the allegations are denied.

104.    Admitted that Dr. Sears and/or Zone Labs have filed numerous Zone-related trademark and service mark registration applications with the PTO, but denied that those applications constitute either a violation of the 2001 Agreement or of ZonePerfect's right to any valid trademark which it holds.

105.    Admitted.

106.    Denied.

**Omega Zone Products**

107.    Admitted.

108.    Admitted, except that the vague and conclusory characterization of OmegaZone® bar sales as "modest" can be neither admitted nor denied. Further answering, Omega Zone® products are also sold via direct mail and through the 800 number which continues to appear in all of Dr. Sears's books.

109.    Admitted that Dr. Sears and Zone Labs have introduced "Sea Health Plus" supplements; denied that the logo which appears on the product in any manner infringes, dilutes or otherwise copies any intellectual property in which ZonePerfect has a cognizable interest.

110.    Denied.

17

111.   Denied. Further answering, to the extent that any consumer confusion exists, it is the result of ZonePerfect attempting to confuse consumers into believing that Dr. Sears and Zone Labs approves of, supports, or is associated with its products.

## COUNT I – Hershey, Sears, and Zone Labs
(Violation of the Lanham Act, § 32)

112.   Dr. Sears and Zone Labs repeat their responses to the allegations in each of the above paragraphs as if fully set forth herein.

113.   This paragraph contains conclusions of law to which no response is required. Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer. Dr. Sears and Zone Labs are without knowledge of the remaining factual allegations of this paragraph and call on the plaintiff to prove same to the extent relevant.

114.   Dr. Sears and Zone Labs are without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant. Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

115.   Dr. Sears and Zone Labs are without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant. Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

116.   Denied. Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

18

117.    Dr. Sears and Zone Labs admit that ZonePerfect has sold goods in interstate commerce under the ZonePerfect name. Dr. Sears and Zone Labs are without knowledge of the other allegations of this paragraph and call on the plaintiff to prove same to the extent relevant. Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

118.    Denied. Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

119.    Denied.

120.    Denied.

121.    Denied that ZonePerfect has any marks which are properly termed "Zone Marks." Admitted that some of ZonePerfect's registrations antedate Dr. Sears's and Zone Labs' use of some of the trademarks referenced in this complaint, but denied that Dr. Sears's and Zone Labs' actions violate the Lanham Act or any other provision of law. Dr. Sears and Zone Labs are without knowledge of the other allegations of this paragraph and call on the plaintiff to prove same to the extent relevant.

122.    Dr. Sears and Zone Labs state that this paragraph states a conclusion of law to which no response is required. To the extent that a response is required, it is denied.

123.    Denied.

19

## COUNT II – Hershey, Sears, and Zone Labs
(Violation of the Lanham Act, § 43(a))

124.    Dr. Sears and Zone Labs repeat their responses to the allegations in each of the above paragraphs as if fully set forth herein.

125.    Dr. Sears and Zone Labs are without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant. Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

126.    Dr. Sears and Zone Labs are without knowledge of allegations of this paragraph and call on the plaintiff to prove same to the extent relevant. Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

127.    Denied. Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

128.    Dr. Sears and Zone Labs admit that ZonePerfect has sold goods in interstate commerce under the ZonePerfect name. Dr. Sears and Zone Labs are otherwise without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant. Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

129.    Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

20

130.   Denied.

131.   Denied.

132.   Denied.

133.   Dr. Sears and Zone Labs states that this paragraph states a conclusion of law to which no response is required. To the extent that a response is required, it is denied.

134.   Denied.

### COUNT III – Hershey, Sears, and Zone Labs
(Violation of the Lanham Act, § 43(c))

135.   Dr. Sears and Zone Labs repeat their responses to the allegations in each of the above paragraphs as if fully set forth herein.

136.   This paragraph states a conclusion of law to which no response is required. To the extent that a response is required, it is denied.

137.   Denied that Dr. Sears and Zone Labs have made use of "the Zone marks" in commerce. Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

138.   Denied. Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

139.   Denied. Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

21

140.    Denied.  Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

141.    Denied.  Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

142.    Denied.  Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

143.    Denied.

## COUNT IV – Hershey, Sears, and Zone Labs
(Violation of Common Law Trademark Rights)

144.    Dr. Sears and Zone Labs repeat their responses to the allegations in each of the above paragraphs as if fully set forth herein.

145.    Dr. Sears and Zone Labs are without knowledge of the allegations of this paragraph and call on the plaintiff to prove same to the extent relevant.  Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

146.    Denied.  Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.  Further answering, the Hershey/Sears bar will in fact adhere to the principles of the Zone diet as articulated in Dr. Sears's copyrighted works, and ZonePerfect's current nutrition bars do not comply with those principles.

22

147.    Denied. Dr. Sears and Zone Labs specifically deny that any product Dr. Sears will approve will "purport to follow the same Zone Diet principles as those offered by ZonePerfect" since ZonePerfect's nutrition bars do not follow Zone Diet principles. Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

148.    Denied. Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

149.    Denied. Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

150.    Denied.

## COUNT V – Hershey, Sears, and Zone Labs
(Violation of the Massachusetts Anti-Dilution Impact, M.G.L. c. 110B)

151.    Dr. Sears and Zone Labs repeat their responses to the allegations in each of the above paragraphs as if fully set forth herein.

152.    Denied. Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

153.    Denied. Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed marks are not properly referred to as "Zone Marks" for the reasons previously set forth in this Answer.

23

154.    Denied.  Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed

marks are not properly referred to as "Zone Marks" for the reasons previously set forth in

this Answer.

155.    Denied.  Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed

marks are not properly referred to as "Zone Marks" for the reasons previously set forth in

this Answer.

156.    Denied.  Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed

marks are not properly referred to as "Zone Marks" for the reasons previously set forth in

this Answer.

## COUNT VI – Sears

(Declaratory Judgment – Opposition to Trademark Registration Application)

157.    Dr. Sears and Zone Labs repeat their responses to the allegations in each

of the above paragraphs as if fully set forth herein.

158.    Admitted.

159.    Admitted.

160.    Admitted.

161.    Admitted.

162.    Admitted.

163.    Admitted.

164.    Admitted.

165.    Admitted.

166.    Admitted.

167.    Admitted.

168.    Admitted.

24

169. Admitted.

170. Admitted.

171. Admitted.

172. Admitted.

173. Admitted.

174. Admitted.

175. Admitted.

176. Admitted

177. Admitted.

178. Admitted.

179. Denied.

180. Denied.

181. Denied. Dr. Sears and Zone Labs reiterate that ZonePerfect's claimed

marks are not properly referred to as "Zone Marks" for the reasons previously set forth in

this Answer.

182. Denied.

183. Denied.

## COUNT VII – Hershey
(Declaratory Judgment – Opposition to Trademark Registration Application)

184-190.      Dr. Sears and Zone Labs state that these paragraphs state

allegations only against co-defendant Hershey, and that no answer is therefore required.

25

**COUNT VIII – Hershey, Sears and Zone Labs**
(Violation of Lanham Act § 43(a) – False Advertising)

191.    Dr. Sears and Zone Labs repeat their responses to the allegations in each

of the above paragraphs as if fully set forth herein.

192.    Denied.

193.    Denied.

194.    The first sentence of this paragraph is admitted.  The second sentence is

denied.

195.    Denied that Dr. Sears and Zone Labs' statements on matters of public

interest and scientific fact constitute "commercial advertising" and denied that those

statements are false or misrepresent the nature, characteristics, or quality of the

ZonePerfect Nutrition Bars.

196.    Denied.

197.    Denied that the statements cited are false, and denied that the statements

include material misrepresentations.  Admitted that the statements question the quality of

ZonePerfect products, admitted that the statements question the health benefits of the

ZonePerfect products, and admitted that they are likely to influence purchasing decisions.

198.    Denied.

199.    Denied.

**COUNT IX – Hershey, Sears and Zone Labs**
(Commercial Disparagement)

200.    Dr. Sears and Zone Labs repeat their responses to the allegations in each

of the above paragraphs as if fully set forth herein.

26

201.   Denied that Dr. Sears and Zone Labs ever stated or implied that the

Hershey "SmartZone Bar™" was the "first" nutrition bar "approved" by Dr. Sears and

Zone Labs. Further answering, Dr. Sears and Zone Labs state that the SmartZone Bar™

has been announced as "the first-ever nutrition bars with the science-based nutritional

benefits of the Zone **and** the great taste consumers expect from Hershey." Denied that

any of ZonePerfect's current nutrition bars were designed by Dr. Sears, and denied that

there is anything misleading about any of the statements quoted in this paragraph. The

second sentence of this paragraph is admitted.

202.   Admitted that the statements were made. The remaining allegations of

this paragraph are denied.

203.   Denied that truthful statements of scientific fact constitute an attempt to

compete with ZonePerfect, and if such statements are deemed in competition with

ZonePerfect, denied that they compete unfairly and deceptively.

204.   Denied.

205.   Denied.

## COUNT X – Sears
(Breach of Contract)

206.   Dr. Sears and Zone Labs repeat their responses to the allegations in each

of the above paragraphs as if fully set forth herein.

207.   Admitted.

208.   Denied.

209.   Denied.

210.   Denied.

27

### COUNT XI – Hershey
(Tortious Interference With Contractual Relations)

211-215.  Dr. Sears and Zone Labs states that these paragraphs state allegations

only against co-defendant Hershey, and that no answer is therefore required.

### COUNT XII – Sears
(Breach of Covenant of Good Faith and Fair Dealing)

216.    Dr. Sears and Zone Labs repeat their responses to the allegations in each

of the above paragraphs as if fully set forth herein.

217.    Denied.

218.    Denied.

### COUNT XIII – Hershey
(Breach of Contract)

219-223.       Dr. Sears and Zone Labs state that these paragraphs state

allegations only against co-defendant Hershey, and that no answer is therefore required.

### COUNT XIV – Hershey
(Breach of Covenant of Good Faith and Fair Dealing)

224-226.       Dr. Sears and Zone Labs state that these paragraphs state

allegations only against co-defendant Hershey, and that no answer is therefore required.

### COUNT XV – Hershey
(Violation of Mass. Gen. L. ch. 93A)

227.    Dr. Sears and Zone Labs repeat their responses to the allegations in each

of the above paragraphs as if fully set forth herein.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Denied.

232.    Denied.

Dr. Sears and Zone Labs deny that ZonePerfect is entitled to any of the relief sought in paragraphs (A)-(BB) inclusive of its complaint.

## DEFENSES

The following are set forth without conceding that Dr. Sears and Zone Labs in fact have the burden of proof on them.

## FIRST DEFENSE

The Complaint and each of its counts fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The plaintiff's claims are barred, in whole or in part, by the release contained in the 2001 Agreement.

## THIRD DEFENSE

The plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## FOURTH DEFENSE

The plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## FIFTH DEFENSE

The plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## SIXTH DEFENSE

The plaintiff's claims for equitable relief are barred by its own unclean hands.