UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN -2 P 4: 54

U.S. DISTRICT COURT
DISTRICT OF MASS.

ZONEPERFECT NUTRITION COMPANY )
)
)
Plaintiff, )
)
v. )   CIVIL ACTION
)   NO. 04-10760-REK
)
HERSHEY FOODS CORPORATION, )
HERSHEY CHOCOLATE & )
CONFECTIONERY CORPORATION, and )
BARRY D. SEARS, )
)
)
Defendants. )
)

## EMERGENCY MOTION OF PLAINTIFF ZONEPERFECT NUTRITION COMPANY TO COMPEL DISCOVERY FROM DEFENDANT BARRY SEARS[1]

Plaintiff ZonePerfect Nutrition Company ("ZonePerfect") hereby moves that the Court compel defendant Barry Sears to provide interrogatory answers, and to produce documents responsive to ZonePerfect's document requests, that Sears is withholding solely on the grounds that such information and documents were designated as confidential by a non-party in a prior lawsuit.

---

[1] This discovery motion is being filed in accordance with the Preliminary Injunction Scheduling Order entered in this case, Paragraph E of which provides that "Should the parties be unable to resolve any discovery disputes, the following expedited process shall be followed: With regard to any unresolved discovery disputes, the parties shall file a motion to compel within **three (3) business days** of the parties' Local Rule 7.1 conference. Briefs in opposition shall be filed within **three (3) business days** of receipt of motions to compel. Should the Court deem oral argument necessary, the parties agree to be heard at the Court's first convenience at any point within **five (5) business days** of the filing of a motion to compel." ZonePerfect has filed this motion within three (3) business days of conclusively establishing that it will not be able to secure the information at issue in the manner demanded by defendant Barry Sears.

LITDOCS:553675.1

-2-

## BACKGROUND AND INTRODUCTION

This case centers on the efforts of ZonePerfect, manufacturer of the well-established ZonePerfect® nutrition bar, to preliminarily enjoin the trademark infringement of defendants Sears and Hershey Food Products – reflected by their choice of brand name ("SmartZone"), use of ZONE Marks, and stylization and placement of lettering on packaging for nutrition bars – before the national product roll-out which will irreparably harm plaintiff. In connection with its discovery of this matter, ZonePerfect has requested the production of certain documents, and requested by interrogatory information, related to a prior litigation to which both defendant Sears (as well as entities he controlled), as well as plaintiff ZonePerfect (prior to its name change from Eicotech Corp.) were parties. The prior litigation was captioned *Surfactant Technologies, Inc. v. Pure Distributors, Inc., d/b/a ENVION International and Matthew J. Freese*, United States District Court (D. Mass.) Civil Action No. 96-11155-RGS (the "Envion Litigation")

Sears refuses to produce to ZonePerfect in this litigation many requested documents solely on the ground that, pursuant to a protective order (*to which ZonePerfect was a party*) (the "Envion Litigation Protective Order"), the documents were designated as confidential by parties adverse to Sears in the Envion Litigation -- namely, Pure Distributors, Inc. ("PDI") and its president, Matthew J. Freese. Attached hereto as *Exhibit A* is an email exchange between counsel for Sears and ZonePerfect identifying several of the categories of documents at issue and confirming that "[l]ot's of [the documents ZonePerfect want[s] were [ ] marked" confidential and thus are not being produced in an unredacted form. Sears likewise refuses to answer ZonePerfect's interrogatories on the same ground. *See* Sears' Response to Interrogatory No. 1(g) to Sears' Responses to ZonePerfect Nutrition Company's First Set of Interrogatories, a copy of which is attached hereto in pertinent part as *Exhibit B*.

Although still a legal entity, PDI is defunct.

Even though ZonePerfect was a party to the Envion Litigation Protective Order, a copy of which is attached hereto as *Exhibit C*, Sears refuses to produce to ZonePerfect in the instant litigation any documents designated as confidential by PDI and Freese in the Envion Litigation.

LITDOCS:553675.1

-3-

Rather than take any action itself to obtain whatever assent of PDI or leave of court it feels is required to produce the discoverable information, Sears has indicated that he will produce such materials only if *ZonePerfect* obtains either a court order or the consent from Freese and the defunct PDI, as well as an explicit waiver from Freese/PDI of the protections of the Envion Litigation Protective Order.

ZonePerfect has requested that Freese, on behalf of himself and PDI (as its president) grant the consent and waiver upon which Sears is insisting as a prerequisite to his production of the information at issue. ZonePerfect has assured Freese that any documents that he or PDI designated as confidential or highly confidential in the Envion lawsuit will retain that designation under the nearly identical (if not more restrictive) protective order filed in the instant litigation, a copy of which is attached hereto as *Exhibit D*. (Like the protective order filed in this case, the Envion Litigation Protective Order is two-tiered, providing heightened "attorneys eyes only" protection for "highly confidential" information.)

Freese, however, refuses to grant the consent and waiver upon which Sears is insisting as a prerequisite to the production of the documents at issue.[2] Sears has proclaimed that he will, therefore not produce the documents unless ZonePerfect obtains a Court order compelling him to do so.

As set forth below, the documents and interrogatory responses at issue are unquestionably discoverable. Accordingly, ZonePerfect moves that the Court order that Sears produce such information subject to its being designated and treated as "confidential" (or "highly confidential," if it had been so designated under the Envion Litigation Protective Order) under the protective order filed in this case.

---

[2] Although ZonePerfect has subpoenaed PDI, its president, Freese, informs that subpoenaing him or PDI for the documents is a waste of time because his copies of the documents were destroyed when his former law firm sent them to him in Florida by Federal Express during a period when he was away from his home for two weeks, and the documents, left outside his home during days of rain, were destroyed.

-4-

As further grounds for this motion, ZonePerfect states as follows:

1. *The information is indisputably discoverable*. The documents and interrogatory responses at issue are clearly discoverable. Indeed, even Sears does not claim otherwise. Rather the sole basis on which Sears claims to be withholding the material in question is that Freese/PDI designated it as confidential under the Envion Litigation Protective Order. It is not surprising that Sears is refusing to produce certain information concerning the Envion Litigation. That case involved conduct on the part of Sears that is strikingly similar to his conduct at issue in this case. Among other things, the Envion Litigation documents will reflect Sears' developing and endorsing a nutrition bar; leaving the company with which he did so;; and then disparaging the products he had previously endorsed and attempting to misappropriate the trademarks associated with such products. This is precisely what he has done again in the case at bar.

Sears developed the ZonePerfect nutritional bar at issue in this case. Prior to his founding of ZonePerfect in 1996, however, Sears had developed a nutritional bar called the "Biozone" bar. He collaborated with PDI to sell and distribute it. Sears publicly touted and endorsed the Biozone bars as "optimal athlete nutrition to lower insulin levels and reduce body fat." *See* Pierre, Colleen, *Athletes, Strength Trainers Need Adequate Carbohydrates in Diet*, Tampa Tribune, April 11, 1996, attached to Complaint as Exhibit 2.

Only a few months later, after Sears' abrupt split with Pure Distributors, Inc., Sears had completely reversed his opinion, dismissing the exact same Biozone nutritional bars as "nothing more than candy." *See* Seigal, Jessica, *Zoned Out*, Los Angeles Magazine, February 1997, attached to Complaint as Exhibit 3.

These are virtually the same words Sears has used to disparage the ZonePerfect bars which he had developed and unabashedly endorsed during his tenure with ZonePerfect. Sears now berates the same ZonePerfect nutrition bars as having the "nutritional equivalent of candy bars." *See* Counterclaims of Dr. Barry Sears at ¶ 19.

-5-

Moreover, just as Sears now seeks to usurp the common law and statutory right of ZonePerfect in its registered ZONE marks, in the Envion Litigation, Sears *unsuccessfully* asserted rights to the BIOZONE mark

Moreover, Sears' counsel has asserted that it is withholding from discovery portions of sworn testimony of Sears himself solely on the ground either that PDI/Freese designated it as confidential in the Envion Litigation or that the testimony "relates to" deposition exhibits that PDI/Freese designated as confidential.

2.   *There is no basis for withholding the information.*   There is no basis for withholding from ZonePerfect the documents (or information obtained therefrom) designated as "confidential" or "highly confidential" by PDI/Freese under the Envion Litigation Protective Order because *ZonePerfect is a party to that protective order* (that is, Eicotech, the name by which ZonePerfect previously did business, was a party to the Order).

Moreover, even if ZonePerfect were not a party to the Envion Litigation Protective Order, the production of the documents at issue pursuant to the protective order filed in this case (*see Exhibit D*) will not prejudice PDI/Freese in any respect whatsoever. Just like the Envion Litigation Protective Order, the protective order in place in this case provides for two tiers of confidentiality -- a normal tier for documents to which the parties themselves can have access for purposes of the litigation of the case only and a "highly confidential -- attorneys' eyes only tier," for documents so sensitive that the producing party feels that only attorneys and a limited group of others should have access to the same. Accordingly, documents that PDI/Freese designated as confidential or highly confidential under the Envion Litigation Protective Order may maintain such respective designations under the protective order in this case and receive protection from disclosure equal to, if not more restrictive than, the protection afforded such materials under the Envion Litigation Protective Order.

3.   *Freese refuses to consent to the production of the information.* In contrast to Sears, who prefers that the discoverable documents at issue never be produced, ZonePerfect has made every effort to secure this information without intervention from the Court. Besides trying

-6-

to reason with Sears, ZonePerfect, through its counsel, has requested of PDI's president, Matthew Freese, that he provide the consent/waiver that Sears demands and has explained to Freese that the protective order filed in the case at bar protects the documents at issue to the same degree as does the Envion Litigation Protective Order. Freese nonetheless refuses to consent. (A copy of this motion is being served upon Freese to provide him an opportunity to respond.)

## CONCLUSION

For the foregoing reasons, plaintiff ZonePerfect Nutrition Company respectfully requests that the Court compel defendant Barry Sears to produce those documents responsive to ZonePerfect's discovery requests, and to provide interrogatory answers. that is withholding from production on the grounds that such materials were designated as confidential or highly confidential by Pure Distributors, Inc. or Matthew Freese in the Envion Litigation, subject to such documents maintaining their designation as "confidential" or "highly confidential" under the protective order filed in the instant action.

Respectfully submitted,

**ZONEPERFECT NUTRITION COMPANY**

By its attorneys,

Daniel L. Goldberg, BBO #197380
Charles L. Solomont, BBO # 557190
Joshua M. Dalton, BBO #636402
Matthew L. Mitchell, BBO #647902
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated: June 2, 2004

LITDOCS:553675.1

-7-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for each defendant by hand to Ms. Arrowood and Mr. Adio and by mail to Mr. Smart this 2nd day of June, 2004.

_____
Charles L. Solomont

## CERTIFICATION PURSUANT TO LOCAL RULE 37.1

Counsel for plaintiff ZonePerfect Nutrition Company ("ZonePerfect") hereby certifies on this 2nd day of June, 2004 that counsel for ZonePerfect and counsel for defendant Barry Sears conferred and attempted in good faith to resolve or narrow the issues underlying the above motion.

_____
Charles L. Solomont

LITDOCS:553675.1