UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ZONEPERFECT NUTRITION COMPANY, )
                               )
Plaintiff-Counterclaim-Defendant, )
                               )     CIVIL ACTION
v.                             )     NO. 04-10760 (REK)
                               )
HERSHEY FOODS CORPORATION,     )
HERSHEY CHOCOLATE &            )
CONFECTIONERY CORPORATION, and )
BARRY D. SEARS,                )
                               )
Defendants-Counterclaim-Plaintiffs. )

FILED
IN CLERKS OFFICE
2004 MAY 28  P 4:47
U.S. DISTRICT COURT
DISTRICT OF MASS.

## PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their respective counsel and by any non-party that, by itself or through its counsel, agrees to the terms of this Stipulation and Protective Order, that the production and disclosure of confidential information in this action be governed by the following terms and conditions:

1.  Definitions

    (a)  The term "Confidential Information" means any information, whether oral or in documentary or other tangible form, so designated by any producing person that reasonably and in good faith believes is of the type, were it produced in response to a discovery request, that is protectable under Rule 26(c)(7), Fed. R. Civ. P. "Confidential Information" collectively refers to information designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only," pursuant to Paragraph 4 herein.

LITDOCS:550938.1

(b) The term "disclose" means to show, give, make available or communicate, in any fashion, to any person, any information, document, information concerning the content of any document, or any portion of the information contained in any document, furnished by any party or non-party in this action.

(c) The term "document" is synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Fed. R. Civ. P. A draft or non-identical copy is a separate document within the meaning of the term.

(d) The term "person" means any natural person, corporation, partnership, sole proprietorship, group, association, organization, business entity, governmental body, or agency.

(e) The term "producing person" means any person, whether a party or non-party, who produces any information, whether oral or in documentary or other tangible form, in response to any discovery method permitted by the Federal Rules of Civil Procedure, or who in this action otherwise discloses or furnishes information, whether oral or in documentary or other tangible form, to a party or non-party, including by disclosure in pleadings, motions or other papers filed with the Court and/or served on a party or non-party.

(f) The term "qualified person" means (i) outside counsel engaged to represent one of the parties to this action, including necessary paralegals, legal assistants, and stenographic and clerical employees, and outside services (including without limitation copy and document management services, litigation consulting services, and graphics services) actually assisting such counsel; (ii) outside experts and consultants of the parties who are assisting counsel identified in (i) in this action and any necessary assistants and stenographic and clerical employees under their direct supervision and employed by them or their employer or

organization; (iii) authors or recipients of the materials, as evidenced by the material itself, in that if it is to, from, or copied to that person, or as evidenced by other documents or testimony; (iv) inside trademark counsel of the parties to this action and inside counsel of the parties to this action with responsibilities for supervising this litigation (including necessary legal assistants and stenographic and clerical employees actually assisting such counsel); and employees of each party whose access to Confidential Information is deemed necessary to the defense or prosecution of this action, who have reviewed and agree in writing to be bound by the terms of this protective order; and (v) the Court and Court personnel, and stenographers transcribing testimony or argument at a hearing, trial, or deposition; (vi) representatives of the respective parties' insurers with responsibilities for supervising this litigation who have reviewed and agree in writing to be bound by the terms of this protective order.

      (g)    The term "receiving party" means any person to whom information is disclosed in this action (i) in response to any discovery method permitted by the Federal Rules of Civil Procedure or (ii) in a pleading, motion or other paper filed with the Court and/or served on a party or non-party.

      2.    This Order applies to all documents and information produced, filed or served in this action regardless of whether such documents or information were produced, filed or served prior to or after the entry of this Order.

      3.    Any non-party to this action who desires the protection of this Order with respect to any information obtained from it in this action may obtain such protection by having its counsel execute and deliver to each party a copy of this Order, thereby agreeing to be bound by its provisions. The non-party seeking the protection of this Order shall file the executed copy with the Court.

4.  Any information supplied in documentary or other tangible form may be designated by the producing person as confidential information by placing or affixing on each page of such document, or on the face of such thing, the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only," as appropriate. Moreover, the parties may designate documents that are produced by non-parties and that contain Confidential Information as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," as appropriate. To designate any Confidential Information as "Highly Confidential - Attorneys' Eyes Only," the designating party must reasonably and in good faith believe that the Confidential Information reflects highly confidential business, marketing or creative plans, strategies, or methods, including business planning or financial documents having current or future applicability.

5.  Any information designated as Confidential Information shall be maintained in confidence by the receiving party, and shall be stored under the direct control of counsel of record who shall be responsible for preventing any disclosure not in accordance with this Order. Information designated as "Confidential" may be disclosed only to qualified persons. Information designated as "Highly Confidential - Attorneys' Eyes Only" may be disclosed only to (a) the qualified persons described in subparagraphs (i), (ii), (iii) and (v) of Paragraph 1(f) herein; and (b) four in-house counsel of each party, four in-house counsel of Abbott Laboratories, Inc. and one in-house counsel or one case manager for each insurer of Zone Labs, to be designated by the parties, Abbott Laboratories, and Zone Labs in advance, each of whom agrees in writing to be bound by this Order, *provided that* said in-house counsel shall not disclose such information or documents containing any such information to any person whatsoever other than the qualified persons described in subparagraphs (i), (ii), (iii), and (v) of Paragraph 1(f) herein. All qualified persons shall first read this Order and (i) agree to be bound

by the terms thereof, (ii) agree to maintain said information in confidence, and (iii) agree not to disclose Confidential Information to anyone other than a qualified person. Nothing in this paragraph shall prevent disclosure of Confidential Information to paralegals, legal assistants, stenographic and clerical employees, and outside services described in Paragraph 1(f) of this Order provided that such persons are informed that such information is subject to court order, must be held in confidence, and cannot be disclosed to anyone, and that such persons agree to abide by these terms.

6. All information or documents disclosed in this litigation, whether or not containing Confidential Information, shall be used solely for purposes of preparation for trial, pretrial proceedings and trial of this action and not for any business, commercial, competitive, personal or other purpose.

7. In the event that any question is asked at a deposition that calls for the disclosure of Confidential Information, the witness shall nevertheless answer such question unless he or she has an independent basis for not responding, provided that the only persons in attendance at the deposition are persons who are qualified to receive the Confidential Information. Counsel for the person claiming confidentiality may designate portions of the deposition as Confidential Information, either at the deposition by making a statement for inclusion in the deposition transcript, or within ten (10) business days after receipt of the deposition transcript by notifying opposing counsel in writing. All transcripts of depositions shall be treated as "Highly Confidential - Attorneys' Eyes Only" until ten(10) business days after receipt thereof by counsel for the parties and counsel for the witness.

8.  A person not otherwise permitted under this Order to have access to Confidential Information may be interviewed, may be examined as a witness at a deposition, may be shown, and may testify concerning any Confidential Information as follows:

(a)  A present employee of a producing person may be examined, may be shown, and may testify concerning any Confidential Information of that producing person.

(b)  A former employee or consultant of a producing person may be interviewed, may be examined, may be shown, and may testify concerning any Confidential Information of that producing person if such information (i) relates to the period of the former employee's or consultant's employment or retention with the producing person, and (ii) pertains to the subject matter of his or her employment or consultation or to the subject matter of his communications with that person.

(c)  A non-party individual who has had any contact or relationship with a party may be interviewed, may be examined, may be shown, and may testify concerning:

(1) any document containing Confidential Information that appears on its face to have been previously communicated to or from the non-party individual; and

(2) any Confidential Information of a party that specific documentary or testimonial evidence by that witness or others indicates was communicated between the non-party individual and the party.

9.  This Order is entered solely for the purpose of facilitating the exchange of information between the parties to this action and the presentation of documents and evidence to the Court without involving the Court unnecessarily in this process. Nothing in this Order, nor the production of any documents or disclosure of any information pursuant to this Order, shall be deemed to have the effect of (i) an admission or waiver, including waiver under the rules of evidence, by any party or other subscriber to this Order; (ii) altering the confidentiality or

nonconfidentiality of any such information; or (iii) altering any existing obligation of any party or other subscriber, or the absence of such obligation.

    10. Nothing herein shall be taken as indicating that any document or information designated as Confidential Information is entitled to confidential treatment. Nothing herein shall prevent disclosure beyond the terms of this Order prior to trial if the person claiming confidentiality consents in writing to such disclosure. If the receiving party desires to disclose Confidential Information to non-qualified persons, or if it disagrees with the designation by the producing person of any information as Confidential Information, then the receiving party and the producing person shall first try to resolve such dispute. If the dispute cannot be resolved, the party seeking such disclosure, upon no fewer than five (5) calendar days' written notice to the producing party may, by specifying the basis on which it claims that such designation is improper or that such disclosure is appropriate, seek a ruling from the Court that the information is not properly designated or that such disclosure is appropriate. Pending a determination by the Court, such information shall be treated under this Order as Confidential Information as designated by the producing person.

    11. No party shall be obligated to challenge the propriety of a confidential designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation. This Order shall be without prejudice to the right of any party or other subscriber to this Order (i) to bring before the Court at any time the question of whether any particular document or information is Confidential Information or whether its use should be restricted or (ii) to present a motion to the Court under Rule 26(c), Fed. R. Civ. P., for a separate protective order as to any such particular document or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice any party in any way in any future application for modification of this Order.

    12. In the event that a party wishes to use any Confidential or Highly Confidential information in, or as an exhibit to, any paper filed with the Court, the submitting party shall advise in advance all other parties of same, and shall prepare and circulate to all other

LITDOCS:550938.1

parties in advance of the submission a draft Assented-To Motion For Impoundment, requesting impoundment of the materials to be submitted pursuant to Local Rule 7.2. Parties receiving this notice and draft Motion shall not unreasonably withhold their assent to the Motion. The Motion shall be filed in advance of, or together with, the paper containing the confidential or highly confidential information. The paper shall be filed in a sealed envelope or container stating (i) the caption of the litigation, (ii) a description of the contents of the envelope or container, and (iii) a statement substantially in the following form:

> RESTRICTED. THIS ENVELOPE [OR CONTAINER] CONTAINS CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION AND IS NOT TO BE OPENED NOR THE CONTENTS TO BE DISPLAYED OR REVEALED EXCEPT BY ORDER OF THE COURT OR CONSENT OF THE PARTIES.

If the Motion for Impoundment is granted, the envelope or container shall be maintained under seal by the Clerk in accordance with the Court's order. If the Motion for Impoundment is denied, the Clerk shall return the envelope or container immediately to the submitting party.

13. The parties and any non-party that sign this Order and produce information subject to this Order shall attempt to agree upon procedures to protect at any hearing or trial the confidentiality of Confidential Information, shall, prior to such hearing or trial, submit such proposed procedures to the Court for its approval or modification, and shall submit any disputes relating thereto to the Court for its resolution.

14. The inadvertent production of any Confidential Information, Highly Confidential Information or privileged document, material or other information during discovery shall not be held to waive any rights to assert the confidential or privileged status of such document, material or information under this Order and to obtain the protections of this Order. Upon request, inadvertently produced privileged documents must be returned to the person who produces the document. Confidential Information or Highly Confidential Information inadvertently produced without designation as such may thereafter be so designated and, form that point forward, should be treated in accordance with such designation.

15. Upon final termination of this action, including all appeals, all parties and experts shall (i) at the option of the producing party, return to the producing party or destroy all originals of material produced and designated as Confidential Information and all identical copies, whether in whole or in part, of such documents, and (ii) destroy all copies thereof, except that, with respect to word processing and data base tapes and disks, they shall destroy such tapes or disks to the extent practicable. Outside counsel for each party shall be entitled to retain copies of any documents that have been filed with the Court or admitted into evidence and that contain or refer to information designated as Confidential Information, provided that all such documents shall remain subject to this Order. Counsel of record for the parties shall certify in writing to each producing person that the foregoing has been complied with.

16. Nothing contained herein shall limit in any way the use of Confidential Information by the producing party or its attorneys and their employees or prevent them from revealing such Confidential Information to whomever they choose. Moreover, nothing in this order prevents counsel from utilizing Confidential or Highly Confidential information in the examination or cross-examination of any person who is an author or recipient of the confidential or highly confidential information, irrespective of which party produced such information.

17. If Confidential or Highly Confidential discovery material is disclosed to any person other than in the manner authorized by this order, the disclosing party (or person, if not a party) must immediately bring all pertinent facts relating to the disclosure to the attention of counsel for all parties and, without prejudice to other rights and remedies of any party, make a good faith effort to retrieve the material and prevent further disclosure.

18.   This Order shall survive and remain in full force and effect after termination of this litigation.

Respectfully submitted on May __, 2004.

SO ORDERED.

_____
Honorable Robert E. Keeton
United States District Court Judge

The parties, by their undersigned counsel, hereby consent to the entry of the foregoing Order.

Dated: May 26, 2004.

BINGHAM MCCUTCHEN LLP

_____
Daniel L. Goldberg, BBO #197380
Joshua M. Dalton, BBO #636402
Matthew L. Mitchell, BBO #647902
150 Federal Street
Boston, MA 02110
(617) 951-8000
(617) 951-8736 (fax)

*Attorneys for Plaintiff and
  Counterclaim-Defendant
   ZonePerfect Nutrition Company*

MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO, P.C.

_____
Seni M. Adio, BBO #566709
Matthew Hurley, BBO #643638
One Financial Center
Boston, MA 02111
(617) 542-6000
(617) 542-2241 (fax)

KAYE SCHOLER LLP

_____
Thomas A. Smart
Richard A. De Sevo
425 Park Avenue
New York, NY 10022
(212) 836-8000
(212) 836-8689 (fax)

*Attorneys for Defendants and Counterclaim-
Plaintiffs Hershey Foods Corporation and
  Hershey Chocolate & Confectionery
  Corporation*

TODD & WELD LLP

_____
Lisa Arrowood, BBO #022330
Ian Crawford, BBO #544475
28 State Street, 31st Floor
Boston, MA 02109
(617) 624-4719
(617) 227-5777 (fax)

*Attorneys for Defendant and Counterclaim-
Plaintiff Barry D. Sears*

LITDOCS:550938.1

The parties, by their undersigned counsel, hereby consent to the entry of the foregoing Order.

Dated: May __, 2004.

| BINGHAM MCCUTCHEN LLP | MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C. |
|---|---|
| | /s/ [signature] |
| Daniel L. Goldberg, BBO #197380<br>Joshua M. Dalton, BBO #636402<br>Matthew L. Mitchell, BBO #647902<br>150 Federal Street<br>Boston, MA 02110<br>(617) 951-8000<br>(617) 951-8736 (fax) | Seni M. Adio, BBO #566709<br>Matthew Hurley, BBO #643638<br>One Financial Center<br>Boston, MA 02111<br>(617) 542-6000<br>(617) 542-2241 (fax) |

*Attorneys for Plaintiff and
  Counterclaim-Defendant
    ZonePerfect Nutrition Company*

KAYE SCHOLER LLP

Thomas A. Smart
Richard A. De Sevo
425 Park Avenue
New York, NY 10022
(212) 836-8000
(212) 836-8689 (fax)

*Attorneys for Defendants and Counterclaim-
Plaintiffs Hershey Foods Corporation and
  Hershey Chocolate & Confectionery
  Corporation*

TODD & WELD LLP

Lisa Arrowood, BBO #022330
Ian Crawford, BBO #544475
28 State Street, 31st Floor
Boston, MA 02109
(617) 624-4719
(617) 227-5777 (fax)

*Attorneys for Defendant and Counterclaim-
Plaintiff Barry D. Sears*

The parties, by their undersigned counsel, hereby consent to the entry of the foregoing Order.

Dated: May __, 2004.

BINGHAM MCCUTCHEN LLP

MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO, P.C.

_____
Daniel L. Goldberg, BBO #197380
Joshua M. Dalton, BBO #636402
Matthew L. Mitchell, BBO #647902
150 Federal Street
Boston, MA 02110
(617) 951-8000
(617) 951-8736 (fax)

*Attorneys for Plaintiff and
  Counterclaim-Defendant
  ZonePerfect Nutrition Company*

_____
Seni M. Adio, BBO #566709
Matthew Hurley, BBO #643638
One Financial Center
Boston, MA 02111
(617) 542-6000
(617) 542-2241 (fax)

KAYE SCHOLER LLP

_____
Thomas A. Smart
Richard A. De Sevo
425 Park Avenue
New York, NY 10022
(212) 836-8000
(212) 836-8689 (fax)

*Attorneys for Defendants and Counterclaim-
Plaintiffs Hershey Foods Corporation and
  Hershey Chocolate & Confectionery
  Corporation*

TODD & WELD LLP

_____
Lisa Arrowood, BBO #022330
Ian Crawford, BBO #544475
28 State Street, 31st Floor
Boston, MA 02109
(617) 624-4719
(617) 227-5777 (fax)

*Attorneys for Defendant and Counterclaim-
Plaintiff Barry D. Sears*