UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
ZONEPERFECT NUTRITION               )
COMPANY,                            )
                                    )
    Plaintiff and Counterclaim Defendant, )
                                    )
v.                                  )   CIVIL ACTION NO: 04-10760 REK
                                    )
HERSHEY FOODS CORPORATION,          )
HERSHEY CHOCOLATE &                 )
CONFECTIONERY CORPORATION,          )
DR. BARRY D. SEARS, AND             )
ZONE LABS, INC.,                    )
                                    )
    Defendants and Counterclaim-Plaintiffs. )
_____)

### DEFENDANTS' EMERGENCY MOTION
### PURSUANT TO FED. R. CIV. P 37
### (Memorandum Incorporated)

#### Introduction

In February 2004, plaintiff ZonePerfect Nutrition Company ("ZonePerfect") learned that defendant Hershey Foods Corporation ("Hershey") was going to launch a nutrition bar under the name *SmartZone* in the third-quarter of this year and that the bar was endorsed by defendant Dr. Barry Sears. It was not until mid-April, 2004, however, that ZonePerfect filed the present action. Simultaneously, ZonePerfect requested that the Court order a July 15, 2004 full trial on the merits of its 231-paragraph, 15-count complaint. Defendants opposed the request as wholly unrealistic, but agreed to an expedited schedule whereby an evidentiary hearing on ZonePerfect's preliminary injunction motion would be held on July 15.

On April 27, 2004, the Court held a hearing and adopted an ambitious expedited discovery schedule consistent with ZonePerfect's desire for expedited discovery and hearing. Under

sanctions3.DOC

that schedule, the parties were, *inter alia*, required to exchange their Initial Disclosures on May 10, 2004 and to produce their documents on May 28. (Order ¶¶ A, D, attached as Tab 1). In addition, ZonePerfect was required to produce on May 28 "[a]ny survey reports (including Rule 26(a)(2) expert designations and related disclosures for the expert(s) sponsoring the survey)." (*Id*. ¶ F). Non-survey expert reports and designations of both parties are due one June 11. (*Id*.). The order further provided that fact depositions "shall take place between" June 1 and June 30 and that expert depositions "may begin at any point after service of that expert's first report, and shall be completed on or before Friday, July 9, 2004." (*Id*. ¶¶ G, J). Proposed findings of fact and conclusions of law must be filed on July 1, and the evidentiary hearing will be held on July 15. (*Id*. ¶¶ L, M).

Unfortunately, ZonePerfect's failures to abide by its obligations under the Order are prejudicing defendants and will result in a log-jam at the end of this month that will seriously impact the parties' ability to complete their discovery within the time frame required by the Order and to submit meaningful proposed findings of fact and conclusions of law by the July 1 deadline. For whatever the reason, ZonePerfect has been unable to produce or schedule witnesses (other than one Hershey witness) during the first two weeks of June and, as a result, the majority of the depositions have been pushed toward the end of the month.

Now, having pushed depositions back, ZonePerfect served us late today with Supplemental Initial Disclosures with the names of *nine* new witnesses, including one present employee and two former employees. (Tab 2). Moreover, it has proposed a schedule whereby each of its survey experts will not be deposed until the end of the month, notwithstanding that additional non-survey expert reports are to be produced on June 11. ZonePerfect's refusal to produce experts before the end of the month is particularly egregious because at the April 27 hearing, the

Court ordered that ZonePerfect produce its survey expert reports and designations before defendants' were due and provided in the Scheduling Order that defendants could begin taking depositions after service of the first expert report. Yet ZonePerfect is refusing to make one of its key survey experts available until *after* defendants' survey experts' reports are due and is pushing the other survey expert back to the end of the month as well. As a result, the consumer survey experts and the other non-survey experts (who will not be designated until June 11) will not be deposed until the end of the month, at the very time that the overwhelming majority of the fact witnesses are being deposed. This scheduling crunch makes it next to impossible physically to conduct all these depositions, including those of nine new witnesses.

In addition to the impracticality of handling so many depositions in a compressed time period at the end of the month, this "schedule" subverts the entire purpose of having findings of fact and conclusions. It simply will not be possible to gather all the evidence and submit meaningful findings on July 1 because so many depositions, including of critical expert witnesses, will be ongoing or not even have been taken yet. As a result, the proposed findings of fact will be seriously incomplete and, thus, will be of little value to the Court (and the parties) and will have to be supplemented.

Accordingly, in this motion, defendants seek an order (i) precluding ZonePerfect from offering affidavits at the injunction hearing from any individual that it failed to identify in its May 10 Initial Disclosures, and (ii) compelling the deposition of ZonePerfect's survey experts, Itamar Simonson and Susan Schwartz McDonald, during the week of June 14 in Boston. In the alternative, defendants seek an order precluding ZonePerfect from offering any testimony or reports by Dr. Simonson and Dr. McDonald in support of its motion for a preliminary injunction.

Defendants' present motion does *not* seek to alter the date of the preliminary injunction hearing. To the contrary, as defendants advised the Court at the April 27, 2004 hearing on ZonePerfect's motion for expedited discovery and an expedited trial, defendants are in need of an early ruling so that they may proceed, if the Court rules in their favor, with the launch of their new *SmartZone* product on schedule. Moreover, because the very existence of this litigation and of the pending preliminary injunction motion creates uncertainty in the minds of customers and thus interferes indirectly with defendants' business, delay of the preliminary injunction hearing as a remedy for ZonePerfect's failure to meet its discovery obligations would perversely reward plaintiff for its dilatoriness and injure defendants in the marketplace.

## ARGUMENT

**I.     ZONEPERFECT VIOLATED THE SCHEDULING ORDER BY FAILING TO DISCLOSE WITNESSES IN ITS INITIAL DISCLOSURES**

In its May 10, 2004 Initial Disclosures, ZonePerfect identified just one current employee and then stated: "Various present and past employees of ZonePerfect Nutrition Company." (Tab 3 p.4). It used the same ambiguous phrase with respect to other entities, including its own investment bankers -- an entity the identity of whose employees ZonePerfect clearly knew at the time it served its Initial Disclosures. (*Id.* p.3). By contrast, it identified 15 individuals in its Initial Disclosures, four of whom are employed by defendants. In failing to identify its "present and past employees," ZonePerfect violated Fed. R. Civ. P. 26(a)(1)(A) and Local Rule 26.2(A), which require *identification* of individuals with discoverable information supporting a party's claims and defenses – *i.e.*, the "name and, if known, the address and telephone number." As explained below, ZonePerfect late today it supplemented its Initial Disclosures by identifying nine of its employees as persons "likely to have discoverable information that [it] may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). In this motion, defendants seek an

order precluding ZonePerfect from offering any affidavit or testimony at the injunction hearing from any of these new witnesses.

On May 20, 2004, Dr. Sears' counsel brought ZonePerfect's inadequate disclosures to its attention. (Tab 4). During a conference call with ZonePerfect's counsel only days later, ZonePerfect indicated that an amended automatic disclosure would be provided within the "next day or two." (Tab 5). ZonePerfect's commitment was confirmed in an email dated May 27, 2004. (*Id*). Then, a week later, ZonePerfect's counsel expressed surprise to Dr. Sears' counsel that the supplemental disclosures had not been produced and indicated that the amended disclosures would be provided immediately. (Tab 6). ZonePerfect's counsel also indicated that "it was not a big deal" because the supplemental disclosures would only add "a name or two" to the May 10 disclosure. (*Id*.). Nevertheless, no supplemental disclosures were forthcoming.

On June 2, 2004, over three weeks after it served its Initial Disclosures, ZonePerfect's counsel sent an email identifying *nine* new witnesses and stating that "we *will* amend our initial disclosure." (Tab 7). In a subsequent telephone conference, ZonePerfect's counsel refused to agree that any affidavits it intends to offer from these previously unidentified individuals would be limited to matters addressed in the yet-to-be-served supplemented disclosures. (Tab 6).

There is no basis on which ZonePerfect can claim that the identity of the nine new witnesses that it identified in its supplemental disclosures was not known to it on May 10 when it served its Initial Disclosures. In a telephone conference with defendants' counsel yesterday, ZonePerfect's counsel stated that it did not identify the individuals on May 10 because it had not yet seen defendants' answers and counterclaims and that the nine individuals are relevant only to the defenses and counterclaims. This is patent nonsense. To begin with, defendants served their answers and counterclaims on May 10 -- almost a month ago. Second, the basis for Dr. Sears'

(and Hershey's) affirmative defenses and counterclaims were set forth in his opposition to ZonePerfect's request for a July 15 trial date that he filed on April 23 -- over almost six weeks ago. (Tab 8). Even more fundamentally, *years ago* Drs. Sears put ZonePerfect on notice in writing as to the contentions that lie at the heart of his defenses and counterclaims. (*See, e.g.*, Tab 9).

Nor can there be any dispute that defendants have been prejudiced by ZonePerfect's failure to identify its witnesses as required by Rule 26 and the Scheduling Order. The Scheduling Order was put in place so that potential witnesses could be identified on May 10 and the parties could decide whether to seek discovery of them during the truncated discovery deposition periods. Defendants need time to identify documents from the various document productions (which to date number almost 150,000 pages between the parties) that relate to these individuals and to prepare for and take the depositions. As a result of ZonePerfect's unwillingness to proceed with depositions earlier, what has happened is that almost all of the depositions have been pushed toward the end of the month. Realistically, we need time to prepare for these depositions and cannot possibly accommodate nine new depositions on top of the **[number]** depositions that have already been scheduled between June 11 and the end of the month, not to speak of ZonePerfect's two survey experts and any additional experts that will be designated on June 11. When coupled with ZonePerfect's late production of documents, it will be nearly impossible to prepare adequately for those depositions even if they could be scheduled.[1]

---

[1] ZonePerfect has informed us that tomorrow it will produce four boxes of documents from the attorneys who represented it in connection with the contract that forms the heart of ZonePerfect's case. Also causing delay and inhibiting defendants' preparation for depositions and for the July 15 hearing was ZonePerfect's designation of thousands of

(continued...)

ZonePerfect should not be rewarded for its delay, for its violation of Rule 26, and for its violation of this Court's Scheduling Order. The law is clear that a disclosure that, as here, simply states "various present and past employees" with no further detail or support fails to comply with Rule 26(a)(1)(A)'s disclosure requirements. *Klononski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998). Also clear is that the remedy for violation of the Rule is preclusion.

Given ZonePerfect's failure to comply with its obligation to identify witnesses and the clear prejudice to defendants that this failure has caused, defendants respectfully request that the Court enter an order precluding ZonePerfect from offering affidavits or testimony at the July 15, 2004 preliminary injunction hearing from any individual whom ZonePerfect failed to identify in its May 10 Initial Disclosures. *See Coastal Fuels of Puerto Rico, Inc. v. Caribbean Petroleum Corp.*, 79 F.3d 182, 203 (1st Cir. 1996) ("A trial court may 'readily exclude a witness or exhibit if some previous order had set a deadline for identification and the proponent [has], without adequate excuse, failed to list the witness or exhibit.'") (quoting Fusco v. General Motors Corp., 11 F.3d 259, 265 (1st Cir. 1993)). Defendants do *not* seek an order precluding these individuals from testifying at the full trial on the merits.

II.  **ZONEPERFECT FAILED TO COMPLY WITH RULE 26'S EXPERT DISCLOSURE REQUIREMENTS AND HAS REFUSED TO PRODUCE ITS EXPERTS FOR DEPOSITIONS UNTIL THE END OF THE MONTH**

Over ZonePerfect's objection, the Court ordered staggered survey expert designations and reports, with ZonePerfect's due on May 28 and Dr. Sears and Hershey's due on June 28. In providing that depositions of experts "may begin at any point after service of that expert's first

---

documents as "highly confidential." As a result of these designations, defendants' counsel have been unable to consult with their clients about numerous documents that they should be permitted to see under the protective order in preparation for discovery and the upcoming hearing. ZonePerfect's counsel have stated that they will send us new copies of documents with corrected designations today or tomorrow.

report (Tab 1 ¶ G), the Scheduling Order contemplated that defendants would have the benefit of deposing ZonePerfect's survey experts in preparation of its survey expert reports.[2] Nonetheless, ZonePerfect has refused to produce its survey experts for deposition until the end of the month – June 28 for Dr. Simonson, which is the same date on which defendants' survey reports are due, and June 23-25 for Dr. McDonald.  For their part, defendants have offered to depose these experts during the weeks of June 7 or 14 or during the weekends surrounding those weeks.

      Any scheduling difficulty is a result of ZonePerfect's own conduct.  In sharp contrast to most trademark litigants who come to court armed with survey evidence to bolster their claims, ZonePerfect filed suit based on speculation, and -- despite its representation that it was prepared for a *final trial on the merits* on July 15 -- did not even retain an expert until *after* the Court issued its Scheduling Order.  Moreover, its counsel informed us yesterday that when he retained the experts, he inexplicably did not inquire as to their availability for depositions during the time period set forth in the Scheduling Order.  To make matters worse, ZonePerfect failed to provide all of the information and documents Rule 26(a)(2) requires be disclosed with and expert designation and report, and has stated that it will not do so at the earliest until June 4, a week after the designations were due. (Tab 10).  And on top of all of this, ZonePerfect has informed us that Dr. Simonson will be in Boston the week of June 14.  It is inconceivable that, given that we do not need a full day for his deposition, Dr. Simonson does not have enough free time then (or during the weekends before or after that week) to appear for his deposition.

---

[2]     Likewise, the Scheduling Order contemplated ZonePerfect having the opportunity to depose Dr. Sears and Hershey's experts before filing its rebuttal expert reports.  (Tab 1 ¶¶ F, J).

It is imperative that defendants have the opportunity to depose ZonePerfect's survey experts in advance of submitting their survey reports. Only through depositions (and review of the backup data, much of which has yet to be produced) can defendants fully understand what the experts did, how they calculated their numbers, and how they coded open-ended answers. The answers to these and other questions are needed for defendants' rebuttal experts to prepare their reports. Accordingly, defendants respectfully request that ZonePerfect be ordered to produce Dr. Simonson and Dr. McDonald during the week of June 14 on dates and at times to be agreed among counsel. In the alternative, defendants seek an order precluding ZonePerfect from offering any reports or testimony of these experts at the preliminary injunction hearing.[3]

## CONCLUSION

WHEREFORE, for the foregoing reasons, defendants respectfully request that the Court enter an Order:

(A)  Precluding ZonePerfect from offering affidavits or testimony at the preliminary injunction hearing from any individual whom it failed to identify in its Initial Disclosures dated May 10, 2004;

---

[3] *See* Fed. R. Civ. P. 37(c)(1) ("A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed."); Adv. Comm. Note, 1993 Amendment to Fed. R. Civ. P. 37, 146 F.R.D. 401, 691 (1993) (Rule 37(c)(1) is "a self executing sanction for failure to make a disclosure required by Rule 26(a), without further need for a motion under . . . [37](a)(2)(A)." "The sanction of excluding testimony pursuant to Rule 37 is automatic and mandatory unless the sanctioned party can show that the violation of Rule 26(a) was either justified or harmless." Eurosteel Corp. v. M/V Millenium Falson, 2003 WL 22424722, *2 (N.D. Ill. Oct. 22, 2003).

(B) Compelling ZonePerfect to produce Dr. Simonson and Dr. McDonald for depositions during the week of June 14 on dates and at times to be agreed among counsel or, alternatively, precluding ZonePerfect from offering any reports or testimony by them at the preliminary injunction hearing; and

(C) Providing whatever other or additional relief this Honorable Court deems just under the circumstances.

        BARRY D. SEARS
        And ZONE LABS, INC.

        By their attorneys,


           /s/ David H. Rich
        Lisa G. Arrowood (BBO#022330)
        Ian Crawford (BBO#544475)
        David H. Rich (BBO#634275)
        Todd & Weld LLP
        28 State Street
        Boston, MA  02109
        (617) 720-2626


        By their attorneys,

        HERSHEY FOODS CORPORATION AND
        HERSHEY CHOCOLATE & CONFECTIONERY
        CORP.


           /s/ Seni M. Adio
        Seni M. Adio, BBO #566709
        Matthew Hurley, BBO #643638
        Mintz, Levin, Cohn, Ferris,
         Glovsky and Popeo, P.C.
        One Financial Center
        Boston, MA  02111
        (617) 542-6000
        (617) 542-2241 (fax)

    /s/ Thomas A. Smart_____
Thomas A. Smart
Richard A. De Sevo
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
(212) 836-8000
(212) 836-7154 (fax)

## LR. 37.1 CERTIFICATE

    I, David Rich, herewith certify pursuant to L.R. 37.1 that prior to bringing Defendants' Emergency Motion Pursuant to Fed. R. Civ. P. 37, submitted concurrently herewith, I conferred with counsel for ZonePerfect Nutrition Company concerning the issues set forth therein and was unable to reach agreement on the matters addressed in the motion.

    /s/ David H. Rich_____
David H. Rich