**<u>TAB 1</u>**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ZONEPERFECT NUTRITION COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 04-10760-REK |
| ) | |
| HERSHEY FOODS CORPORATION, ) | |
| HERSHEY CHOCOLATE & ) | |
| CONFECTIONERY CORPORATION, and ) | |
| BARRY D. SEARS, ) | |
| ) | |
| Defendants. ) | |

## PRELIMINARY INJUNCTION SCHEDULING ORDER

For good cause shown, and pursuant to the agreement of the parties, IT IS HEREBY

ORDERED, this ____ of May 2004 that:

A.  Defendants shall respond to the Complaint in this action on or before **Monday, May 10, 2004.**

B.  The parties shall exchange initial disclosures as required by Fed. R. Civ. P. 26(a)(1) on or before **Monday May 10, 2004.**

C.  Plaintiff shall serve its motion for preliminary injunction and its initial supporting memorandum of law (but not affidavits or other evidence) on or before **Monday, May 10, 2004.** Defendants' initial briefs in opposition (but not affidavits or other evidence) shall be served and filed **within fourteen calendar days** of receipt of plaintiff's brief. Plaintiff's reply brief (but not affidavits or other evidence) shall be served and filed on or before **ten calendar days of receipt** of defendant's briefs.

D.  Interrogatories and document requests may be served on or before **Monday May 10, 2004 at 5 pm** by facsimile or pdf. The parties agree to serve no more than five (5) interrogatories per side. No more than **three (3) business days** after

receipt of such discovery, the parties shall confer to discuss any objections thereto. Objections to interrogatories and written responses to document requests shall be served no more that **five (5) business days** after receipt of such discovery. Substantive answers to interrogatories and responsive documents shall be exchanged within **fourteen (14) business days** of service.

E.  Should the parties be unable to resolve any discovery disputes, the following expedited process shall be followed: With regard to any unresolved discovery disputes, the parties shall file a motion to compel within **three (3) business days** of the parties' Local Rule 7.1 conference. Briefs in opposition shall be filed within **three (3) business days** of receipt of motions to compel. Should the Court deem oral argument necessary, the parties agree to be heard at the Court's first convenience at any point within **five (5) business days** of the filing of a motion to compel.

F.  Any survey reports (including Rule 26(a)(2) expert designations and related disclosures for the expert(s) sponsoring the survey) to be relied on by plaintiff shall be served by **Friday, May 28, 2004**; any survey reports (including Rule 26(a)(2) expert designations and related disclosures for the expert(s) sponsoring the survey) to be relied on by any defendant shall be served by **Monday, June 28, 2004**. Plaintiff may submit rebuttal report(s) to defendants' survey report(s), including Rule 26(a)(2) expert designations and related disclosures for such expert(s), by **Friday, July 9, 2004.**

G.  Depositions of fact witnesses shall take place between **Tuesday, June 1 and Wednesday, June 30, 2004.**

H.  Expert reports, except as provided in paragraph F above, including all Rule 26(a)(2) expert designations and related disclosures for such experts, shall be made on or before **Friday, June 11, 2004.**

I.  Rebuttal expert reports, including Rule 26(a)(2) expert designations and related disclosures for any rebuttal expert, shall be made on or before **Monday, June 28, 2004.**

J.  Depositions of expert witnesses may begin at any point after service of that expert's first report, and shall be completed on or before **Friday, July 9, 2004.**

K.  A status conference shall take place on **Thursday, June 17, 2004 at 10:00 a.m.**; to establish a schedule and procedure for the preliminary injunction hearing.

L.  All parties shall submit proposed findings of fact and conclusions of law, affidavits of the direct testimony of party witnesses, supporting affidavits of other witnesses, deposition excerpts (to the extent available), exhibits, and any other supporting materials on or before **Thursday, July 1, 2004**. On or before **Wednesday, July 7, 2004**, the parties will identify which portions of any adverse

party's proposed findings of fact that they dispute and identify which party witnesses they propose to cross-examine at trial.

M.    A preliminary injunction hearing shall be held commencing on **Thursday, July 15, 2004 at 10:00 a.m.**. No third party or expert witnesses will testify at trial unless the Court, after hearing all the evidence, decides otherwise.

N.    The parties shall promptly enter into a protective order governing the confidentiality of documents and deposition testimony.

This Scheduling Order shall apply only to plaintiff's motion for a preliminary injunction, and is not intended to authorize any conduct by defendants in connection with the matters alleged in the Complaint. The remaining aspects of this case shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Massachusetts, and any further Order of this Court. This Order shall not restrict any party's right to seek discovery on issues unrelated to plaintiff's motion for preliminary injunction; provided, however, that the parties shall not seek such discovery until plaintiff's motion for preliminary injunction has been resolved.

This scheduling order is entered without prejudice to any parties' right to seek any other or further relief as may be warranted.

IT IS FURTHER ORDERED that the parties' obligations under FED. R. CIV. P. 26(f) and Local Rule 16.1 are waived.

SO ORDERED.

_____
Honorable Robert E. Keeton
United States District Court Judge

The parties, by their undersigned counsel, hereby consent to the entry of the foregoing Order.

Dated: May ___, 2004.

BINGHAM MCCUTCHEN LLP

_[signature]_

Daniel L. Goldberg, BBO #197380
Joshua M. Dalton, BBO #636402
Matthew L. Mitchell, BBO #647902
150 Federal Street
Boston, MA 02110
(617) 951-8000
(617) 951-8736 (fax)

*Attorneys for Plaintiff*
*ZonePerfect Nutrition Company*

MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.

_[signature]_

Seni M. Adio, BBO #566709
Matthew Hurley, BBO #643638
One Financial Center
Boston, MA 02111
(617) 542-6000
(617) 542-2241 (fax)

KAYE SCHOLER LLP

_[signature]_

Thomas A. Smart (admitted *pro hac vice*)
Richard A. De Sevo (admitted *pro hac vice*)
425 Park Avenue
New York, N.Y. 10022
(212) 836-8000
(212) 836-7154 (fax)

*Attorneys for Defendants*
*Hershey Foods Corporation and*
*Hershey Chocolate & Confectionery*
*Corporation*

TODD & WELD LLP

_[signature]_

Lisa Arrowood, BBO #022330
Ian Crawford, BBO #544475
28 State Street, 31st Floor
Boston, MA 02109
(617) 624-4719
(617) 227-5777 (fax)

*Attorneys for Defendant*
*Barry D. Sears*

**<u>TAB 2</u>**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ZONEPERFECT NUTRITION COMPANY | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 04-10760 REK |
| HERSHEY FOODS CORPORATION, | ) | |
| HERSHEY CHOCOLATE & | ) | |
| CONFECTIONERY CORPORATION, and | ) | |
| BARRY D. SEARS, | ) | |
| Defendants. | ) | |

## SUPPLEMENTAL INITIAL DISCLOSURE STATEMENT OF ZONEPERFECT NUTRITION COMPANY

Pursuant to Fed. R. Civ. P. 26(a)(1) and LR 26.2(A), plaintiff ZonePerfect Nutrition Company ("ZonePerfect") makes the following supplemental initial disclosures:

**I.  Individuals With Discoverable Information.**

In addition to those individuals listed in ZonePerfect's Initial Disclosure Statement, the following individuals are likely to have discoverable information that ZonePerfect may use to support its claims, unless solely for impeachment, and the subjects of the information ZonePerfect currently believes said individuals are likely to have. ZonePerfect will amend this list if, when and as required, ZonePerfect becomes aware of additional individuals likely to have discoverable information that ZonePerfect may use to support its claims after further investigation and discovery, and after the exchange of initial disclosures.

**Amanda Libby**
ZonePerfect Nutrition Company
100 Cummings Center
Suite 335N
Beverly, MA 01915
1-800-390-6690
*Topics: ZonePerfect generally; ZonePerfect's products; Sears' activities and involvement with ZonePerfect; Adoption and use of the ZONE Marks on ZonePerfect products.*

**Dr. Itamar Simonson**
Graduate School of Business
Stanford University
Stanford, CA 94305
650-725-8981
*Topics: Expert testimony concerning likelihood of confusion between ZonePerfect and Hershey/Sears' products.*

**Dr. Susan Schwartz McDonald**
**National Analysts, Inc.**
1835 Market Street
Philadelphia, PA 19103-2984
(215) 496-6800
*Topics: Expert testimony concerning brand recognition of the word "Zone."*

**Ellen Morris Snow**
6 Chestnut Street,
Marblehead, MA 01945
*Topics: Facts surrounding Sears' split from Envion, Sears' involvement with Eicotec including development and endorsement of its products.*

**Employees of Sweet Productions, Inc., including, Paul Schacher, Ben Cohen, or Joe Pizzo.**
5100 New Horizon Blvd.
Amityville, NY 11701
*Topics: development of ZonePerfect products.*

**Employees of Shuster Laboratories, Inc., including, Phil Katz, Paula Gately, or Ann Behen.**
85 John Road,
Canton, MA 02021
*Topics: development of ZonePerfect products.*

**Denise Kelly**
*Topics: development of ZonePerfect products.*

-3-

ZonePerfect hereby requests that all of its present or former employees be contacted through counsel, Daniel L. Goldberg or Joshua M. Dalton, at Bingham McCutchen LLP, 150 Federal Street, Boston, Massachusetts 02110, (617) 951-8000.

Respectfully submitted,

**ZONEPERFECT NUTRITION COMPANY**

By its attorneys,

Daniel L. Goldberg, BBO #197380
Joshua M. Dalton, BBO #636402
Matthew L. Mitchell BBO #647902
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110
(617) 951-8000

Date: June 3, 2004

** TOTAL PAGE.14 **

-4-

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by facsimile on June 3, 2004.

*Matthew T. Mitchell*

Matthew L. Mitchell

**TAB 3**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| ZONEPERFECT NUTRITION COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 04-10760 REK |
| | ) | |
| HERSHEY FOODS CORPORATION, | ) | |
| HERSHEY CHOCOLATE & | ) | |
| CONFECTIONERY CORPORATION, and | ) | |
| BARRY D. SEARS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INITIAL DISCLOSURE STATEMENT OF ZONEPERFECT NUTRITION COMPANY

Pursuant to Fed. R. Civ. P. 26(a)(1) and LR 26.2(A), plaintiff ZonePerfect Nutrition Company ("ZonePerfect") makes the following initial disclosures in connection with matters pertinent to its prayer for preliminary injunctive relief:

### I.    Individuals With Discoverable Information.

The list below includes individuals likely to have discoverable information that ZonePerfect may use to support its claims, unless solely for impeachment, and the subjects of the information ZonePerfect currently believes said individuals are likely to have. ZonePerfect will amend this list if and when ZonePerfect becomes aware of additional individuals likely to have discoverable information that ZonePerfect may use to support its claims after further investigation and discovery, and after the exchange of initial disclosures.

-2-

**Christopher P. Baker**
President
CP Baker & Co.
303 Congress Street
Suite 301
Boston, MA 02210
617-439-0770
*Topics*: *ZonePerfect generally; ZonePerfect's products; Adoption and use of the ZONE Marks on ZonePerfect products; Sears' activities and involvement with ZonePerfect; ZonePerfect's communications with Sears; Events or facts concerning the 1996 Agreement; Events or facts concerning the 2001 Agreement; ZonePerfect's communications with Hershey; Due diligence performed by Hershey in connection with its bids to acquire ZonePerfect; Events or facts concerning the October 7, 2002 Confidentiality Agreement; Sears' communications with Hershey.*

**Rainer Park**
CP Baker & Co.
303 Congress Street
Suite 301
Boston, MA 02210
617-439-0770
*Topics*: *ZonePerfect's products; Adoption and use of the ZONE Marks on ZonePerfect products; Due diligence performed by Hershey in connection with its bids to acquire ZonePerfect.*


**Various present and former members, associates, and employees of Dechert LLP, including, without limitation, Christopher G. Karras and Terence A. Dixon.**
Philadelphia, PA 19103
215-994-2412
*Topics*: *Events and facts concerning the 2001 Agreement; ZonePerfect's communications with Sears.*

**Various recent and former members, associates, and employees Testa, Hurwitz & Thibeault, LLP, including, without limitation, Stephen Hurwitz, Elizabeth Walker, and David A. Rines.**
125 High Street
Boston, Massachusetts 02110
617-248-7000
*Topics: Events and facts concerning the 2001 Agreement; ZonePerfect's communications with Sears; Adoption and use of the ZONE Marks.*

**David Thibodeau**
Managing Director, Investment Banking
Adams, Harkness & Hill, Inc.
60 State Street
Boston, MA 02109
617-371-3900
*Topics:; ZonePerfect's communications with Hershey; Events and facts concerning the October 7, 2002 Confidentiality Agreement; Due diligence performed by Hershey in connection with its bids to acquire ZonePerfect.*

**Chris Cheang**
Financial Analyst
Adams, Harkness & Hill, Inc.
60 State Street
Boston, MA 02109
617-371-3900
*Topics: ZonePerfect's communications with Hershey; Events and facts concerning the October 7, 2002 Confidentiality Agreement; Due diligence performed by Hershey in connection with its bids to acquire ZonePerfect.*

**Various present and past employees of Adams, Harkness & Hill, Inc.**
60 State Street
Boston, MA 02109
617-371-3900
*Topics: ZonePerfect's communications with Hershey; Events and facts concerning the October 7, 2002 Confidentiality Agreement; Due diligence performed by Hershey in connection with its bids to acquire ZonePerfect.*

-4-

**Paul Pruett**
ZonePerfect Nutrition Company
100 Cummings Center
Suite 335N
Beverly, MA  01915
1-800-390-6690
*Topics:    ZonePerfect generally; ZonePerfect's products; Sears' activities and involvement with ZonePerfect; Adoption and use of the ZONE Marks on ZonePerfect products; ZonePerfect's communications with Sears; Events and facts concerning the 2001 Agreement; Hershey generally; Hershey's communications with ZonePerfect; Hershey's communications with Sears; ZonePerfect's notice of the marketing of the "SmartZone" bar; Events and facts concerning the October 7, 2002 Confidentiality Agreement.*

**Various present and past employees of ZonePerfect Nutrition Company**
100 Cummings Center
Suite 335N
Beverly, MA  01915
1-800-390-6690
*Topics:    ZonePerfect generally; ZonePerfect's products; Sears' activities and involvement with ZonePerfect; Adoption and use of the ZONE Marks on ZonePerfect products; ZonePerfect's communications with Sears; Events and facts concerning the 1996 Agreement; Events and facts concerning the 2001 Agreement; ZonePerfect's communications with Hershey;*

**Matthew Freese**
472 Amherst St
Suite 25
Nashua, NH 03063
*Topics:  Sears' dispute with Pure Distributors, Inc. d/b/a Envion International, Inc.*

**Barry D. Sears**
Zone Labs, Inc.
222 Rosewood Drive
Suite 500
Danvers, MA 01923
*Topics:* *ZonePerfect generally; ZonePerfect's products; Sears' activities and involvement with ZonePerfect; Adoption and use of the ZONE Marks on ZonePerfect products; ZonePerfect's communications with Sears; Events and facts concerning the 1996 Agreement; Events and facts concerning the 2001 Agreement; Hershey generally; Hershey's communications with ZonePerfect; Hershey's communications with Sears; Adoption and introduction of the "SmartZone"; Marketing of the "SmartZone" bar; Events and facts concerning the October 7, 2002 Confidentiality Agreement; Adoption and introduction of OmegaZone products; Marketing of OmegaZone products.*

**Douglas Sears**
Zone Labs, Inc.
222 Rosewood Drive
Suite 500
Danvers, MA 01923
*Topics:* *ZonePerfect generally; ZonePerfect's products; Sears' activities and involvement with ZonePerfect; Adoption and use of the ZONE Marks on ZonePerfect products; ZonePerfect's communications with Sears; Events and facts concerning the 1996 Agreement; Events and facts concerning the 2001 Agreement; Hershey generally; Hershey's communications with ZonePerfect; Hershey's communications with Sears; Adoption and introduction of the "SmartZone" bar; Marketing of the "SmartZone" bar; Events and facts concerning the October 7, 2002 Confidentiality Agreement; Adoption and introduction of OmegaZone products; Marketing of OmegaZone products.*

**Various present and past employees of Zone Labs, Inc.**
222 Rosewood Drive
Suite 500
Danvers, MA 01923
*Topics:* *ZonePerfect generally; ZonePerfect's products; Sears' activities and involvement with ZonePerfect; Adoption and use of the ZONE Marks on ZonePerfect products; ZonePerfect's communications with Sears; Events and facts concerning the 1996 Agreement; Events and facts concerning the 2001 Agreement.*

**Various present and past employees of UBS Financial Services Inc.**
1000 Harbor Boulevard
Weehawken NJ 07086
201-352 3000
*Topics: Hershey generally; Hershey's communications with ZonePerfect; Events and facts concerning the October 7, 2002 Confidentiality Agreement; Events and facts concerning the sale of ZonePerfect; Due diligence performed by Hershey in connection with its bids to acquire ZonePerfect.*


**Various recent and past members, associates, and employees of Sullivan & Cromwell, LLP**
125 Broad Street
New York, NY 10004-2498
212- 558-4000
*Topics: Hershey generally; Hershey's communications with ZonePerfect; Events and facts concerning the October 7, 2002 Confidentiality Agreement; Events and facts concerning the sale of ZonePerfect; Due diligence performed by Hershey in connection with its bids to acquire ZonePerfect.*

**Richard Lenny**
Hershey Foods Corporation
100 Crystal A Drive
Hershey, PA 17033-0810
717- 534-7631
*Topics: Hershey generally; Hershey's communications with ZonePerfect; Hershey's communications with Sears; Adoption and introduction of the "SmartZone" bar; Marketing of the "SmartZone" bar; Events and facts concerning the October 7, 2002 Confidentiality Agreement; Events and facts concerning the sale of ZonePerfect; Due diligence performed by Hershey in connection with its bids to acquire ZonePerfect.*


**Dennis Eshleman**
Hershey Foods Corporation
100 Crystal A Drive
Hershey, PA 17033-0810
717- 534-7631
*Topics: Hershey generally; Hershey's communications with ZonePerfect; Hershey's communications with Sears; Adoption and introduction of the "SmartZone" bar; Marketing of the "SmartZone" bar; Events and facts concerning the October 7, 2002 Confidentiality Agreement; Events and facts concerning the sale of ZonePerfect; Due diligence performed by Hershey in connection with its bids to acquire ZonePerfect.*

**Various present or former Hershey employees.**
*Topics: Hershey generally; Hershey's communications with ZonePerfect; Hershey's communications with Sears; Adoption and introduction of the "SmartZone" bar; Marketing of the "SmartZone" bar; Events and facts concerning the October 7, 2002 Confidentiality Agreement; Events and facts concerning the sale of ZonePerfect; Due diligence performed by Hershey in connection with its bids to acquire ZonePerfect.*

ZonePerfect hereby requests that all of its present or former employees be contacted through counsel, Daniel L. Goldberg or Joshua M. Dalton, at Bingham McCutchen LLP, 150 Federal Street, Boston, Massachusetts 02110, (617) 951-8000.

## II.    Relevant Documents, Data Compilations, and Tangible Things

ZonePerfect has documents, data compilations, and tangible things within its possession, custody, or control that ZonePerfect may use to support its claims or defenses, unless solely for impeachment, in the following categories:

1.    Documents including pleadings filed or served in the proceedings between ZonePerfect, Hershey Foods Corporation, Hershey Chocolate & Confectionery Corporation, and Barry D. Sears in the United States District Court for the District of Massachusetts.

2.    Documents and things demonstrating ZonePerfect's use of the ZONE Marks.

3.    Documents concerning ZonePerfect's channels of trade for products featuring the ZONE Marks.

4.    Documents concerning ZonePerfect's advertising and marketing for products featuring the ZONE Marks.

5.    Documents concerning the consumers of ZonePerfect's products featuring the ZONE Marks.

6.    Documents concerning defendants' intent in using the ZONE Marks for food products.

7.    Communications between ZonePerfect and defendants.

-8-

8.    Sales records for products sold under the ZONE Marks.

9.    Documents concerning the introduction of the SmartZone bar.

10.   Documents sufficient to identify ZonePerfect's product lines.

11.   Documents concerning the 1996 Agreement.

12.   Documents concerning the 2001 Agreement.

13.   Documents concerning due diligence conducted by Hershey in connection with offers to purchase ZonePerfect.

14.   Documents concerning the October 7, 2002 Confidentiality Agreement.

15.   Documents appended to the Complaint.

## III.   Computation of Damages and Materials on Which Such Computation is Based.

ZonePerfect will suffer irreparable harm in the absence of preliminary injunctive relief. A damages amount and basis for its calculation are not pertinent to the preliminary injunction issues. ZonePerfect may seek damages following the preliminary injunction decision in an amount to be determined after discovery in this matter. ZonePerfect will also seek its costs associated with prosecuting this suit, including its reasonable attorney's fees which the court may award pursuant to 15 U.S.C. § 1117 and M.G.L. 93A. The computation of such costs is not possible at this time because the case is still ongoing.

## IV.   Relevant Insurance Agreements.

At this time, ZonePerfect is not aware of any insurance policies which might satisfy part or all of any judgment which may be entered against Hershey and/or Sears in this case.

Respectfully submitted,

**ZONEPERFECT NUTRITION COMPANY**

By its attorneys,

Daniel L. Goldberg, BBO #197380
Charles L. Solomont, BBO # 557190
Joshua M. Dalton, BBO #636402
Matthew L. Mitchell BBO #647902
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA  02110
(617) 951-8000

Date:  May 10, 2004

CERTIFICATE OF SERVICE

   I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail on May 10, 2004.

Matthew L. Mitchell

**<u>TAB 4</u>**

# TODD & WELD LLP

ATTORNEYS AT LAW
28 STATE STREET
BOSTON, MASSACHUSETTS 02109

DAVID H. RICH
Email: drich@toddweld.com

TELEPHONE: (617) 720-2626
FACSIMILE: (617) 227-5777
www.toddweld.com

May 20, 2004

## VIA FACSIMILE AND
## FIRST CLASS MAIL

Joshua M. Dalton, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110

> RE:    ZonePerfect Nutrition Company v. Hershey Foods Corporation, et al.
>        United States District Court Civil Action No. 04-10760 REK (D. Mass.)

Dear Josh:

　　　　This letter is to formally demand under Local Rule 37.1 that ZonePerfect supplement its automatic disclosures by the close of business tomorrow.

　　　　Rather than identifying individuals likely to have discoverable information, ZonePerfect's disclosure repeatedly identifies only "various present and past employees" of certain entities. Most troubling is the fact that ZonePerfect has refused to identify its own former and current employees with discoverable information supporting its claims and defenses. This sort of disclosure violates both the language and spirit of the automatic disclosure rule. Fed. R. Civ. P 26(a)(1)(A) requires that ZonePerfect provide "the name and, if known, the address of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses ..." A disclosure which simply states "various present and past employees" with no further detail or support is unacceptable and absent a full disclosure of who knows what we intend to ask for an order precluding ZonePerfect from offering the testimony of any of its present or former employees. See Klononski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998) (holding that sanction for failure to fulfill disclosure requirements is exclusion of undisclosed information).

　　　　In addition to ZonePerfect's improper disclosure regarding itself, an improper disclosure has been made with regard to Dechert LLP and Adams, Harkness & Hill, Inc. These entities acted as professional advisors to ZonePerfect. The names of the individuals who performed these services and have discoverable information certainly is within the knowledge of your client. It is unfair and highly prejudicial to Dr. Sears to refuse to provide this basic information. I would also add that a similar improper disclosure has been made with regard to Zone Labs,

Joshua Dalton, Esquire
May 20, 2004
Page 2

Hershey, Sullivan & Cromwell LLP, UBS Financial Services, Inc. and Testa Hurwitz & Thibeault, LLP. While some of these third parties may be in an arguably different category, ZonePerfect is nevertheless required to at least make a good faith effort to identify all individuals who possess discoverable information relative to ZonePerfect's claims and defenses. Again, ZonePerfect certainly knows who it dealt with. Leaving it to Dr. Sears to "figure it out" is not acceptable.

Second, I note that the disclosure provides no information at all pertaining to individuals with information supporting ZonePerfect's defenses. Dr. Sears and Hershey have filed substantial counterclaims and have affirmative defenses. It simply cannot be that ZonePerfect is aware of no individuals with discoverable information supporting its defenses. By way of example only, Dr. Sears is entitled to a disclosure identifying the Abbott Labs employees, agents and attorneys who performed the ZonePerfect due diligence. Likewise, ZonePerfect is required to identify and disclose those employees, attorneys and agents who interacted with Abbott Labs during the due diligence time period and after the introduction of the SmartZone bar. It should come as no surprise that Dr. Sears intends to explore these communication to the extent they involve discussions about Dr. Sears, his position on ZonePerfect products, his agreements with ZonePerfect, etc. The information is plainly relevant and Dr. Sears is entitled to a proper and complete disclosure, especially given the extremely expedited discovery schedule.

Thank you.

Very truly yours,

David H. Rich

Cc:     Lisa G. Arrowood, Esquire
        Thomas Smart, Esquire (via fax)
        Seni M. Adio, Esquire (via fax)

**<u>TAB 5</u>**

## Arrowood, Lisa

**From:** Rich, David H.

**Sent:** Thursday, May 27, 2004 4:37 PM

**To:** 'Solomont, Charles L.'

**Cc:** 'tsmart@kayescholer.com'; Arrowood, Lisa

We have just learned that your redacted documents cannot be searched electronically because you redacted your documents after they were imaged (as opposed to before, as we did). Therefore, we need a list of the bates numbers of the documents which have been redacted and cannot be searched electronically.

Second, I really need a response from you regarding when we will be receiving your documents. As I mentioned to you this morning, we have numerous employees, mostly administrative staff and IT people, who are trying to make plans for the memorial day weekend. Please let me know immediately.

Finally, you promised us on Monday revised Automatic Disclosures "within the next day or two." We still have not received anything from you. We agreed not to file a motion to compel based upon your representation. Please provide the disclosures immediately.

David H. Rich, Esquire
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626
(617) 227-5777 (fax)

*This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any copy of this e-mail message and any printout thereof.*

5/27/2004