UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ZONEPERFECT NUTRITION COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HERSHEY FOODS CORPORATION, HERSHEY CHOCOLATE & CONFECTIONERY CORPORATION, DR. BARRY D. SEARS, AND ZONE LABS, INC.,<br><br>Defendants.<br>_____<br><br>DR. BARRY D. SEARS and ZONE LABS, INC.,<br><br>Plaintiffs-in-Counterclaim,<br><br>v.<br><br>ZONEPERFECT NUTRITION COMPANY<br>Defendant-in-Counterclaim | CIVIL ACTION NO: 04-10760 REK |

### LIMITED OPPOSITION OF DEFENDANT DR. BARRY D. SEARS TO "EMERGENCY MOTION OF PLAINTIFF ZONEPERFECT NUTRITION COMPANY TO COMPEL DISCOVERY . . ."

Defendant Dr. Barry D. Sears ("Dr. Sears") herewith states his *limited* opposition to the motion to compel discovery of plaintiff ZonePerfect Nutrition Company ("ZonePerfect"). ZonePerfect has unfortunately taken a simple motion which seeks relief that Dr. Sears does not in essence contest and has adorned it with twisted and manufactured facts in an attempt to paint Dr. Sears as recalcitrantly refusing to produce

documents and information. In fact, the documents and information are shielded by a protective order previously entered by this Court (Stearns, J.) in the matter of Surfactant Technologies, Inc. v. Pure Distributors, Inc./d/b/a Envion International and Matthew J. Freese, C.A. No. 96-CV-11155-RGS ("the Envion litigation"). None of the requested discovery was designated confidential by Dr. Sears. Rather, as even ZonePerfect acknowledges, the parties who designated the documents and information confidential were Envion and Mr. Freese, and they have flatly refused to waive their rights under Judge Stearns' order. Judge Stearns' Protective Order forbids any use of the documents except in the Envion litigation, and provides that "after trial and any appeals or upon settlement, this Protective Order shall remain in force". ZonePerfect Motion, Ex. C ("Protective Order) at p. 6, ¶ 11. As such, "including times after judgment, the order act[s] as an injunction, setting forth strict limits on the parties' use of discovery materials." Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 782 (1st Cir. 1988). Thus, Dr. Sears cannot produce the requested discovery absent an order of this Court.

Before addressing the scope of the relief that ZonePerfect seeks, certain factual matters require clarification.

First, ZonePerfect's account of the Envion litigation is so misguided and wrongheaded that it raises issues of good faith. Among other things, the motion misquotes the very same article which ZonePerfect attaches to its complaint in this matter. Dr. Sears did not in fact disparage the BioZone bars that he himself developed, and the quoted article does not say otherwise.[1] Even ZonePerfect's account of the

---

[1] ZonePerfect's motion states: "Only a few months later, after Sears' abrupt split with [Envion], Sears had completely reversed his opinion, dismissing the exact same BioZone Nutritional Bars as 'nothing more than candy.'" ZonePerfect Motion at 4, quoting the

BioZone mark (which unfortunately for ZonePerfect antedates the ZonePerfect mark by several years) is highly inaccurate. The BioZone mark was registered with the Patent and Trademark Office. Dr. Sears owned the registration. When Dr. Sears left Envion, he permitted Envion to continue to sell the bars he developed. Because one cannot own a trademark in gross, Dr. Sears subsequently conveyed his rights in the BioZone mark to Envion. BioZone bars apparently continued to be sold until 2002, with <u>no</u> interference from ZonePerfect whatsoever. The successor to the BioZone bar, BodyZone, also continues to be sold with <u>no</u> attempt whatsoever by ZonePerfect to restrain the sale of the bar or the use of the mark.

Second, ZonePerfect simultaneously alleges that Dr. Sears has no basis for withholding the requested discovery while at the same time acknowledging that Envion and Mr. Freese refuse to the consent to the production of the information. These allegations are mutually inconsistent, because without exception it is Envion's and Mr. Feese's confidential business information that is at issue.[2] ZonePerfect makes much of the fact that it was a party to Judge Stearns' protective order. ZonePerfect, however, was

---

magazine article attached to its complaint as Ex. 3. What the magazine article says (at 14) is "Sears likens Balance, BioZone and PR*Bars to nothing more than candy, which he says can't be patented, though his ex-associates say he told them the opposite."

[2] In describing the requested discovery as 'confidential business information' Dr. Sears does not mean to vouch for the propriety of Mr. Freese's or Envion's designations. It does, however, bear emphasis that Dr. Sears has not at any time attempted to withhold his <u>own</u> information designated as confidential in the Envion litigation from production on the grounds that it is somehow subject to the Protective Order. Only deposition testimony, documents, and similar materials which were designated as confidential <u>by the other side</u> have been withheld on that basis.

dismissed from the litigation by the time discovery was actually conducted.[3] Thus, ZonePerfect's status as a signator to the Protective Order is beside the point, except to confirm that ZonePerfect is bound by its terms. ZonePerfect was not, under the terms of § 5 of the Protective Order, the Receiving Party of the documents and information. See ZonePerfect Motion Ex. C (Protective Order) at 3. If ZonePerfect had been the Receiving Party of the information, there would self-evidently be no need for its current motion. Hence, Dr. Sears does in fact have a substantial basis for declining to produce the requested discovery.

Finally, even ZonePerfect implicitly agrees that it has no right to the discovery it seeks absent a court order. As demonstrated by the correspondence attached as Exhibit 1 hereto, Dr. Sears offered to produce the requested discovery weeks ago if ZonePerfect would agree to defend and indemnify Dr. Sears in connection with any litigation brought by Mr. Freese or Envion for violation of the Protective Order. See Ex. 1 at 2. ZonePerfect's refusal to do so decisively undercuts its claim that it is entitled to the discovery at issue under Judge Stearns' Protective Order without this Court affirmatively vacating that order.

---

[3] Dr. Sears established Zone Perfect, then known as Eicotech Corporation, shortly after leaving Envion. Mr. Freese therefore sued Eicotech as well as Dr. Sears. The relevance of whether ZonePerfect was a party to the Protective Order is completely unclear in any event. It appears undisputed that ZonePerfect does not have access to the requested information, and ZonePerfect does not appear to dispute that under the clear language of Judge Stearns' Protective Order Dr. Sears may not give them the information, and Dr. Sears' limited assent is directly based on that understanding.

Notwithstanding the foregoing, Dr. Sears agrees that the Court should grant ZonePerfect much of the relief that it seeks.[4] It should not, however, grant ZonePerfect's motion as currently framed. That motion is framed as a motion to compel the production of documents, but it is so vague that it is impossible to ascertain precisely which documents ZonePerfect seeks.[5] Dr. Sears has assembled financial information, deposition transcripts, and other material from the Envion litigation which he is prepared to produce as soon as this Court allows him to do so. The appropriate course is therefore to vacate as much of the Protective Order in the Envion litigation as prevents Dr. Sears from producing those documents. See Public Citizen, 858 F.2d at 782 (citing cases). See also Tucker v. Ohtsu Tire & Rubber Co., 191 F.R.D. 495, 499-500 (D. Md. 2000) (discussing authorities). Although there appears to be no difference in the documents that will ultimately be produced, Dr. Sears submits that the mechanism suggested is far preferable to an order to compel documents in which the Court does not know with particularity what documents it is compelling.

However, Dr. Sears objects to ZonePerfect's apparent intention to make documents which were formerly subject to Judge Stern's Protective Order subject to the protective order in this case, with documents formerly deemed "highly confidential" automatically continuing to maintain that designation. In fact, there is no need for such measures. In this case, "highly confidential" documents cannot be shown to clients

---

[4] Notably, ZonePerfect seeks only production of documents and information that have been withheld solely because they were subject to the Protective Order. Some material that was also subject to the Protective Order has been withheld for other reasons, including privilege, relevance and undue burden. ZonePerfect does not address that discovery in its motion at all and does not seek to obtain that information.

[5] Among other things, Zone Perfect does not specify which specific request(s) for production it seeks to compel additional responses to, and for that matter does not even attach or quote its document requests.

absent approval by the producing party. The intention is to keep current business information about Hershey and ZonePerfect out of each others' hands. PDI is a defunct entity and has been for years. There is no need for heightened protection for its business records. Thus, Dr. Sears asks that the Court enter the Order attached hereto as <u>Exhibit 2</u>, which deems all material from the Envion litigation which was "highly confidential" or "confidential" in that litigation as "confidential" in this litigation.

Respectfully submitted,

BARRY D. SEARS
And ZONE LABS, INC.

By their attorneys,

_____
Lisa G. Arrowood (BBO#022330)
Ian Crawford (BBO#544475)
Edward Foye (BBO#562375)
Todd & Weld LLP
28 State Street
Boston, MA  02109
(617) 720-2626

DATED:  June 7, 2004

### CERTIFICATE OF SERVICE

I, Lisa G. Arrowood, hereby certify that a true and accurate copy of the foregoing document was served on all counsel of record via electronic mail and regular mail this 7th day of June, 2004, and was served via overnight mail upon Pure Distributors Inc. d/b/a Envion and Matthew J. Freese at 472 Amherst Street, Suite 25, Nashua, NH 93963 <u>and</u> via overnight mail to their secondary address at 8983 Star Tulip Court, Naples, FL 34113.

_____
Lisa G. Arrowood

6

# **TAB 1**

## TODD & WELD LLP
ATTORNEYS AT LAW
28 STATE STREET
BOSTON, MASSACHUSETTS 02109



LISA G. ARROWOOD
Email: larrowood@toddweld.com

TELEPHONE: (617) 720-2626
FACSIMILE: (617) 227-5777
www.toddweld.com

May 21, 2004

**Via Facsimile and First Class Mail**
Joshua M. Dalton, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110

RE:  Zoneperfect Nutrition Company v. Hershey Foods Corporation, et al.
United States District Court Civil Action No. 04-10760 REK (D. Mass.)

Dear Josh:

This is a response to your May 19, 2004 letter concerning document production. Allow me to go through it item by item.

### DOCUMENT REQUESTS

### General Objections

Having now spent close to four hours in telephone conferences with you relating to our objections to your documents requests, you are incorrect that I agreed to describe in detail any further specifics regarding Dr. Sears' objections to your document requests. As we discussed in detail in our second conversation, many of your requests were so broad and therefore potentially encompassed such a huge volume of documents that we stated general objections to their over breadth. It would be impossible for me to categorize for you all of the different kinds of documents which we would not produce.

### Request No. 5

As you know, during our first two hour and forty five minute conference call, I expressed to you that I was unwilling to provide voluminous medical and scientific literature which Dr. Sears has read and certainly relies upon in connection with his opinions. Dr. Sears' opinions are laid out in great detail in his 11 books and in articles he has written, which are easily available to you.

It is our view that it would be overly burdensome to expect us to review those documents and produce them for you. However, should we be intending to introduce any such medical literature at trial, we will be certain to produce a copy to you in advance of that time. As I also stated, you may receive some of that information at the time of our expert disclosures.

Joshua M. Dalton, Esq.
May 21, 2004
Page 2

### Request No. 6

We have stated repeatedly that we are unable to provide you with confidential financial information relating to the BioZone Bar or other Pure Distributors' products without either a Court Order or permission from Matthew Freese or some other legal representative of Pure Distributors. We provided you with a copy of the Protective Order which was entered by Judge Stearns in the prior litigation between Dr. Sears and Matthew Freese. However, if you insist upon this production, are your clients willing to defend and indemnify Dr. Sears in connection with any litigation brought by Matthew Freese or Pure Distributors for violation of the Protective Order? I suspect the answer is no. Therefore, you have three options open to you:

1. Seek an Order from Judge Keeton;

2. Ask Mr. Freese for his permission; or

3. Subpoena the documents from Pure Distributors.

We certainly will be producing any responsive documents which were not stamped confidential or highly confidential in the prior litigation. However, it would be a violation of the Court Order for us to produce documents produced by PDI in the prior litigation which were designated as confidential or highly confidential. Given the number of hours I have already spent discussing this with you, the burden now shifts to you to make attempts to get permission either from Pure Distributors or from the Court so that we can produce these documents to you in a timely manner.

### Request 16(e)

See discussion under Request 6.

### Misnumbered Request No. 19

We have mutually agreed to produce all sworn statements of our respective clients in connection with that litigation. You have never articulated why other documents from that litigation are relevant or would lead to the discovery of admissible evidence.

You are correct that Dr. Sears' law firms, Testa Hurwitz & Thibeault, as well as Patterson, Belknap in New York City, are cooperating and we will be producing their documents. Additionally, we have learned that Dr. Sears' IP attorney on Cape Cod (who is deceased) transferred his files to another law firm and that those files have in fact recently been transferred to Testa Hurwitz. Therefore we will be producing those documents as well.

Joshua M. Dalton, Esq.
May 21, 2004
Page 3

      Feel free to call if you have any questions regarding the foregoing.

                                              Very truly yours,

                                              Lisa G. Arrowood

cc:    Thomas Smart, Esq.
       Seni M. Adio, Esq.
       Charles Solomont, Esq.

Case 1:04-cv-10760-RGS    Document 46    Filed 06/07/2004    Page 10 of 13

**TAB 2**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ZONEPERFECT NUTRITION COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HERSHEY FOODS CORPORATION, ) <br> HERSHEY CHOCOLATE & ) <br> CONFECTIONERY CORPORATION, ) <br> DR. BARRY D. SEARS, AND ) <br> ZONE LABS, INC., ) <br> ) <br> Defendants. ) <br> ) <br> DR. BARRY D. SEARS and ) <br> ZONE LABS, INC., ) <br> ) <br> Plaintiffs-in-Counterclaim, ) <br> ) <br> v. ) <br> ) <br> ZONEPERFECT NUTRITION COMPANY ) <br> Defendant-in-Counterclaim ) | CIVIL ACTION NO: 04-10760 REK |

**PROPOSED ORDER**

The Plaintiff ZonePerfect Nutrition Company ("ZonePerfect") has moved for an Order which vacates in part a protective order entered in the matter of <u>Surfactant Technologies, Inc. v. Pure Distributors, Inc./d/b/a Envion International and Matthew J. Freese</u>, C.A. No. 96-CV-11155-RGS ("the Envion litigation"). After review of the papers submitted by all parties, this Court ORDERS as follows:

1. So much of the Protective Order referenced above which prevents the defendant Dr. Barry D. Sears ("Dr. Sears") from producing documents or information designated as confidential or highly confidential by Pure Distributors, Inc. d/b/a Envion or Matthew Freese is hereby vacated solely for purposes for this litigation;

2. All documents which Dr. Sears produces to any other party in this litigation which had previously been subject to the protective order in the Envion litigation shall be deemed "confidential" under the terms of the Protective Order entered by this Court on [date]; and

3. Subject to the foregoing, all other terms of the Protective Order entered in the Envion litigation shall otherwise continue in full force and effect.

Ordered this ____ day of June, 2004.

_____
Judge Robert E. Keeton