## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ZONEPERFECT NUTRITION COMPANY, | ) ) ) | |
| Plaintiff and Counterclaim Defendant, | ) ) | |
| v. | ) ) | CIVIL ACTION NO: 04-10760 REK |
| HERSHEY FOODS CORPORATION, HERSHEY CHOCOLATE & CONFECTIONERY CORPORATION, DR. BARRY D. SEARS, AND ZONE LABS, INC., | ) ) ) ) ) ) | |
| Defendants and Counterclaim-Plaintiffs. | ) ) | |

### EMERGENCY MOTION OF THE HERSHEY DEFENDANTS FOR A PROTECTIVE ORDER TO QUASH DEPOSITION NOTICE
#### (Memorandum Incorporated)

Defendants Hershey Foods Corporation and Hershey Chocolate and Confectionery Corporation (collectively, "Hershey") respectfully file this motion requesting that the Court issue a protective order quashing plaintiff ZonePerfect Nutrition Corporation ("ZPNC")'s notice for the deposition of Joan Apgar for June 21, 2004 on the grounds that (a) given the number of other depositions that ZPNC is taking that week, it would be unduly burdensome and harassing for Hershey to produce Ms. Apgar at that time, and (b) because Hershey is already producing a witness pursuant to ZPNC's Rule 30(b)(6), Fed. R. Civ. P., notice who is knowledgeable about the same subjects as is Ms. Apgar.

On April 15, 2004, ZPNC filed the present action. Simultaneously, ZPNC requested that the Court order a July 15, 2004 full trial on the merits of its 231-paragraph, 15-count complaint.

30902076.DOC

Defendants opposed the request as wholly unrealistic, but agreed to an expedited schedule whereby an evidentiary hearing on the preliminary injunction motion would be held on July 15.

On April 27, 2004, the Court held a hearing and adopted an expedited discovery schedule consistent with ZPNC's desire for expedited discovery and hearing. The scheduling order provided that fact depositions "shall take place between" June 1 and June 30. (Exhibit A). Pursuant to this order, defendants attempted to schedule depositions during the last three weeks of June, which would give the parties the first week to review each other's documents, which were produced on May 28. However, to accommodate ZPNC's lawyers and witnesses, almost all of the depositions have been squeezed into the last half of the month, with most of them to occur in the last two weeks.

On June 4, ZPNC served Hershey with a Rule 30(b)(6) notice requesting Hershey to designate witnesses to testify with respect to thirty-four subjects. (Exhibit B). On June 8, Hershey responded, informing ZPNC that it would be producing five witnesses (two of whom ZPNC had also individually noticed), with three of the witnesses being produced on June 21, 22 and 23, respectively. (Exhibit C). In addition, Hershey confirmed that it was producing, in response to yet another request of ZPNC, Richard Lenny, Hershey's Chairman, President and Chief Executive.

On June 8, ZPNC's counsel informed Hershey's counsel that, in addition to these six witnesses that Hershey was producing, ZPNC wanted to depose Joan Apgar -- and do so on June 21 or 22. These are the same days on which two of Hershey's Rule 30(b)(6) witnesses are testifying. In addition, on June 22, ZPNC is producing its Rule 30(b)(6) witness to testify in Boston. (In stark contrast to Hershey, ZPNC is producing just one witness in response to Hershey's 30-paragraph Rule 30(b)(6) notice.) Given this hectic schedule in Boston, and given that Hershey

was already producing a witness (Mr. Azzara) with respect to subjects of ZPNC's Rule 30(b)(6) notice about which Ms. Apgar is also knowledgeable, Hershey's counsel informed ZPNC's counsel that it was not possible to produce Ms. Apgar on the requested dates. Hershey's counsel suggested that ZPNC take Mr. Azzara's deposition and then, having the benefit of Mr. Azzara's testimony, determine whether they still felt that they needed Ms. Apgar's deposition. ZPNC's counsel's response was to notice her deposition for June 21. (Exhibit D). In doing so, they acted directly contrary to Hershey's (and Dr. Sears') counsel's effort to accommodate them – including agreeing to depose one of ZPNC's experts on Father's Day. (Incredibly, ZPNC's counsel had not spoken to their experts about the experts' availability for depositions until *after* ZPNC had served the expert reports.)

The parties are supposed to be engaged in expedited discovery with respect to a motion for a preliminary injunction. Recognizing that, defendants suggested that document discovery be limited and that each side be limited to five depositions. ZPNC refused. Instead, it is proceeding as if the discovery for an entire litigation has to be conducted in the span of a few weeks. Discovery has already far exceeded what is appropriate for a preliminary injunction proceeding. Hershey has produced over 100,000 pages and ZPNC and Dr. Sears have each produced over 20,000 pages. Moreover, between them the parties will be taking 16 depositions in a three week period in June, not including depositions of any non-survey experts (to be designated on June 11) and any survey experts of defendants (to be designated on June 28). Enough already.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Hershey respectfully requests that the Court

enter a Protective Order quashing plaintiff's Notice of Deposition of Joan Apgar.

By their attorneys,

HERSHEY FOODS CORPORATION AND
HERSHEY CHOCOLATE & CONFECTIONERY
CORP.

Seni M. Adio, BBO #566709
Matthew Hurley, BBO #643638
Mintz, Levin, Cohn, Ferris,
  Glovsky and Popeo, P.C.
One Financial Center
Boston, MA  02111
(617) 542-6000
(617) 542-2241 (fax)

Thomas A. Smart
Richard A. De Sevo
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022
(212) 836-8000
(212) 836-7154 (fax)

**Certification Pursuant To Local Rules 7.1 and 37.1**

I hereby certify that on June 8, 2004 and June 10, 2004 counsel for Hershey and ZPNC conferred in a good faith effort to resolve or narrow the issues presented in this motion, but were unable to reach an agreement.

_____
Seni M. Adio

Dated: June 11, 2004

**CERTIFICATE OF SERVICE**

I, Seni Adio, hereby certify that a true and accurate copy of the foregoing document was served on all counsel of record via electronic mail and hand-delivery this 11th day of June, 2004.

_____
Seni M. Adio

30902076.DOC                                    5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ZONEPERFECT NUTRITION COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 04-10760-REK |
| | ) | |
| HERSHEY FOODS CORPORATION, | ) | |
| HERSHEY CHOCOLATE & | ) | |
| CONFECTIONERY CORPORATION, and | ) | |
| BARRY D. SEARS, | ) | |
| | ) | |
| Defendants. | ) | |

**PRELIMINARY INJUNCTION SCHEDULING ORDER**

For good cause shown, and pursuant to the agreement of the parties, IT IS HEREBY

ORDERED, this ___ of May 2004 that:

A.   Defendants shall respond to the Complaint in this action on or before **Monday, May 10, 2004**.

B.   The parties shall exchange initial disclosures as required by Fed. R. Civ. P. 26(a)(1) on or before **Monday May 10, 2004**.

C.   Plaintiff shall serve its motion for preliminary injunction and its initial supporting memorandum of law (but not affidavits or other evidence) on or before **Monday, May 10, 2004**. Defendants' initial briefs in opposition (but not affidavits or other evidence) shall be served and filed **within fourteen calendar days** of receipt of plaintiff's brief. Plaintiff's reply brief (but not affidavits or other evidence) shall be served and filed on or before **ten calendar days of receipt** of defendant's briefs.

D.   Interrogatories and document requests may be served on or before **Monday May 10, 2004 at 5 pm** by facsimile or pdf. The parties agree to serve no more than five (5) interrogatories per side. No more than **three (3) business days** after

**EXHIBIT**

**A**

receipt of such discovery, the parties shall confer to discuss any objections thereto. Objections to interrogatories and written responses to document requests shall be served no more that **five (5) business days** after receipt of such discovery. Substantive answers to interrogatories and responsive documents shall be exchanged within **fourteen (14) business days** of service.

E.    Should the parties be unable to resolve any discovery disputes, the following expedited process shall be followed: With regard to any unresolved discovery disputes, the parties shall file a motion to compel within **three (3) business days** of the parties' Local Rule 7.1 conference. Briefs in opposition shall be filed within **three (3) business days** of receipt of motions to compel. Should the Court deem oral argument necessary, the parties agree to be heard at the Court's first convenience at any point within **five (5) business days** of the filing of a motion to compel.

F.    Any survey reports (including Rule 26(a)(2) expert designations and related disclosures for the expert(s) sponsoring the survey) to be relied on by plaintiff shall be served by **Friday, May 28, 2004**; any survey reports (including Rule 26(a)(2) expert designations and related disclosures for the expert(s) sponsoring the survey) to be relied on by any defendant shall be served by **Monday, June 28, 2004**. Plaintiff may submit rebuttal report(s) to defendants' survey report(s), including Rule 26(a)(2) expert designations and related disclosures for such expert(s), by **Friday, July 9, 2004**.

G.    Depositions of fact witnesses shall take place between **Tuesday, June 1 and Wednesday, June 30, 2004**.

H.    Expert reports, except as provided in paragraph F above, including all Rule 26(a)(2) expert designations and related disclosures for such experts, shall be made on or before **Friday, June 11, 2004**.

I.    Rebuttal expert reports, including Rule 26(a)(2) expert designations and related disclosures for any rebuttal expert, shall be made on or before **Monday, June 28, 2004.**

J.    Depositions of expert witnesses may begin at any point after service of that expert's first report, and shall be completed on or before **Friday, July 9, 2004.**

K.    A status conference shall take place on **Thursday, June 17, 2004 at 10:00 a.m.**; to establish a schedule and procedure for the preliminary injunction hearing.

L.    All parties shall submit proposed findings of fact and conclusions of law, affidavits of the direct testimony of party witnesses, supporting affidavits of other witnesses, deposition excerpts (to the extent available), exhibits, and any other supporting materials on or before **Thursday, July 1, 2004**. On or before **Wednesday, July 7, 2004**, the parties will identify which portions of any adverse

-3-

party's proposed findings of fact that they dispute and identify which party witnesses they propose to cross-examine at trial.

M.      A preliminary injunction hearing shall be held commencing on **Thursday, July 15, 2004 at 10:00 a.m.**.  No third party or expert witnesses will testify at trial unless the Court, after hearing all the evidence, decides otherwise.

N.      The parties shall promptly enter into a protective order governing the confidentiality of documents and deposition testimony.

This Scheduling Order shall apply only to plaintiff's motion for a preliminary injunction, and is not intended to authorize any conduct by defendants in connection with the matters alleged in the Complaint. The remaining aspects of this case shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Massachusetts, and any further Order of this Court.  This Order shall not restrict any party's right to seek discovery on issues unrelated to plaintiff's motion for preliminary injunction; provided, however, that the parties shall not seek such discovery until plaintiff's motion for preliminary injunction has been resolved.

This scheduling order is entered without prejudice to any parties' right to seek any other or further relief as may be warranted.

IT IS FURTHER ORDERED that the parties' obligations under FED. R. CIV. P. 26(f) and Local Rule 16.1 are waived.

                                SO ORDERED.


                                _____
                                Honorable Robert E. Keeton
                                United States District Court Judge

        The parties, by their undersigned counsel, hereby consent to the entry of the foregoing Order.


Dated: May __, 2004.

-4-

BINGHAM MCCUTCHEN LLP

_[signature]_

Daniel L. Goldberg, BBO #197380
Joshua M. Dalton, BBO #636402
Matthew L. Mitchell, BBO #647902
150 Federal Street
Boston, MA  02110
(617) 951-8000
(617) 951-8736 (fax)

*Attorneys for Plaintiff*
*ZonePerfect Nutrition Company*

MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.

_[signature]_

Seni M. Adio, BBO #566709
Matthew Hurley, BBO #643638
One Financial Center
Boston, MA 02111
(617) 542-6000
(617) 542-2241 (fax)

KAYE SCHOLER  LLP

_[signature]_

Thomas A. Smart (admitted *pro hac vice*)
Richard A. De Sevo (admitted *pro hac vice*)
425 Park Avenue
New York, N.Y. 10022
(212) 836-8000
(212) 836-7154 (fax)

*Attorneys for Defendants*
*Hershey Foods Corporation and*
*Hershey Chocolate & Confectionery*
*Corporation*

TODD & WELD LLP

_[signature]_

Lisa Arrowood, BBO #022330
Ian Crawford, BBO #544475
28 State Street, 31st Floor
Boston, MA  02109
(617) 624-4719
(617) 227-5777 (fax)

*Attorneys for Defendant*
*Barry D. Sears*



# Facsimile

| | | | | |
|---|---|---|---|---|
| **FROM** | Matthew L. Mitchell | | **CLIENT/MATTER** | 2011973/307546 |
| **DATE** | June 4, 2004 | | **TKPR NO** 07091 | **TOTAL PAGES** |

| RECIPIENT FAX NO. | NAME | COMPANY | RECIPIENT TEL NO |
|---|---|---|---|
| **(617) 542-2241** | Seni M. Adio | Mintz Levin | **(617) 542-6000** |
| **(617) 227-5777** | Lisa G. Arrowood David H. Rich | Todd & Weld | **(617) 720-2626** |
| **(212) 836-8689** | Thomas A. Smart | Kaye Scholer | **(212) 836-8000** |
| **(212) 836-6409** | Richard De Sevo | Kaye Scholer | **(212) 836-8000** |
| | | | |
| | | | |

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
San Francisco
Silicon Valley
Singapore
Walnut Creek
Washington

**If there are any problems during this transmission, please call Kate at 617.951.8316.**

The information in this transmittal is privileged and confidential and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any unauthorized distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify us immediately at 617.951.8925 and return the transmittal to the sender. Thank you.

---

### SENDER'S CONFIRMATION

| | | | |
|---|---|---|---|
| RETURN TO: | Dalton | FLOOR NO.: | 18 |
| YOUR FAX HAS BEEN SENT TO: | Adio/Arrowood/Rich/Smart/De Sevo | DATE/TIME STAMP: | |

**EXHIBIT**

**B**

**BINGHAM McCUTCHEN**

Matthew L. Mitchell
Direct Phone: (617) 951-8009

June 4, 2004

Via Facsimile

Thomas A. Smart, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

Re:   **ZonePerfect Nutrition Company v. Hershey Foods
       Corporation, et als., USDC C/A No. 04-10760-REK**

Dear Thomas:

Please find enclosed:

1.    Plaintiff's Notice of Taking Deposition of Hershey Foods Corporation and
      Hershey Chocolate & Confectionery Corporation Pursuant to Rule 30(b)(6).
      With the exception of minor edits mostly for grammar, the schedule of deposition
      topics attached to the notice is the same form e-mailed to you earlier in the week;

2.    Plaintiff's Notice of Taking Deposition of Andrew England.

Please do not hesitate to contact me if you should have any questions.

Very truly yours,

Matthew L. Mitchell
MLM/kas
Enclosures

cc:   Seni M. Adio, Esq
      Lisa G. Arrowood, Esq.
      Daniel L. Goldberg

LITDOCS/553649.1 LITDOCS:553649.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ZONEPERFECT NUTRITION COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 04-10760-REK |
| | ) | |
| HERSHEY FOODS CORPORATION, | ) | |
| HERSHEY CHOCOLATE & | ) | |
| CONFECTIONERY CORPORATION, | ) | |
| BARRY D. SEARS, and ZONE LABS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S NOTICE OF TAKING DEPOSITION OF HERSHEY FOODS CORPORATION AND HERSHEY CHOCOLATE & CONFECTIONERY CORPORATION PURSUANT TO RULE 30(b)(6)

PLEASE TAKE NOTICE that on Monday, June 21, 2004 and Tuesday, June 22, 2004 at the Hotel Hershey, Hotel Road, Hershey, Pennsylvania 17033, the plaintiff, ZonePerfect Nutrition Company, by its attorneys, will take the deposition upon oral examination of Hershey Foods Corporation and Hershey Chocolate and Confectionery Corporation by a person or persons designated pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, before a Notary Public in the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

The person or persons designated to testify shall have knowledge of the matters set forth in **Schedule A**, attached hereto, to the extent known by or reasonably available to defendants.

You are invited to attend and cross-examine.

-2-

Respectfully submitted,

ZONEPERFECT NUTRITION COMPANY

By its attorneys,

Daniel L. Goldberg, BBO #197380
Charles L. Solomont, BBO # 557190
Joshua M. Dalton, BBO #636402
Matthew L. Mitchell, BBO #647902
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated: June 4, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for each defendant via facsimile and by hand to Ms. Arrowood and Mr. Adio and by mail to Mr. Smart this 4th day of June, 2004.

Matthew L. Mitchell

## Schedule A
(Hershey)

### DEFINITIONS

A.     The Definitions set forth in ZonePerfect Nutrition Company's First Request for Production of Documents to Hershey Foods Corporation and Hershey Chocolate & Confectionery Corporation are incorporated herein by reference.

B.     The term "Hershey's Opposition Brief" refers to The Hershey Defendants' Initial Memorandum of Law in Opposition to Plaintiff's Motion for a Preliminary Injunction.

### DEPOSITION TOPICS

1.   The development and existence of any requirements Hershey products must meet in order to obtain the "Sears' Zone of Approval" and communications between Hershey and Sears concerning the same.

2.   The basis for the assertions on page 11 of the Hershey Opposition Brief that "the bar that Hershey will sell has a low glycemic load and, thus, unlike the ZonePerfect bar is compliant with the Zone Diet," including without limitation the basis for both your assertion concerning the SmartZone bar and concerning the ZonePerfect bar.

3.   With respect to each product that Hershey intends to introduce into the market under the name "SmartZone," the nutritional content and composition of the same and each analysis performed on the same concerning the extent to which it meets the requirements of the "Sears' Zone of Approval" and communications between Hershey and Sears concerning the same.

4.   Analysis or consideration of the effect of particular alternative possible ingredients of nutrition bars on the compliance of such bars with the requirements of the "Sears' Zone of Approval" and communications between Hershey and Sears concerning the same.

5.   Any failure of any ZonePerfect product to meet the requirements of the "Sears' Zone of Approval" or otherwise to be compliant with the Zone Diet including, but not limited to, any communications with Sears or anyone else concerning the same and any analyses performed on any ZonePerfect product concerning the same.

6.   The Radius Lunch.

-2-

7. Communications between Barry Sears and Hershey concerning ZonePerfect and rights to any mark containing the name "Zone."

8. All communications between Barry Sears and Hershey prior to their entering into any agreement.

9. Agreements between Barry Sears and Hershey.

10. Historical changes in the Zone Diet or what it means for food products to be compliant with the Zone Diet.

11. Research conducted by Hershey concerning Barry Sears or the Zone Diet.

12. Analyses and Consideration by Hershey concerning the right of Hershey or others to use any mark containing the name "Zone."

13. Hershey's potential acquisition of ZonePerfect and Due diligence conducted by Hershey in connection with its consideration of acquiring ZonePerfect, including but not limited to (a) the basis for Hershey's assertions (i) that it received no more than two boxes of documents from which it was permitted to copy only a minimal number of documents and (ii) that ZonePerfect did not believe that it had rights to the terms "zone" or "Zone Diet," (b) identification of the information provided to Hershey by ZonePerfect and identification of the individuals at Hershey who received access to such information (and what particular information each such person received), (c) The information that Hershey independently obtained concerning ZonePerfect and its products and the sources of such information, and (d) the information that Hershey received from ZonePerfect that it neglected to destroy.

14. Each bid price for, or valuation of, ZonePerfect by Hershey and the methodology used to determine the same, including but not limited to consideration by, or evaluations made by, Hershey of good will or other value of the name ZonePerfect.

15. All reasons why Hershey discontinued its consideration of acquiring ZonePerfect.

16. All historical and intended promotion, advertising, and marketing of the SmartZone Bar including the means and channels of distribution by which Hershey intends to promote and sell the SmartZone Bar.

17. All communications with persons or entities outside Hershey concerning Barry Sears or the "Sears' Seal of Approval," including but

-3-

not limited to communications referring to the SmartZone Bar as the first or only nutrition bar endorsed or approved by Sears.

18. The decision to develop and the development of the SmartZone Bar and any market research relating to the nutrition industry.

19. The conception, genesis of, alternatives considered by Hershey to, and decision to use the name "SmartZone" as a mark for the Hershey nutrition bar.

20. The conception of, genesis of, alternatives considered by Hershey to, and decision as to having Sears endorse or approve nutrition bars made by Hershey.

21. The conception of, genesis of, alternatives considered by Hershey or Sears to, and the decision as to depicting the "Sears' Seal of Approval" on Hershey nutrition bars.

22. The conception of, genesis of, development of, and communications concerning the design and lettering of the "Sears' Seal of Approval."

23. Analyses concerning, or consideration of, whether the use of the name "SmartZone" or any other name including the word "Zone" for any Hershey product might result in confusion on the part of consumers.

24. All communications concerning ZonePerfect or any of its products after Hershey decided to discontinue bidding for ZonePerfect.

25. The October 7, 2002 confidentiality agreement between Hershey and ZonePerfect.

26. All persons involved in any way in the decision to develop, or the development of, any business or marketing plans or analyses concerning the SmartZone Bar.

27. Any "Chinese Wall" (or other procedures to limit access to information) established with respect Hershey's consideration of acquiring ZonePerfect, including without limitation with respect to any information obtained by Hershey during the course of its ZonePerfect Due Diligence and all other efforts to prevent information obtained by Hershey in connection with the ZonePerfect Due Diligence from being used in a manner in violation of the confidentiality agreement.

28. Any consideration by Hershey of information obtained by Hershey in connection with the ZonePerfect Due Diligence for any purpose other

-4-

than Hershey's consideration of a possible transaction with ZonePerfect.

29. The time line of Hershey's development of the SmartZone Bar and the development of marketing and business plans concerning the same including without limitation how said time line compares with other new food products Hershey has developed for introduction to the market.

30. The basis for the assertion on page 31 to 32 of the Hershey Opposition that "six months is not at all an unusually short time for it independently (with the assistance of Dr. Sears but independent of any information that might have been obtained from ZPNC) to develop new products."

31. Market research relating to the trademarks at issue in this case and uses of trademarks containing the word "zone," including but not limited to information concerning the same requested in Interrogatory No. 1 of Plaintiff's First Set of Interrogatories.

32. The basis for the assertion on page 1 of the Hershey Opposition Brief that "the PTO and the consuming public treat and recognize [the word "zone"] as a generic term for health and diet related products."

33. Any individuals that are no longer employed by Hershey that are identified by Hershey in response to Plaintiff's First Set of Interrogatories, Interrogatory No. 4.

34. The basis for the assertions in Hershey's Opposition Brief that ZonePerfect has "misleadingly used the term 'Zone' in its marks and on its website" and "has made false and misleading statements by misrepresenting that Dr. Sears endorses its products and is affiliated with it and its products."

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZONEPERFECT NUTRITION COMPANY )<br><br>Plaintiff, )<br><br>v. )<br><br>HERSHEY FOODS CORPORATION,<br>HERSHEY CHOCOLATE &<br>CONFECTIONERY CORPORATION,<br>BARRY D. SEARS, and ZONE LABS, INC.,<br><br>Defendants. ) | CIVIL ACTION<br>NO. 04-10760-REK |

## NOTICE OF DEPOSITION

TO:    Seni M. Adio, Esq.
       Matthew Hurly, Esq.
       MINTZ, LEVIN, COHN, FERRIS, GLOVSKY and POPEO P.C.
       One Financial Center
       Boston, MA 02111

       Thomas A. Smart, Esq.
       Richard A. De Sevo, Esq.
       KAYE SCHOLER LLP
       425 Park Avenue
       New York, New York  10022

       Lisa G. Arrowood, Esq.
       Ian Crawford, Esq.
       Edward Foye, Esq.
       David H. Rich, Esq.
       TODD & WELD LLP
       28 State Street
       Boston, MA 02109

** TOTAL PAGE.10 **

-2-

PLEASE TAKE NOTICE that on Monday, June 21, 2004 and Tuesday, June 22, 2004, at the Hotel Hershey, Hotel Road, Hershey, Pennsylvania 17033, the Plaintiff, ZonePerfect Nutrition Company ("ZonePerfect), by its attorneys, will take by stenographic or videographic means the deposition upon oral examination of **Andrew England** (**"England"**), pursuant to Fed. R. Civ. P. 30, before a Notary Public in the State of Pennsylvania, or before some other officer authorized by law to administer oaths. The oral examination will continue from day to day until complete. You are invited to attend and cross-examine the witness.

Respectfully submitted,

**ZONEPERFECT NUTRITION COMPANY**

By its attorneys,

Daniel L. Goldberg, BBO #197380
Charles L. Solomont, BBO # 557190
Joshua M. Dalton, BBO #636402
Matthew L. Mitchell, BBO #647902
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated: June 4, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for each defendant via facsimile and by hand to Ms. Arrowood and Mr. Adio and by mail to Mr. Smart this 4th day of June, 2004.

Matthew L. Mitchell

# KAYE SCHOLER LLP

From: Thomas A. Smart
212 836-8761
Fax 212 836-7154
tsmart@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

# FAX

**DATE:** June 8, 2004

Total number of pages including this cover sheet: 5

| DELIVER TO: | PRIMARY FAX NUMBER: | TELEPHONE NUMBER: |
|---|---|---|
| Joshua M. Dalton, Esq. Bingham McCutchen LLP | 617-951-8736 | 617-951-8000 |
| Lisa Arrowood, Esq. Todd & Weld LLP | 617-227-5777 | 617-624-4719 |
| Seni Adio, Esq. Mintz Levin Cohn Ferris  Glovsky & Popeo P.C. | 617-542-2241 | 617-542-6000 |
| Daniel L. Goldberg, Esq. Bingham McCutchen LLP | 617-951-8736 | 617-951-8000 |

If primary fax number is unreachable, contact the addressee's telephone number for alternate fax number? Y/N  N

### IF YOU DO NOT RECEIVE ALL THE PAGES INDICATED ABOVE, PLEASE CALL US BACK AS SOON AS POSSIBLE AT: (212) 836-8761

**NOTE:**

This facsimile transmission contains confidential and/or legally privileged information from the law firm Kaye Scholer LLP intended only for the use of the individual(s) named on the transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile transmission is strictly prohibited. If you have received this transmission in error, please notify us by telephone immediately so that we can arrange for the return of the documents to us at no cost to you.

30879750.WPD                          User #:                          Client/Matter #: 29985/0012

NEW YORK   CHICAGO   LOS ANGELES   WASHINGTON, D.C.   WEST PALM BEACH   FRANKFURT   HONG KONG   LONDON   SHANGHAI



EXHIBIT

C

# KAYE SCHOLER LLP

Thomas A. Smart, Esq.
212 836-8761
Fax 212 836-7154
tsmart@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

June 8, 2004

*Via Fax*

Joshua M. Dalton, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110

Re:     ***ZonePerfect Nutrition Company v.***
        ***Hershey Foods Corporation, et al.***
        <u>Civil Action No. 04-10760-REK</u>

Dear Josh:

I am writing in response to plaintiff's Rule 30(b)(6) deposition notice to Hershey that we received on Friday.

Paragraph 1 — To the extent Hershey has knowledge of these topics, its designee will be Daniel Azzara.

Paragraph 2 — Hershey's designee will be Daniel Azzara.

Paragraph 3 — Hershey's designee will be Daniel Azzara.

Paragraph 4 — Hershey's designee will be Daniel Azzara.

Paragraph 5 — Hershey's designee will be Daniel Azzara except to the extent the subject was discussed at the Radius lunch, and Hershey's designee with respect to that subject will be Dennis Eshleman.

Paragraph 6 — Hershey's designee will be Dennis Eshleman.

Paragraph 7 — Hershey's designee will be Andrew England.

Paragraph 8 — Hershey's designees will be Andrew England and Dennis Eshleman.

30897317.WPD

NEW YORK   CHICAGO   LOS ANGELES   WASHINGTON, D.C.   WEST PALM BEACH   FRANKFURT   HONG KONG   LONDON   SHANGHAI

# KAYE SCHOLERLLP

Joshua M. Dalton, Esq.                                    2                                    June 8, 2004

Paragraph 9:   Hershey's designee will be Andrew England.

Paragraph 10:  Hershey does not have a witness who has knowledge and can testify with respect
to the subject of this paragraph, except with respect to the compliance of Her-
shey's products with the Zone Diet, and Hershey's designee with respect to that
subject will be Daniel Azzara.

Paragraph 11:  Hershey's designees will be Dennis Eshleman and Daniel Azzara.

Paragraph 12:  Hershey objects to this designation to the extent it seeks information covered by
the attorney client privilege, attorney work product or other privileges or immuni-
ties. Hershey's designees with respect to non-privileged information covered by
this paragraph will be Dennis Eshleman for the Project Twilight period and
Andrew England for the Project Salmon period.

Paragraph 13:  Hershey's designees with respect to the following subparts of this paragraph will
be: (a)(i) Jeffrey Edleman; (a)(ii) Dennis Eshleman; (b) Jeffrey Edleman; (c)
Jeffrey Edleman; (d) Jeffrey Edleman.

Paragraph 14:  Hershey's designee will be Dennis Eshleman.

Paragraph 15:  Hershey's designee will be Dennis Eshleman.

Paragraph 16:  Hershey's designee will be Andrew England.

Paragraph 17:  Hershey objects to Paragraph 17 on the ground that Hershey did not "refer[] to the
SmartZone Bar as the first or only nutrition bar endorsed or approved by Sears."
Hershey's designee with respect to whether it made such a statement will be
Andrew England.

Paragraph 18:  Hershey's designee with respect to the development of the SmartZone Bar will be
Daniel Azzara, and Hershey's designee with respect to the decision to develop the
SmartZone Bar and market research referred to in this paragraph will be Andrew
England.

Paragraph 19:  Hershey's designee will be Andrew England.

Paragraph 20:  Hershey's designee will be Dennis Eshleman.

# KAYE SCHOLER LLP

Joshua M. Dalton, Esq.                    3                    June 8, 2004

Paragraph 21:  Hershey does not have a witness who has knowledge and can testify with respect to the subjects of this paragraph except for "the decision to depict the 'Sears' Seal of Approval' on Hershey nutrition bars," and Hershey's designee with respect to that subject will be Andrew England.

Paragraph 22:  Hershey does not have a witness who has knowledge and can testify with respect to the subjects of this paragraph except for "communications concerning the design and lettering of the 'Sears' Seal of Approval,'" and Hershey's designee with respect to that subject will be Andrew England.

Paragraph 23:  Hershey's designee will be Andrew England.

Paragraph 24:  Hershey objects to this paragraph on the ground that it does not "describe with reasonable particularity the matters on which examination is requested," as required by Rule 30(b)(6), Fed. R. Civ. P.

Paragraph 25:  Hershey's designee will be Jeffrey Edleman.

Paragraph 26:  Hershey objects to this paragraph on the ground that it does not "describe with reasonable particularity the matters on which examination is requested," as required by Rule 30(b)(6), Fed. R. Civ. P. *See also* Hershey Defendants' Response to Plaintiff's First Set of Interrogatories, Answer No. 4(b).

Paragraph 27:  Hershey's designees will be Andrew England and Daniel Azzara.

Paragraph 28:  Hershey objects to this paragraph on the ground that it is premised on incorrect factual assumptions.  Subject to this objection, Hershey's designees will be Andrew England and Daniel Azzara.

Paragraph 29:  Hershey's designees will be Daniel Azzara with respect to the development of the SmartZone Bar and Andrew England with respect to the development of the business and marketing plans for the SmartZone Bar.

Paragraph 30:  Hershey's designee will be Daniel Azzara.

Paragraph 31:  In advance of the deposition, Hershey will designate a person to testify with respect to the subject of this paragraph.

Paragraph 32:  Hershey's designee will be Andrew England.

Paragraph 33:  Hershey objects to this paragraph on the ground that it does not "describe with reasonable particularity the matters on which examination is requested," as required by Rule 30(b)(6), Fed. R. Civ. P.

# KAYE SCHOLER LLP

Joshua M. Dalton, Esq.                    4                    June 8, 2004

Paragraph 34: Hershey's designee will be Andrew England.

As the parties previously agreed, we will produce the witnesses (except as noted below) on June 11 and 21-23. In particular, we will produce Mr. Eshleman on June 11, Mr. England on June 21, Mr. Azzara on June 22, and Mr. Edleman on June 23. As agreed, all depositions will begin at 9:00. We will produce Hershey's designee with respect to Paragraph 31 during the weeks of June 21 or 28, 2004. We will give you an exact date when we know of the person's availability.

Sincerely,

Thomas A. Smart

cc:    Lisa Arrowood, Esq.
       Seni Adio, Esq.
       Daniel L. Goldberg, Esq.

30897317.WPD

NEW YORK   CHICAGO   LOS ANGELES   WASHINGTON, D.C.   WEST PALM BEACH   FRANKFURT   HONG KONG   LONDON   SHANGHAI

**BINGHAM McCUTCHEN**

# Facsimile

FROM    Matthew L. Mitchell                    CLIENT/MATTER      2011973/307546

DATE    June 9, 2004                           TKPR NO    07091    TOTAL PAGES

| RECIPIENT FAX NO | NAME | COMPANY | RECIPIENT TEL NO |
|---|---|---|---|
| **(617) 542-2241** | Seni M. Adio | Mintz Levin | **(617) 542-6000** |
| **(617) 227-5777** | Lisa G. Arrowood<br>David H. Rich | Todd & Weld | **(617) 720-2626** |
| **(212) 836-8689** | Thomas A. Smart | Kaye Scholer | **(212) 836-8000** |
| **(212) 836-6409** | Richard De Sevo | Kaye Scholer | **(212) 836-8000** |
| | | | |
| | | | |
| | | | |

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
San Francisco
Silicon Valley
Singapore
Walnut Creek
Washington

Please find Notice of Deposition for Joan Apgar.

**If there are any problems during this transmission, please call Kate at 617.951.8316.**

The information in this transmittal is privileged and confidential and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any unauthorized distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify us immediately at 617.951.8925 and return the transmittal to the sender. Thank you.

---

## SENDER'S CONFIRMATION

RETURN TO:    Dalton                                        FLOOR NO.:    18

YOUR FAX HAS    Adio/Arrowood/Rich/Smart/De Sevo            DATE/TIME STAMP:
BEEN SENT TO:

LITDOCS:554580.1

**EXHIBIT**

**D**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZONEPERFECT NUTRITION COMPANY )<br><br>Plaintiff, )<br><br>v. )<br><br>HERSHEY FOODS CORPORATION, )<br>HERSHEY CHOCOLATE & )<br>CONFECTIONERY CORPORATION, )<br>BARRY D. SEARS, and ZONE LABS, INC., )<br><br>Defendants. ) | CIVIL ACTION<br>NO. 04-10760-REK |

## NOTICE OF DEPOSITION

TO:   Seni M. Adio, Esq.
      Matthew Hurly, Esq.
      MINTZ, LEVIN, COHN, FERRIS, GLOVSKY and POPEO P.C.
      One Financial Center
      Boston, MA 02111

      Thomas A. Smart, Esq.
      Richard A. De Sevo, Esq.
      KAYE SCHOLER LLP
      425 Park Avenue
      New York, New York  10022

      Lisa G. Arrowood, Esq.
      Ian Crawford, Esq.
      Edward Foye, Esq.
      David H. Rich, Esq.
      TODD & WELD LLP
      28 State Street
      Boston, MA 02109

LITDOCS:554877.1

-2-

PLEASE TAKE NOTICE that on **Tuesday, June 22, 2004**, at the Hotel Hershey, Hotel Road, Hershey, Pennsylvania 17033, the Plaintiff, ZonePerfect Nutrition Company ("ZonePerfect), by its attorneys, will take by stenographic or videographic means the deposition upon oral examination of **Joan Apgar ("Apgar")**, pursuant to Fed. R. Civ. P. 30, before a Notary Public in the State of Pennsylvania, or before some other officer authorized by law to administer oaths. The oral examination will continue from day to day until complete. You are invited to attend and cross-examine the witness.

Respectfully submitted,

**ZONEPERFECT NUTRITION COMPANY**

By its attorneys,

Daniel L. Goldberg, BBO #197380
Charles L. Solomont, BBO # 557190
Joshua M. Dalton, BBO #636402
Matthew L. Mitchell, BBO #647902
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated: June 9, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for each defendant via facsimile and by hand to Ms. Arrowood and Mr. Adio and by mail to Mr. Smart this 9th day of June, 2004.

Matthew L. Mitchell

LITDOCS:554877.1