UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

4/27/04
Brown

| | |
|---|---|
| ZONEPERFECT NUTRITION COMPANY ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> HERSHEY FOODS CORPORATION, ) <br> HERSHEY CHOCOLATE & ) <br> CONFECTIONERY CORPORATION, and ) <br> BARRY D. SEARS, ) <br> ) <br> Defendants. ) | CIVIL ACTION <br> NO. 04-10760-REK |

**PRELIMINARY INJUNCTION SCHEDULING ORDER**

For good cause shown, and pursuant to the agreement of the parties, IT IS HEREBY ORDERED, this __ day of _____, 2004 that:

A.  Defendants shall respond to the Complaint in this action on or before **Monday, May 10, 2004**.

B.  The parties shall exchange initial disclosures as required by Fed. R. Civ. P. 26(a)(1) on or before **Monday May 10, 2004**.

C.  Plaintiff shall serve its motion for preliminary injunction and its initial supporting memorandum of law (but not affidavits or other evidence) on or before **Monday, May 10, 2004**. Defendants' initial brief in opposition (but not affidavits or other evidence) shall be served and filed **within fourteen calendar days** of receipt of plaintiff's brief. Plaintiff's reply brief (but not affidavits or other evidence) shall be served and filed on or before **ten calendar days of receipt** of defendant's brief.

D.  Interrogatories and document requests may be served on or before **Monday May 10, 2004 at 5 pm** by facsimile or pdf. The parties agree to serve no more than **five (5)** interrogatories per side. No more than **three (3) business days** after

LITDOCS:548063.3

receipt of such discovery, the parties shall confer to discuss any objections thereto. Objections to interrogatories and written responses to document requests shall be served no more that **five (5) business days** after receipt of such discovery. Substantive answers to interrogatories and responsive documents shall be exchanged within **fourteen (14) business days** of service.

E. Should the parties be unable to resolve any discovery disputes, the following expedited process shall be followed: With regard to any unresolved discovery disputes, the parties shall file a motion to compel within **three (3) business days** of the parties' Local Rule 7.1 conference. Briefs in opposition shall be filed with **three (3) business days** of receipt of motions to compel. ~~Such discovery matters may be submitted in the form of letters.~~ RSK Should the Court deem oral argument necessary, the parties agree to be heard at the Court's first convenience at any point within **five (5) business days** of the filing of a motion to compel.

F. Depositions of fact witnesses shall take place between **Tuesday, June 1 and Wednesday, June 30, 2004.**

G. Expert reports, including any surveys by any party, including all Rule 26(a)(2) expert designations and related disclosures for such experts, shall be made on or before a date to be scheduled by the Court.

H. Rebuttal expert reports, including Rule 26(a)(2) expert designations and related disclosures for any rebuttal expert, shall be made on or before a date to be scheduled by the Court.

I. Depositions of expert witnesses may begin at any point after service of that expert's first report, and shall be completed on or before a date to be scheduled by the Court.

J. A status conference shall take place on **Friday, June 18, 2004 at** _____, to establish a schedule and procedure for the preliminary injunction hearing.

K. A preliminary injunction hearing shall be held commencing on **Thursday, July 15, 2004 at** _____ or as soon thereafter as the Court's schedule permits.

L. The parties shall promptly enter into a protective order governing the confidentiality of documents and deposition testimony.

This Scheduling Order shall apply only to plaintiff's motion for a preliminary injunction and is not intended to authorize any conduct by defendants in connection with the matters alleged in the Complaint. The remaining aspects of this case shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of

Massachusetts, and any further Order of this Court. This Order shall not restrict any party's right to seek discovery on issues unrelated to plaintiff's motion for preliminary injunction; provided, however, that the parties shall not seek such discovery until plaintiff's motion for preliminary injunction has been resolved.

This scheduling order is entered without prejudice to any parties' right to seek any other or further relief as may be warranted.

IT IS FURTHER ORDERED that the parties' obligations under FED. R. CIV. P. 26(f) and Local Rule 16.1 are waived.

SO ORDERED.

_____
Honorable Robert E. Keeton
United States District Court Judge

The parties, by their undersigned counsel, hereby consent to the entry of the foregoing Order.

Dated: April __, 2004.

| BINGHAM MCCUTCHEN LLP | MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C. |
|---|---|
| Daniel L. Goldberg, BBO #197380<br>Joshua M. Dalton, BBO #636402<br>Matthew L. Mitchell, BBO #647902<br>150 Federal Street<br>Boston, MA 02110<br>(617) 951-8000<br>(617) 951-8736 (fax) | Seni M. Adio, BBO #566709<br>Matthew Hurley, BBO #643638<br>One Financial Center<br>Boston, MA 02111<br>(617) 348-4939<br>(617) 542-2241 (fax) |
| *Attorneys for Plaintiff*<br>*ZonePerfect Nutrition Company* | *Attorneys for Defendants*<br>*Hershey Foods Corporation and*<br>*Hershey Chocolate & Confectionery*<br>*Corporation* |

TODD & WELD LLP

_____
Lisa Arrowood, BBO #
Ian Crawford, BBO #
28 State Street, 31st Floor
Boston, MA 02109
(617) 624-4719
(617) 227-5777 (fax)

*Attorneys for Defendant
    Barry D. Sears*
