UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ZONEPERFECT NUTRITION COMPANY | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 04-10760-RGS |
| | ) | |
| HERSHEY FOODS CORPORATION, | ) | |
| HERSHEY CHOCOLATE & | ) | |
| CONFECTIONERY CORPORATION, | ) | |
| BARRY D. SEARS, and ZONE LABS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER TO BARRY SEARS' AND ZONE LABS, INC.'S COUNTERCLAIMS

Plaintiff ZonePerfect Nutrition Company ("ZonePerfect"), hereby responds to Defendant Barry Sears ("Sears") and Defendant Zone Labs., Inc. ("Zone Labs") Counterclaims (the "Counterclaim") ZonePerfect states as follows:

## COUNTERCLAIMS

No response to the unnumbered introductory paragraph of the Counterclaim is required, as it merely characterizes Sears and Zone Labs' request for relief, and/or states conclusions of law, and not averments of facts. To the extent the paragraph contains any factual allegations requiring a response, those allegations are denied.

1.      ZonePerfect admits that Sears is the author of several books, including The Zone, Mastering the Zone, and The Omega Rx Zone, which describe a diet balanced between carbohydrates, proteins and fats, also known as the "Zone Diet." ZonePerfect admits that Sears' business address is c/o Zone Labs, 222 Rosewood Drive, Suite 500, Danvers,

Massachusetts 01923. Except as so admitted, ZonePerfect denies the allegations in paragraph 1.

2.    ZonePerfect is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Counterclaim.

3.    ZonePerfect admits to the first sentence of paragraph 3 of the Counterclaim. ZonePerfect admits that it markets and distributes nutritional products, including nutrition bars, shakes, and prepared meals. ZonePerfect denies the remaining allegations of paragraph 3 of the Counterclaim.

4.    The allegations contained in paragraph 4 of the Counterclaim state conclusions of law, and not averments of facts, and therefore require no response.

5.    The allegations contained in paragraph 5 of the Counterclaim state conclusions of law, and not averments of facts, and therefore require no response.

6.    ZonePerfect is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Counterclaim.

7.    ZonePerfect is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Counterclaim.

8.    ZonePerfect is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Counterclaim.

9.    ZonePerfect is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Counterclaim.

10.    ZonePerfect admits that Sears published The Zone, Mastering the Zone, Zone Food Blocks, The Anti-Aging Zone, The Soy Zone; The Top 100 Zone Foods; The Omega Rx Zone. ZonePerfect further states that the allegations of paragraph 10 of the Counterclaim characterize copyright registrations of Sears' publications, which speak for themselves, and therefore require no response. ZonePerfect is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Counterclaim. Except as so admitted, ZonePerfect denies the allegations in paragraph 10.

11.    ZonePerfect admits the allegations contained in the first two sentences of paragraph 11. ZonePerfect also admits that the "o" in Zone has sometimes appeared in a contrasting color, and sometimes as the "cross-hairs" design element.

12.    ZonePerfect admits that Sears and Christopher Baker met in 1996. ZonePerfect admits that later in 1996, Sears co-founded with Christopher Baker, and others, ZonePerfect's predecessor, Eicotech Corporation. ZonePerfect further admits that The Zone became a New York Times #1 best-selling book. ZonePerfect further admits that each copy of The Zone book featured an 800 number for "technical support" and other inquiries. Except as so admitted, ZonePerfect denies the allegations in paragraph 12.

13.    ZonePerfect admits that in late 1996 or early 1997, ZonePerfect began selling nutrition bars through multi-level marketing channels and the 800 number. ZonePerfect admits that Sears signed the Stock Purchase and Holders Agreement dated September 19, 1996, attached to ZonePerfect's First Amended Complaint as **Exhibit 4**. ZonePerfect is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 13. Except as so admitted, ZonePerfect denies the allegations in paragraph 13.

14.    The allegations of the first sentence of paragraph 14 of the Counterclaim characterize a document, which speaks for itself, and therefore requires no response. ZonePerfect is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 14 of the Counterclaim. ZonePerfect admits that Sears and ZonePerfect developed nutrition bars after 1996. Except as so admitted, ZonePerfect denies the allegations of the third sentence in paragraph 14 of the Counterclaim. ZonePerfect is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of Paragraph 14 of the Counterclaim. ZonePerfect denies the allegations contained in the fifth sentence of paragraph 14 of the Counterclaim.

15.    ZonePerfect denies the first sentence of paragraph 15 of the Counterclaim. ZonePerfect is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in the second and third sentences of Paragraph 15 of the Counterclaim.

16.    ZonePerfect denies the first and fourth sentences of paragraph 16 of the Counterclaim. ZonePerfect is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of Paragraph 16 of the Counterclaim.

17.    ZonePerfect denies the allegations of paragraph 17 of the Counterclaim.

18.    ZonePerfect denies the first and second sentences of paragraph 18 of the Counterclaim. ZonePerfect denies the third sentence of paragraph 18 of the Counterclaim and instead admits that in December 1999, Mr. Baker requested Sears to refrain from making further visits to ZonePerfect's headquarters. Except as so admitted, ZonePerfect denies the allegations in paragraph 18.

19.    ZonePerfect denies the allegations of paragraph 19 of the Counterclaim.

20.    ZonePerfect admits the first sentence of paragraph 20 of the Counterclaim. ZonePerfect admits that on October 17, 2001, ZonePerfect and Sears executed a stock repurchase agreement (the "2001 Agreement"), which agreement speaks for itself.  The remaining allegations of paragraph 20 of the Counterclaim characterize a document, which speaks for itself, and therefore requires no response.  Except as so admitted, ZonePerfect denies the allegations in paragraph 20.

21.    The allegations of paragraph 21 of the Counterclaim characterize a document, which speaks for itself, and state conclusions of law, and not averments of facts, and therefore requires no response.   To the extent the allegations of paragraph 21 of the Counterclaim contains any factual allegations requiring a response, they are denied.

22.    ZonePerfect admits that articles authored by Dr. Robert Wayne Johnston were published on ZonePerfect's website.  ZonePerfect is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first two sentences of paragraph 22 of the Counterclaim.  ZonePerfect denies the remaining allegations of paragraph 22 of the Counterclaim.

23.    ZonePerfect repeats and incorporates by reference the answers set forth in the prior paragraphs of this Answer to the Counterclaim.

24.    ZonePerfect denies the allegations of paragraph 24 of the Counterclaim.

25.    The allegations of paragraph 25 of the Counterclaim characterize U.S. Trademark Registrations, which speaks for themselves, and therefore require no response.  To the extent the allegations of paragraph 25 of the Counterclaim contains any factual allegations requiring a response, they are denied.

26.    The allegations of paragraph 26 of the Counterclaim characterize U.S. Trademark Registration Applications, which speaks for themselves, and therefore require no response.  To the extent the allegations of paragraph 26 of the Counterclaim contains any factual allegations requiring a response, they are denied.

27.    ZonePerfect is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 27 of the Counterclaim.   ZonePerfect denies the third sentence of Paragraph 27 of the Counterclaim. ZonePerfect is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of Paragraph 27 of the Counterclaim.

28.    ZonePerfect denies the allegations of paragraph 28 of the Counterclaim.

29.    ZonePerfect denies the allegations of paragraph 29 of the Counterclaim.

30.    ZonePerfect denies the allegations of paragraph 30 of the Counterclaim.

31.    ZonePerfect repeats and incorporates by reference the answers set forth in the prior paragraphs of this Answer to the Counterclaim.

32.    ZonePerfect admits that it promotes its ZonePerfect® bars as compliant with a ratio of 40% carbohydrates and 30% each of proteins and fats.  Except as so admitted, ZonePerfect denies the allegations of paragraph 32 of the Counterclaim.

33.    ZonePerfect denies the allegations of paragraph 33 of the Counterclaim.

34.    ZonePerfect denies the allegations of paragraph 34 of the Counterclaim.

35.    ZonePerfect denies the allegations of paragraph 35 of the Counterclaim.

36.    ZonePerfect repeats and incorporates by reference the answers set forth in the prior paragraphs of this Answer to the Counterclaim.

37.    ZonePerfect is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Counterclaim.

38.    ZonePerfect is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Counterclaim.

39.    ZonePerfect denies the allegations of paragraph 39 of the Counterclaim.

40.    ZonePerfect denies the allegations of paragraph 40 of the Counterclaim.

41.    ZonePerfect repeats and incorporates by reference the answers set forth in the prior paragraphs of this Answer to the Counterclaim.

42.    Paragraph 42 of the Counterclaim characterizes a document, which speaks for itself, and therefore requires no response.  To the extent paragraph 42 of the Counterclaim contains any factual allegations requiring a response, they are denied.

43.    ZonePerfect denies the allegations of paragraph 43 of the Counterclaim.

44.    ZonePerfect repeats and incorporates by reference the answers set forth in the prior paragraphs of this Answer to the Counterclaim.

45.    ZonePerfect denies the allegations of paragraph 45 of the Counterclaim.

46.    ZonePerfect repeats and incorporates by reference the answers set forth in the prior paragraphs of this Answer to the Counterclaim.

47.    ZonePerfect is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Counterclaim.

48.    ZonePerfect denies the allegations of paragraph 48 of the Counterclaim.

49.    ZonePerfect denies the allegations of paragraph 49 of the Counterclaim.

50.    ZonePerfect repeats and incorporates by reference the answers set forth in the prior paragraphs of this Answer to the Counterclaim.

51.    ZonePerfect admits that it owns federal Trademark Registration Nos. 2,645,665 and 2,294,807.  ZonePerfect denies that it merely "claims" to own said registrations.

52.    ZonePerfect denies the allegations of paragraph 52 of the Counterclaim.

53.    ZonePerfect repeats and incorporates by reference the answers set forth in the prior paragraphs of this Answer to the Counterclaim.

54.    ZonePerfect denies the allegations of paragraph 54 of the Counterclaim.

55.    ZonePerfect denies the allegations of paragraph 55 of the Counterclaim.

## GENERAL DENIAL AND RESPONSE

ZonePerfect generally denies each and every remaining allegation contained in the Counterclaim that has not been previously admitted, denied or answered.    ZonePerfect specifically denies that Sears and Zone Labs is entitled to any of the relief it requests.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaim fails to state a claim against ZonePerfect for which relief can be granted.

### Second Affirmative Defense

The claims asserted in the Counterclaim are barred by the doctrines of waiver, estoppel, or laches.

### Third Affirmative Defense

Sears and Zone Labs are barred from obtaining the relief they seek in the Counterclaim in light of their unclean hands.

### Fourth Affirmative Defense

Sears and Zone Labs are barred from obtaining the relief it seeks by the doctrine of fair use.

### Fifth Affirmative Defense

Sears and Zone Labs are barred from obtaining the relief it seeks because it lacks a protectible interest in intellectual property associated with the Zone Diet in connection with the sale of nutrition bars and certain other food products.

### Sixth Affirmative Defense

If Sears and Zone Labs has suffered any damages, which is denied, Sears and Zone Labs' claims are barred because Sears and Zone Labs have failed to mitigate any such alleged damages.

### Seventh Affirmative Defense

To the extent any damages were suffered by Sears and Zone Labs, which ZonePerfect expressly denies, any such damages were as the result of the negligence, carelessness, acts, omissions, fault or breaches of contract or obligations of persons other than ZonePerfect, including the Sears and Zone Labs itself and their agents and employees, over whom ZonePerfect has no control, and, accordingly, such acts bar any recovery against defendant in whole or in part.

### Eighth Affirmative Defense

If Sears and Zone Labs have suffered any damages, which is denied, Sears and Zone Labs' claims are barred because the damages complained of were caused by Sears and Zone Labs' own acts or omissions.

### Ninth Affirmative Defense

The materials allegedly protected by Sears copyright registrations are of a sufficiently generic and standard nature that they are not protectable.

LITDOCS:554929.1

### Tenth Affirmative Defense

ZonePerfect has not infringed, will not infringe, and has not contributed to the infringement of, the copyrights cited in the Counterclaim.

### ADDITIONAL DEFENSES

ZonePerfect reserves the right to raise additional defenses after the completion of investigation and discovery.

### REQUEST FOR RELIEF

**WHEREFORE**, ZonePerfect seeks:

(a)    That Sears and Zone Labs take nothing by their Counterclaim;

(b)    That Sears and Zone Labs Counterclaim be dismissed and judgment entered for defendant on all counts thereof;

(c)    That this case be deemed an extraordinary matter pursuant to 15 U.S.C. §1117 and that ZonePerfect be awarded its costs of suit and reasonable attorneys' fees incurred herein; and

(d)    That ZonePerfect be awarded such other and further relief as the Court deems just and proper.

LITDOCS:554929.1

-10-

Respectfully submitted,

**ZONEPERFECT NUTRITION COMPANY**

By its attorneys,

Daniel L. Goldberg, BBO #197380
Charles L. Solomont, BBO # 557190
Joshua M. Dalton, BBO #636402
Matthew L. Mitchell, BBO #647902
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA  02110
(617) 951-8000

Dated:  June 28, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for each defendant via facsimile this 28th day of June, 2004.

Matthew L. Mitchell