UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10760-RGS

ZONEPERFECT NUTRITION COMPANY

v.

HERSHEY FOODS CORPORATION,
HERSHEY CHOCOLATE &
CONFECTIONERY CORPORATION, and
BARRY D. SEARS

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION
FOR A PRELIMINARY INJUNCTION

August 4, 2004

STEARNS, D.J.

After hearing, the motion for a preliminary injunction is <u>DENIED</u>.  The court finds that a genuine dispute of fact exists as to the likelihood of prospective consumer confusion over the source of the competing nutrition bars.[1]  On the one hand, a comparison of the composite marks, both of which display the word "Zone" in the same distinctive block letters (borrowed from the cover styling of Dr. Sears' diet books), suggests a real possibility of confusion.[2]  See <u>The Beacon Mut. Ins. Co. v. OneBeacon Ins. Group</u>, 2004 WL 1562558

---

[1]While the case is unusual in that the claim is one of anticipatory harm, defendant Hershey Foods Corp. has made clear that its decision to begin marketing its SmartZone bars in September of 2004 is irrevocable.  Consequently, the prospect of an injury-in-fact to the plaintiff is sufficiently concrete as to be justiciable.  <u>Cf.</u> <u>PHC, Inc. v. Pioneer Healthcare, Inc.</u>, 75 F.3d 75, 79 (1st Cir. 1996).

[2]Also militating in plaintiff's favor is its prior use of the mark, the similarity of the products, and the fact that the bars will be marketed in the same channels of trade to the same prospective consumers. <u>I.P. Lund Trading, ApS v. Kohler Co.</u>, 163 F.3d 27, 43-44 (1st Cir. 1998).

*10 (1st Cir., July 12, 2004).  On the other hand, the strength of the nearly universally recognized Hershey mark, which is centrally displayed on the SmartZone bar, militates in defendants' favor.[3] Pignons S.A. de Mecanique de Precision v. Polaroid Corp., 657 F.2d 482, 487 (1st Cir. 1981).  What has not been established conclusively one way or the other is the critical factor of likelihood of consumer confusion, as demonstrated by the flatly contradictory opinions of the competing experts.  Consequently, I cannot conclude that plaintiff has established the likelihood of its success on the merits, "the main bearing wall of the four-factor framework" governing the award of a preliminary injunction. Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 16 (1st Cir. 1996).

Recognizing as I do the commercial importance of an early resolution of the principal dispute in this case, and further noting that, as the parties' exhaustive pleadings demonstrate, all the discovery that needs to be done has been done; I will ORDER as follows.

1.     Plaintiff's Lanham Act claims, Counts I, II, and III, and the common-law trademark infringement claim, Count IV, will be severed from the Complaint and set for immediate trial.  All other claims, including Dr. Sears' counterclaims, will be reserved for a separate trial or resolution, without prejudice to any of the defendants' defenses.

2.     Empanelment will commence on Monday, August 23, 2004, immediately following the empanelment of United States v. Roberson.  Should the Roberson matter be resolved, the presentation of evidence will commence on Monday, August 23, 2004, or if

---

[3]Also working in defendants' favor, although more in an equitable than a legal sense, is that fact that ZonePerfect appears to be attempting to sow consumer confusion by implying that its product is associated with Dr. Sears and his Zone Diet.

not resolved, on Thursday, August 26, 2004.

     3.     Each side (ZonePerfect and Hershey-Sears) will be allocated fourteen (14) hours for its presentation, inclusive of cross-examination, but exclusive of a thirty (30) minute opening statement and a one hour closing argument.  The time limits will be strictly enforced.

     4.     The court will sit from 9:00 a.m. to 4:00 p.m. daily to ensure that a verdict is reached before the commencement of the Labor Day weekend.

     5.     The Clerk shall issue forthwith a pretrial order consistent with the court's above instructions.

                    SO ORDERED.

                    /s/ Richard G. Stearns

                    _____

                    UNITED STATES DISTRICT JUDGE