UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ZONEPERFECT NUTRITION COMPANY,<br>    Plaintiff and Counterclaim Defendant<br><br>v.<br><br>HERSHEY FOODS CORPORATION,<br>HERSHEY CHOCOLATE &<br>CONFECTIONERY CORPORATION,<br>DR. BARRY D. SEARS, and<br>ZONE LABS, INC.,<br>    Defendants and Counterclaim Plaintiffs | CIVIL ACTION NO: 04-10760 RGS |

## AFFIDAVIT OF DAVID J. BYER

I, David J. Byer, the affiant, hereby state that:

1. I am a partner in the law firm Testa, Hurwitz & Thibeault, LLP (TH&T). I have worked as an attorney at TH&T since September 1984, and currently practice in TH&T's Patent and Intellectual Property Practice Group. Except as stated below, I have first-hand knowledge of the facts contained herein.

2. Since September 1997, TH&T has represented Barry D. Sears, Ph.D. and his companies, *inter alia*, Zone Enterprises, Inc. and Zone Labs, Inc., (collectively "Dr. Sears") in connection with his corporate and intellectual property matters. I have been the principal attorney responsible for much of Dr. Sears's intellectual property work, including matters relating to trademark, copyright, licensing, and rights of publicity.

3. TH&T has filed and prosecuted over one hundred (100) trademark applications for Dr. Sears in the United States Patent and Trademark Office and in the trademark offices of foreign jurisdictions. A schedule of Dr. Sears's trademarks prosecuted in the United States is attached as Exhibit A. A schedule of Dr. Sears's trademarks prosecuted in foreign jurisdictions is attached as Exhibit B.

4. As shown on Exhibit A, Dr. Sears currently owns or once owned ten (10) registrations and fifty-six (56) applications in the United States for the term ZONE, either alone or in combination with other words. As shown on Exhibit B, Dr. Sears currently owns or once owned seven (7) registrations and twenty-nine (29) applications in five (5) foreign jurisdictions, including the European Community, for the term ZONE, either alone or in combination with other words.

5. The trademark applications and registrations shown in bold on Exhibits A and B cover food-related goods and services, including nutritional food bars, fish oil, prepared entrees, snack foods, catering services, food delivery services, and restaurant services.

6. Until the filing of this lawsuit, Plaintiff never sought to oppose or cancel any of Dr. Sears's trademark applications or registrations for the term ZONE, alone or in combination with other terms. At least three of Dr. Sears's trademark applications incorporating the term ZONE and used in connection with food-related goods and/or services – ZONE RX, OMEGAZONE, and ZONE CUISINE – were published for opposition before this lawsuit was filed; Plaintiff neither opposed nor sought extensions of time to oppose these applications, nor did Plaintiff assert, either orally or in writing, any other objection to Dr. Sears's use or registration of these trademarks. Plaintiff has filed an extension of time to oppose only one of Dr. Sears's trademark applications incorporating the term ZONE – ZONE CAFÉ – but this action was taken after the filing of this lawsuit.

7. No third party has ever filed an opposition proceeding in the United States against any of Dr. Sears's trademark applications for ZONE, either alone or in combination with other terms, nor has any third party asserted, either orally or in writing, any objection to Dr. Sears's use or registration of these trademarks in the United States.

8. TH&T has taken a number of actions on behalf of Dr. Sears to protect and enforce Dr. Sears's rights in his intellectual property. These include sending letters, including cease and desist letters, as described below:

A. On May 22, 2000, William L. Prickett, a partner in TH&T's Litigation Practice Group, sent a letter to Christopher G. Karras of Dechert, Price & Rhoads, outlining a number of unlawful and/or unauthorized activities engaged in by Plaintiff, including the following: mislabeling of Plaintiff's products; nonconformance of Plaintiff's products with Zone principles; unauthorized use of Dr. Sears's name and likeness; and fraudulent registration of trademarks owned by Dr. Sears. A copy of such letter is attached hereto as Exhibit C.

B. On July 6, 2000, Mr. Prickett sent a follow-up letter to Mr. Karras, reiterating the unlawful activities of Plaintiff outlined in the May 22, 2000 letter. A copy of such letter is attached hereto as Exhibit D.

C. On July 27, 2000, Mr. Prickett sent a letter to Mr. Karras, stating that the unlawful and fraudulent practices of Plaintiff were continuing. A copy of such letter is attached hereto as Exhibit E.

D. On February 25, 2002, Stephen A. Hurwitz, co-founder of TH&T and a senior partner in TH&T's Business Practice Group, sent a letter to Thomas E. Neely of Hale and Dorr LLP, outlining a number of unlawful and/or unauthorized activities engaged in by Plaintiff, including sales of Plaintiff's products bearing Dr. Sears's name and likeness after the inventory sell-off period had ended and wholesale copyright infringement. A copy of such letter is attached hereto as Exhibit F.

E.  On May 10, 2002, Mr. Hurwitz sent a letter to Terence A. Dixon of Dechert, Price & Rhoads, outlining a number of unlawful and/or unauthorized activities engaged in by Plaintiff, including the following: sales of Plaintiff's products bearing Dr. Sears's name and likeness long after the inventory sell-off period had ended; "dumping" excess inventory bearing Dr. Sears's name and likeness in retail stores in Canada; and wholesale copyright infringement. The letter also noted that Plaintiff's activities were causing consumer confusion. A copy of such letter is attached hereto as Exhibit G.

F.  On August 20, 2002, Mr. Hurwitz sent a letter to Mr. Dixon outlining a number of unlawful and/or unauthorized activities engaged in by Plaintiff, including the continued unauthorized use of Dr. Sears's name and likeness and misleading statements of association with Dr. Sears. A copy of such letter is attached hereto as Exhibit H.

G.  On February 4, 2003, Mr. Hurwitz sent a letter to Mr. Neely, outlining a number of unlawful and/or unauthorized activities engaged in by Plaintiff, including the following: unlawful use by ZonePerfect Canada of Dr. Sears's name and likeness, misleading statements of association with Dr. Sears, and copyright infringement. A copy of such letter is attached hereto as Exhibit I.

H.  On February 25, 2003, Jennifer K. Lawson, an associate in TH&T's Patent and Intellectual Property Practice Group, sent a letter to ZonePerfect Canada, outlining unlawful use by ZonePerfect Canada of Dr. Sears's name and likeness and misleading statements of association with Dr. Sears. A copy of such letter is attached hereto as Exhibit J.

I.  On March 13, 2003, Ms. Lawson sent a follow-up letter to ZonePerfect Canada reiterating the unlawful activities outlined in the February 25, 2003 letter. A copy of such letter is attached hereto as Exhibit K.

J.  On September 26, 2003, Ms. Lawson sent a letter to Troy Sutter of Balance for Life, outlining unlawful use by Mr. Sutter of Dr. Sears's name, image, and stylized ZONE logo trademark, and other activities likely to mislead consumers. A copy of such letter is attached hereto as Exhibit L.

9.  I was involved in the negotiation and drafting of certain aspects of the agreement entered into between Plaintiff and Dr. Sears on October 17, 2001 (the "2001 Agreement"), particularly Paragraphs 4 and 5 relating to Trademarks and Publicity Rights, respectively.

10. Except for the limitations stated in Paragraphs 4(b) and 4(c), nothing in the 2001 Agreement limits Dr. Sears's right to use the trademark ZONE, either alone or in combination with any other term, in connection with any goods or services. The phrase "solely for books" in Paragraph 4(a) was intended to, and in fact does, refer to the obligation of Plaintiff to provide written consent, not a restriction on Dr. Sears's right to use the ZONE trademark in connection with goods or services other than books.

11. Certain of the matters stated herein are not within my personal knowledge but have been assembled by TH&T attorneys and staff with whom I work and whom I

supervise. I am informed and verify that, with regard to those matters not within my personal knowledge, the facts stated herein are true and correct to the best of my information and belief.

12. I swear under penalty of perjury that the foregoing is true and correct.

Date: June 29, 2004

David J. Byer