UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------x

ZONEPERFECT NUTRITION COMPANY,

    Plaintiff and Counterclaim-Defendant,  :  CIVIL ACTION
                                                                                  NO. 04-10760 (RGS)
                v.

HERSHEY FOODS CORPORATION, HERSHEY
CHOCOLATE & CONFECTIONERY
CORPORATION, BARRY D. SEARS and ZONE
LABS, INC.,

    Defendants and Counterclaim-Plaintiffs.

------------------------------------x

### THE HERSHEY DEFENDANTS' EMERGENCY MOTION TO STRIKE PLAINTIFF'S JURY DEMAND WITH RESPECT TO COUNTS I, II AND IV OF THE AMENDED COMPLAINT

Defendants and counterclaim-plaintiffs Hershey Foods Corporation and Hershey Chocolate & Confectionery Corporation ("Hershey") hereby move to strike the jury demand of plaintiff ZonePerfect Nutrition Company ("ZPNC") with respect to Counts I, II and IV of the Amended Complaint on the grounds that (1) ZPNC does not have a right to a jury trial because it admittedly has suffered no damages and, thus, is seeking only equitable relief, and (2) even if ZPNC had a right to a jury trial – which it does not – under the Supreme Court's decisions in *Gasoline Products Co., Inc. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931), *Beacon Theatres Inc. v. Westover*, 359 U.S. 500, 510-11 (1959), and *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962), and under Rule 42(b), Fed. R. Civ. P., that trial must include trial of ZPNC's damage claims, ZPNC's dilution claim, and Hershey's false advertising counterclaims.

30935397.WPD

# THE JURY DEMAND AS TO COUNTS I, II AND IV SHOULD BE STRICKEN

## A. ZPNC Does Not Have a Right to a Jury Trial with Respect to Counts I, II and IV and Hershey Cannot Be Compelled to Try Such Counts to a Jury

It is undisputed that, as both the Court and ZPNC's counsel recognized at the August 13th conference, ZPNC has not suffered any damages to date, and it will suffer none before the conclusion of the trial scheduled to begin on August 23rd, because Hershey will not start selling the allegedly infringing products until after the trial is concluded and a decision is reached. If the decision is in Hershey's favor, any sales will be perfectly lawful and will not injure ZPNC. If, on the other hand, the Court rules against Hershey, then Hershey will not be able to sell its *SmartZone* bars and ZPNC will not suffer any damages or injury because sales of the allegedly infringing products will be permanently enjoined.

The Court has not bifurcated the trial on liability on plaintiff's trademark infringement claims from the trial on damages on those claims and has stated that there are no damages at issue. (*See also* Memorandum and Order on Plaintiff's Motion for a Preliminary Injunction p.2 ¶ 1). Thus, the only trial to be held on August 23rd is a final trial on the merits of plaintiff's claims in Counts I, II and IV of the Amended Complaint, which indisputably include no claims of damages. Hence, there is no right to a jury trial.

Also clear is that Hershey cannot be compelled to try these counts to a jury. As Rule 39(c), Fed. R. Civ. P., expressly provides:

> In all actions *not* triable of right by a jury, the court . . . *with the consent of both parties*, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right. (emphasis added).

Hershey does *not* consent.

Accordingly, Counts I, II and IV of the Complaint cannot be tried to a jury.

B.  **The Seventh Amendment and Rule 42 Bar a Jury Trial Limited to the Liability Elements of Counts I, II and IV**

Even assuming, *arguendo*, that ZPNC has a right to a jury trial on the liability elements of Counts I, II and IV, as explained in Hershey's August 13th Emergency Motion for a Continuance of Trial and to Vacate the August 4, 2004 Order Setting Case for Trial, under the Supreme Court's decisions in *Gasoline Products Co., Inc. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931), *Beacon Theatres Inc. v. Westover*, 359 U.S. 500, 510-11 (1959), and *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962), and under Rule 42(b), Fed. R. Civ. P., the jury trial must include trial of ZPNC's damage claims on Counts I, II and IV, ZPNC's dilution claim (Count III), and Hershey's false advertising counterclaims.

1.  **Trademark Infringement**

In a typical trademark infringement case, the issue of likelihood of confusion overlaps with the issue of damages because whether and to what extent there is confusion is pertinent to both issues. *See, e.g., Nylok Fastener Corp v. Indus. Nut Corp.*, 122 F.R.D. 512, 513 (N.D. Ohio 1988) ("This trademark infringement action is between two parties and involves the well-defined question whether likelihood of confusion exists between two products. These issues are routinely submitted to juries, who customarily consider damages in the *same* proceeding.") (emphasis added); *Windsor Indus., Inc. v. Pro-Team, Inc.*, 87 F. Supp.2d 1129, 1130-32 (D. Colo. 2000) ("In order for bifurcation to be appropriate the issues must be clearly separable"; "without doubt, the liability and damages issues are intertwined and not clearly separable"); *Wallace Computer Svcs., Inc. v. Sun Microsystems, Inc.*, 1989 U.S. Dist. LEXIS 7727, *15 (N.D. Ill. June 13, 1989) ("the evidence on liability will inevitably overlap and intertwine with the evidence on damages. Bifurcation is therefore inappropriate.").

Here, any claim of damages is a legal fiction because both the plaintiff and the Court acknowledge that plaintiff cannot suffer any damages. (*See* p. 2, *supra*). But assuming for the sake of argument that ZPNC does have a damages claim, it is ZPNC's burden here to show that the issues are clearly separable. That is because the jury hearing the damages claim could reach different conclusions than the liability jury regarding the same issues, *e.g.*, impact and the extent of any confusion, which would violate Hershey's Seventh Amendment rights. That is the clear holding of *Gasoline Products*, on which Rule 42 is based. *See, e.g., Castano v. American Tobacco Co.*, 84 F.3d 734, 750 (5th Cir. 1996). Because ZPNC has not made such a showing, there is no basis for bifurcation. As for ZPNC's cases, as we show below in Point C, they are not to the contrary.

2. **Dilution**

Plaintiff has acknowledged that under *Moseley v. V Secret Catalogue, Inc.* 537 U.S. 418, 432-33 (2003), it is required to establish actual dilution and that it cannot do so. In response to this acknowledgment, the Court at the August 13th conference indicated that the dilution claim would not be tried in the August 23rd trial. However, the Court did not indicate whether the dilution claim is being dismissed or whether it is being severed for trial at a later date. Because the dilution claim involves many of the same issues to be tried on the trademark infringement claims, if the dilution claim is not dismissed and the Court proceeds with a jury trial, defendants are entitled to a jury trial on the dilution claim at the same time. Those issues include the degree of strength and distinctiveness of ZPNC's mark, whether ZPNC has an exclusive right to use the word "zone" in connection with the products at issue, and the extent of third party use of marks containing "zone."[1]

---

[1] In assessing a dilution claim, each of the nonexclusive factors the jury may consider "in determining whether a mark is distinctive and famous" overlaps with an infringement claim: "the degree of inherent or acquired distinctiveness of the mark"; "the duration and extent of use of the mark in connection with the goods" with which it is used; "the duration and extent

If the Court were to permit ZPNC to sever its dilution claim for a trial at a later date, there is a possibility that ZPNC could lose on its trademark infringement claim, which involves many of the same factual issues as its claim of dilution. Yet ZPNC could then proceed in a later trial of its dilution claim to a second, different jury to retry many of these overlapping issues. As the Fifth Circuit, citing *Gasoline Products*, noted in its widely cited *Castano* decision, the "Seventh Amendment entitles parties to have fact issues decided by one jury, and prohibits a second jury from reexamining those facts and issues." 84 F. 3d at 750. Thus, the Court must either dismiss ZPNC's dilution claim or try it in the trial scheduled to begin on August 23rd.

### 3. Affirmative Defenses and Counterclaims

Finally, the facts presented by Hershey's counterclaims overlap with the facts raised by its defenses to ZPNC's infringement claims. Indeed, they are identical and pled as such. (*See* Hershey's Answer to Amended Complaint Fourteenth Defense). Under *Beacon Theatres*, 359 U.S. at 510-11, and *Dairy Queen*, 369 U.S. at 479, if the upcoming trial is a jury trial, defendants would be entitled to a jury trial on both their counterclaims and their affirmative defenses because a court is not permitted to try an equitable claim first where, as here, the facts overlap with a legal claim. The reason for this rule is that, otherwise, an adverse ruling on equitable claims would be res judicata or collateral estoppel in a subsequent jury trial, thereby depriving the losing party of its Seventh Amendment right to a jury trial. This problem cannot be solved by trying defendants' affirmative defenses and counterclaims involving overlapping facts in two separate jury trials because the issues

---

of advertising and publicity of the mark"; "the geographical extent of the trading area in which the mark is used"; "the channels of trade for the goods"; "the degree of recognition of the mark in the trading areas and channels of trade used by the marks' owner and the person against whom the injunction is sought"; "the nature and extent of use of the same or similar marks by third parties"; "whether the mark was registered." 15 U.S.C. § 1125(c)(1).

are inextricably intertwined. *See Gasoline* and *Castano, supra.*

### C. Plaintiff's Cases Are Inapposite

None of the cases ZPNC relies on holds that it would be permissible to have a bifurcated jury trial of the liability portions of its trademark infringement claims. Thus, none holds that a court can require bifurcation where issues of damages and liability overlap in a trademark infringement case, or that a second jury can be empaneled to hear the damages claim – let alone, as ZPNC contends, that such bifurcation is routine.

- In *PH Group Ltd. v. Birch*, 985 F. 2d 649, 651 (1st Cir. 1993), the Court merely noted in passing, in a case involving a number of claims, including trademark infringement, that the district court had tried the liability issues first and then held a subsequent damage phase of the trial in front of the *same* jury. There was no issue on appeal as to whether the trademark damages could be bifurcated from trademark liability and tried before a second jury – let alone a holding that a second jury can hear a claim of trademark damages after a first jury has determined liability. Indeed, the district court had directed a verdict for the defendant on the trademark infringement issue. Where, as in *PH*, bifurcated claims are tried before the same jury, the risk of inconsistent verdicts and of duplicative presentation of evidence is obviously not present.

- In *ICEE Distributors, Inc. v. J&J Snack Foods Corp.*, 325 F.3d 586, 590 (5th Cir. 2003), the Fifth Circuit noted that the district court had bifurcated the liability and damage stages of a trademark dilution and breach of contract case in front of the *same* jury. There is no indication that either party objected, and there is no holding that damage and liability issues in a trademark infringement case are so clearly separable that they can be determined by two *different* juries.

- In *Rickard v. Auto Publisher, Inc.*, 735 F.2d 450, 459 (11th Cir. 1984), the district court held a *non*-jury trial on the issue of liability in a case that involved claims of trademark

infringement and then later held a "hearing" *to the Court* to consider the issue of relief. The court did not consider, and there is no holding, that a second jury could consider damages involving a trademark infringement action and a first jury could determine liability for infringement. Indeed, there was no jury trial at all.

- In *Soweco, Inc. v. Shell Oil Co.*, 617 F.2d 1178, 1182 & n.6 (5th Cir. 1980), the Fifth Circuit noted that the issues of liability and damages were bifurcated in a trademark infringement case tried on liability to a jury. No damage trial was held because the jury returned a verdict, and the court entered judgment for defendant. There is no suggestion in the decision that, had plaintiff succeeded, the damage claim would have been heard by a separate jury. Moreover, neither party challenged on appeal the decision to bifurcate and, thus, the issue was not considered or ruled upon.

- In *Hain Pure Food Co. v. Sona Food Products Co.*, 618 F.2d 521, 522 (9th Cir. 1980), the district court bifurcated liability and damages and granted plaintiff summary judgment on liability. The Ninth Circuit held that it had no jurisdiction to hear the appeal because there was no final judgment. There is no suggestion in the case that the district court bifurcated the issues of liability and damages for separate trials by two different juries, and there was no such holding.

- In *Broan Manufacturing Co. v. Associated Distributors, Inc.*, 923 F.2d 1232, 1241 (6th Cir. 1991), the Court remanded for a new trial of damage claims for defense against future improper product liability claims arising out of purchases of infringing products. There is no indication that any party objected to a limited retrial. *See Broan Manufacturing Co. v. Associated Distributors, Inc.*, 932 F.2d 1146 (6th Cir. 1991) (motion for reconsideration denied). Moreover, where, as in *Braun*, a product is a knock-off and the only issue is what percent of the knock-offs will be improperly returned to the plaintiff with a claim of product liability, such a limited damage claim clearly is separable from the issue of liability. The only issue is how many instances of product

failure would be attributable to the plaintiff. This is plainly not the case in a traditional trademark infringement damage claim where the issue of confusion directly overlaps both the liability and damage claims. In any event, here, there is no issue as to future damages because, if ZPNC wins the trial, there will be no sales of *SmartZone* products.

• In *Marshak v. Tonetti*, 813 F.2d 13, 16-17, 20-21 (1st Cir. 1987), the Court of Appeals granted a new trial to a plaintiff where the Court had required the plaintiff to try equitable issues before legal issues and had done so without proper notice, thereby depriving plaintiff of a chance to be prepared for trial. There is no holding permitting liability and damage issues to be tried by two separate juries in a trademark infringement case.

## CONCLUSION

For the foregoing reasons, the Court should strike ZPNC's jury demand with respect to Counts I, II and IV of the Amended Complaint.

Dated: August 17, 2004

KAYE SCHOLER LLP

_____
Thomas A. Smart
Richard A. De Sevo
Paul C. Llewellyn
425 Park Avenue
New York, NY 10022
(212) 836-8000
(212) 836-7154 (fax)

MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.

_____
William Cowan, BBO #566940
One Financial Center
Boston, MA 02111
(617) 542-6000
(617) 542-2241 (fax)

*Attorneys for Defendants and Counterclaim-
Plaintiffs Hershey Foods Corporation and
Hershey Chocolate & Confectionery Corp.*

30935397.WPD            8

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on August 17, 2004
Martha C. Healy