UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ZONEPERFECT NUTRITION COMPANY

Plaintiff,

v.

HERSHEY FOODS CORPORATION, HERSHEY CHOCOLATE & CONFECTIONERY CORPORATION, BARRY D. SEARS, and ZONE LABS, INC.,

Defendants.

CIVIL ACTION NO. 04-10760-RGS

**ZONEPERFECT'S MEMORANDUM IN OPPOSITION TO THE HERSHEY DEFENDANTS' EMERGENCY MOTION FOR A CONTINUANCE OF TRIAL AND TO VACATE THE AUGUST 4, 2004 ORDER SETTING CASE FOR TRIAL**

Plaintiff ZonePerfect Nutrition Company ("ZonePerfect") hereby opposes the Hershey Defendants' Emergency Motion for a Continuance of Trial and to Vacate the August 4, 2004 Order Setting Case for Trial ("Motion").

**ARGUMENT**

Hershey makes four principal claims in its request for an indefinite continuance. First, it argues that it did not have an opportunity to take discovery on third-party use. Second, Hershey argues that the Court's bifurcation procedure is constitutionally deficient. Third, it says that it did not adequately prepare itself on one of the defenses utilized in its answer, its preliminary injunction opposition. Lastly, Hershey argues that it is "actively considering" (although not committing to) a new package. None of these arguments merits delay.

\101\

## I. HERSHEY'S FAILURE TO TAKE FULL DISCOVERY ON MR. KELLY'S HEARSAY TESTIMONY SHOULD NOT PROVIDE THEM AN OPPORTUNITY TO INDEFINITELY POSTPONE THE TRIAL

Hershey now says it wants to take depositions on third-party use. From its first pleadings, Hershey asserted the third-party use defense. Even before it filed an answer to the complaint, Hershey's *Memorandum of Law in Opposition to Plaintiff's Motion for Expedited Case Management Order and Prompt Trial Date* at p. 11 argued that "[t]hese marks are [ ] weak marks, which is confirmed by the numerous third parties who use the term 'zone.'" That brief goes on to identify some of the very bars identified by Mr. Kelly's report, namely Ezone and BodyZone. *Id.* Thereafter Hershey had eleven weeks to pursue its defenses.[1] Hershey had ample opportunity to conduct discovery on this defense. Discovery was extensive, including the taking of 18 depositions over a span of 20 days, and the production of over 150,000 pages of documents in response to the 196 document requests propounded by the parties.

Hershey now says that it was surprised; at the injunction hearing, it expected to rely on Mr. Kelly's affidavit. As a practical matter, the defense cannot seriously have relied on any court admitting the Kelly affidavit, nor that, even if admitted, the affidavit would have been granted weight. Hearsay testimony is often rejected in preliminary injunction hearings. *See, e.g.*, *Ocean Bio-Chem v. Turner Network Television, Inc.*, 741 F.Supp. 1546, 1559 (S.D. Fla. 1990) (court excluded hearsay evidence at trademark preliminary injunction hearing); *Popular Bank of Florida v. Banco Popular de Puerto Rico*, 9 F.Supp.2d 1347, (S.D. Fla. 1998) (in trademark preliminary injunction evidentiary hearing, district court allowed hearsay evidence only after subjecting it to Fed. R. Evid. 803 analysis); *Shering Corp. v. Pfizer Inc.,* 189 F.3d 218 (2d Cir. 1999) (allowing evidence at preliminary injunction haring after subjecting it to Fed R. Evid. 803

---

[1] The initial scheduling order allows for depositions between June 1, 2004 and June 30, 2004. By agreement the parties continued to take depositions until days before the July 15 hearing. Nothing stopped Hershey from requesting earlier depositions of the alleged third-party users.

analysis). "District courts must exercise their discretion in 'weighing all the attendant factors, including the need for expedition,' to assess whether, and to what extent, affidavits or other hearsay materials are 'appropriate given the character and objectives of the injunctive proceeding.'" *Kos Pharmaceuticals, Inc. v. Andrex Corp.*, 369 F.3d 700, 718-19 (3d Cir. 2004) (*quoting Asseo v. Pan Am. Grain Co.*, 805 F.2d 23, 26 (1st Cir. 1986). Such an assessment must be made "in light of the rule that it may be improper to resolve a preliminary injunction motion on a paper record alone," and the possibility of an evidentiary hearing. *Id.* at 719 n.16.

Even if the Kelly Affidavit were admitted, seasoned attorneys like those representing the defense would immediately recognize that it would not have been probative. The Court was being asked to consider an injunction of profound consequence to all parties. Mr. Kelly did Internet searches and says he made phone calls to some customer service personnel. As to the products that matter -- nutrition bars[2] -- there is no quantitative material concerning product segment, channels of trade, markets, volumes of sale, or competition. There is no expert opinion. Most of his work involved the use of the word "Zone" on unrelated products. The existence of third-party registrations in unrelated goods or services is irrelevant, as such registrations have little or no impact on a mark's strength in its own market. *See Copy Cop, Inc. v. Task Printing, Inc.*, 908 F. Supp. 37, 47 (D. Mass. 1995) (no other "cop" logos in the context of printing or copying services); *see also Nat'l. Cable Television Ass'n, Inc. v. American Cinema Editors, Inc.*, 937 F.2d 1572, 1579 (Fed. Cir. 1991). In short, if counsel needs meaningful evidence on this point now, then they needed it then.

---

[2] Nor is there a dispute as to what these products are. There are no nutrition bars in retail channels with "Zone" in the name; and there are a few bars, well known to the parties, with "Zone" in the name in Internet commerce.

Hershey's motion for continuance offers the Court no reason as to why at least some of the alleged third-party users have not been included on the witness lists to be called live. The trial will include witnesses who were not deposed, as most trials do. One of those is Ms. Amanda Libby. However, Hershey is wrong when it asserts that it is "plainly entitled to depose Ms. Libby prior to any trial in which she testifies." Motion at 3. Ms. Libby is not an expert witness; therefore, Hershey is not plainly entitled to depose her prior to the trial at which it will be able to cross-examine her. *See Santiago v. Fenton*, 891 F. 2d 373, 379 (1st Cir. 1989).

## II. HERSHEY'S ARGUMENTS AGAINST BIFURCATION SHOULD BE REJECTED

The Court is well with its discretion to have ordered a bifurcated trial. Hershey says that bifurcating liability and damages would be unconstitutional under *Gasoline Products Co., Inc. v. Champlin Refining Co.*, 283 U.S. 494 (1931), but *Gasoline Products* prohibits bifurcation only when the questions are "so interwoven . . . that the former cannot be submitted to the jury independently of the latter **without confusion and uncertainty, which would amount to a denial of a fair trial**." *Id.* at 500 (emphasis added). Here, defendants preserves all counterclaims. They will suffer no prejudice as to those claims through the resolution of the trademark issue. They are factually distinct. For example, the claim that Dr. Sears has been damaged by statements appearing on ZonePerfect's website stands apart from the question whether the new Hershey mark creates a likelihood of consumer confusion.

The trademark cases relied on by Hershey cite neither to *Gasoline Products* nor the Seventh Amendment. Rather, they apply (as this Court did) the familiar Rule 42(b) balancing test, measuring efficiency, prejudice, and complexity. All stand for the proposition that the issue is discretionary, while at least two of three cases were in the discovery context, which affected the 42(b) balancing analysis. *See Windsor Indus., Inc.*

*v. Pro-Team, Inc.*, 87 F. Supp. 1129, 1130-32 (D. Colo. 2000) (applying 42(b) balancing test and noting that "[r]esolving both issues in a single trial will eliminate possibility of **discovery disputes** and avoiding wasting time and effort in dealing with the discovery process twice") (emphasis added); *Wallace Computer Servs. v. Sun Microsystems, Inc.*, 1989 WL 69286 (N.D. Ill. June 13, 1989) (failing to cite to any authority and making a case specific determination); *Nylok Fastener Corp. v. Indus. Nut Corp.*, 122 F.R.D. 512, 513 (N.D. Ohio 1988) (applying standard 42(b) balancing test in discovery context after noting the decision to bifurcate issues is "within the sound discretion of the trial court").

As the Court noted at the August 13, 2004 hearing, bifurcation is a standard practice in trademark cases. It well suits the procedural history, commercial interests, and impending launch involved here. It is eminently efficient. Under that test -- given that all liability discovery has essentially been done -- a trial on the merits of the core issue prior to the SmartZone bar's entry into the marketplace is appropriate. Fed. R. Civ. P. 42(b) (emphasis added) ("The court, **in furtherance of convenience** or to avoid prejudice, **or when separate trials will be conducive to expedition and economy**, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, . . ."). The only way to do that and preserve ZonePerfect's rights is to bifurcate damages and proceed under the existing scheduling order to a jury trial on trademark infringement.

Hershey's broad assertion that "issues of trademark infringement liability and trademark damages overlap and are, thus, not appropriate for bifurcation," (Motion at 4) lacks sense. Damage claims are routinely bifurcated from trademark infringement claims in both the First Circuit and other circuits. *See, e.g., PH Group Ltd. v. Birch*, 985 F.2d 649, 651 (1st Cir. 1993) (noting that district judge bifurcated damages from trademark liability in jury trial, before directing verdict on trademark issues); *ICEE Dist. v. J & J Snack Foods Corp.*, 325 F.3d 586, 590 (5th Cir. 2003) (noting district court bifurcated trademark infringement from damages in jury trial); *SOWECO v. Shell Oil Co.*, 617 F.2d

1178, 1182 & n.6 (5th Cir. 1980) (noting district court bifurcated trademark liability from damages in jury trial and "refused plaintiff's request to reconsider"); *Hain Pure Food Co., v. Sona Food Products Co.*, 618 F.2d 521, 522 (9th Cir. 1980) (noting district court bifurcating liability from damages in trademark jury trial).

In a case asserting *future* damages for trademark liability (similar in respects to the issues in this case), the Sixth Circuit squarely addressed (and cited to) *Gasoline Products*, holding that "damages issues are adequately distinct from the liability questions [such] that a new trial on damages alone is appropriate." *Broan Mfg. Co., Inc. v. Associated Distributors, Inc.*, 923 F.2d 1232, 1241 (6th Cir. 1991). Indeed, under *Marshak v. Tonetti*, 813 F.2d 13, 16-17, 20-21 (1st Cir. 1987) (rejecting trial on injunction prior to damages trial, but not requiring single jury trial), separate trials are an accepted part of First Circuit jurisprudence. Bifurcation is often a preferred method to deal with multiple defendants and varying levels of liability. *See, e.g.*, *Wilson v. Town of Mendon*, 294 F.3d 1, 7-8 (1st Cir. 2002) (discussing bifurcation in § 1983 context).

Jury consideration of the factual disputes is appropriate, as the "critical factor of likelihood of confusion," *see* Court Order of August 4, 2004, is the central issue in this case. Courts have recognized that infringement claims are specifically well-suited to resolution by a jury. After all, a jury first and foremost "represents a cross-section of consumers, [and] is well suited to evaluating whether an 'ordinary consumer' would be likely to be confused. The likelihood of consumer confusion is an 'inherently factual' issue that depends on the unique facts and circumstances of each case." *Anheuser-Busch, Inc. v. L & L Wings, Inc.*, 962 F.2d 316, 318 (4th Cir. 1992). Additionally, "[t]he right to a jury trial is a constitutional one, . . . while no similar requirement protects trials by the court." *Beacon Theatres v. Westover*, 359 U.S. 500, 510 (1959); *see also City of New York v. Beretta U.S.A. Corp.*, 317 F. Supp. 2d. 193, 196-97 (S.D.N.Y. 2004) (allowing a "Seventh Amendment" jury when plaintiff sought only injunctive relief and noting that

18th century Equity courts "utilize[d] juries as triers of the facts in equity cases" and that this power "is carried forward in modern federal practice").

Hershey also states that ZonePerfect has "not suffered actual injury or damages." Hershey's Motion at p. 6. Yet Hershey's own executive in charge of the SmartZone project stated in an affidavit that he "learned of the possibility of some limited, early sales in August [2004] to a customer in one geographic region." England Aff. **p. 8 n.1**. Sales such as these, as well as other acts, could form the basis of a damages claim against Hershey. The initial scheduling order disallowed all discovery on issues "unrelated to plaintiff's motion for preliminary injunction . . . until plaintiff's motion for preliminary injunction has been resolved." Initial Scheduling Order, p. 3. Hershey is correct that none of the parties took discovery on damages. ZonePerfect is at a loss to understand how Hershey can urge on the one hand that discovery was not taken on damages, and on the other that the Court should find that ZonePerfect has "not suffered actual injury or damages." As there has been no discovery on the issue, Hershey's assertion amounts to a request that the Court in effect take defendants' word that plaintiff has suffered no damages, and will suffer no damages until a decision on the merits.

Hershey argues that "[u]nder *Beacon Theatres* . . . and *Dairy Queen* . . . defendants would be entitled to a jury trial on both their counterclaims and their affirmative defenses." Motion at 6.[3] Hershey then argues that for the very reason that *Beacon Theatres* applies -- the two claims are overlapping -- *Gasoline Products* would require a single jury and disallow bifurcation. This argument stands *Beacon Theatres* and *Dairy Queen* on their heads. Under defendant's theory, there would be no instance where a *Beacon Theatres* problem existed yet bifurcation was permissible. This is simply not the law. *See, e.g., Components, Inc. v. Western Elec. Co.*, 318 F.Supp. 959 (D. Me.

---

[3] Dr. Sears' claims are not being tried in phase 1 of the trial, and are preserved.

1970) (recognizing *Beacon Theatres* problem, yet allowing bifurcated trial with two juries). Just as ZonePerfect's damages can be bifurcated from liability, so can any possible damages from defendants' counterclaims be saved for another trial.

## III. HERSHEY'S FAILURE ADEQUATELY TO PREPARE ITS OWN DEFENSES SHOULD NOT NECESSITATE A CONTINUANCE

Hershey appears to argue that it failed to properly prepare for trial on defenses **that it raised** because Dr. Sears was a defendant. This remarkable basis for a continuance can be answered in brief: Hershey's reliance on Dr. Sears's attorneys should not relieve it of the responsibility to prepare for its own defenses.[4] Hershey pled "unclean hands" in its affirmative defenses to ZonePerfect's Amended Complaint. *See* Hershey's Answer at p. 25 ("Fourteenth Affirmative Defense"). Hershey's proposed Findings of Fact and Conclusions of Law dedicates a lengthy section to the defense of unclean hands. *See* Hershey Proposed Findings of Fact and Conclusions of Law in Opposition to Plaintiff's Motion for a Preliminary Injunction at § II.E.

## IV. HERSHEY'S SPECULATIVE CLAIM REGARDING ITS PACKAGING PROVIDES NO BASIS FOR HERSHEY TO CLAIM A CONTINUANCE

Last, Hershey says it is "actively considering" a new package. It has been saying this since August 13. *Hershey has not committed to using new packaging.* ZonePerfect asked Hershey over the weekend and again on August 17, 2004 -- are you changing the packaging, and if so to what? The answer continues to be that Hershey is "considering it." "Considering" is not deciding, and the evidence to date is that Hershey's decisiveness is dulled by delay and sharpened by trial. At any rate the iteration of new package shown to ZonePerfect to date is confusingly similar to ZonePerfect's trademarks. Hershey's eleventh-hour contemplations cannot form the basis for a continuance. They would simply thwart the Court's stated purpose in avoiding "future damages" and

[4] ZonePerfect has no objection to the defense using its allotted time through a combination of counsel.

sidestep its recognition of the "commercial importance of an early resolution of the principal dispute in this case." *August 4, 2004 Order* at 2.

**CONCLUSION**

Hershey's motion for continuance should be denied.

Respectfully submitted,

ZONEPERFECT NUTRITION COMPANY

By its attorneys,

Daniel L. Goldberg, BBO #197380
Charles L. Solomont, BBO # 557190
Joshua M. Dalton, BBO #636402
Matthew L. Mitchell, BBO #647902
BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated: August 18, 2004

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for each defendant via facsimile and by hand to Ms. Arrowood and Mr. Cowan and by mail to Mr. Smart this 18th day of August, 2004.

Matthew L. Mitchell