UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZONEPERFECT NUTRITION COMPANY<br><br>    Plaintiff,<br><br>    v.<br><br>HERSHEY FOODS CORPORATION,<br>HERSHEY CHOCOLATE &<br>CONFECTIONERY CORPORATION,<br>BARRY D. SEARS, and ZONE LABS, INC.,<br><br>    Defendants. | CIVIL ACTION<br>NO. 04-10760-RGS |

**ZONEPERFECT'S EMERGENCY MOTION FOR RECONSIDERATION
OF ORDER ALLOWING CONTINUANCE OR, IN THE ALTERNATIVE,
RECONSIDERATION OF ORDER DENYING PRELIMINARY INJUNCTION**

ZonePerfect Nutrition Company ("ZonePerfect") -- an admittedly stunned ZonePerfect -- asks that the Court reconsider last evening's order continuing trial of this case.[1] We acknowledge that the Court is generally indisposed to reconsideration. We ask the Court to take a second look because the issue is of immense consequence, and the exposure to ZonePerfect profound.

1.    The Court has expressed its view that the legal issue on infringement is close. We do not expect to change that view without live evidence, although we do strongly believe that live testimony would confirm the showing of likelihood of confusion.

---

[1] We bring this motion under L.R. 7.1 and 40.4. As the matter is discretionary and the issues are familiar to the Court, no memorandum of law is necessary.

2. While the "choose-your-poison" analysis in the order appears to focus on Hershey's risk, we believe the greater issue, which had always heretofore been recognized, was the certainty of irreparable harm to ZonePerfect. There is nothing close about the damage question. As the cases recognize, the injury to goodwill and reputation tied up in the plaintiff's mark can never be answered in damages.[2] But the erosion will certainly be profound. Hershey's own study showed that the number of people who think they've heard of or eaten a SmartZone bar *already* matches with almost eerie precision the number who've heard of or eaten ZonePerfect.[3] If this is what the consumer thinks before SmartZone bars exist, one can scarcely overestimate the confusion, and thus the harm, that will gut ZonePerfect's business when the real bars hit the shelves next month.

3. The order did not explain what grounds exist for continuance. Indeed, the Court's footnote expressed skepticism at what seemed to be the key to *Hershey*'s continuance argument -- the reference to the *Gasoline Products* case. The other arguments were makeweights: a deposition not taken, undiscovered third-party "zone" users who do not sell nutrition bars in stores. Trial lawyers -- particularly lawyers as skillful as the defense team, and as averse to a jury as any advocate with their case would be -- can always point to something else they'd like to do. But the Plaintiffs offered nothing to meet the main point: the enormous damage ZonePerfect certainly will experience, and the practical soundness of seeking a decision now.

---

[2] *Cashmere Institute of America, Inc. v. Associated Dry Goods Corp.*, 799 F.2d 6 (1st Cir. 1986).

[3] The so-called "ghost study" was marked as Lenny Deposition Exhibit 43, and would be offered at trial.

4.     It is not too late to reconsider. The order arrived literally as counsel were preparing witnesses, exhibits, and pretrial filings. Exhibits and objections have been exchanged. Final preparations were underway. The parties are ready.

5.     In the alternative (albeit a less preferable one), ZonePerfect requests that the Court reconsider its denial of ZonePerfect's preliminary injunction motion. In its Memorandum and Order on Plaintiff's Motion for a Preliminary Injunction, the Court recognized "the commercial importance of an early resolution of the principal dispute in this case." Although the Court denied ZonePerfect's preliminary injunction motion, in light of the Court's recognition of "the closeness of the infringement issue," the scheduling of an immediate trial on the merits on the infringement claim appeared to be an implicit part of the Court's balancing of the equities. The decision appeared designed, in part, to protect ZonePerfect from needlessly facing the irreparable harm of the loss of good will in its mark that will befall it upon Hershey's launch of SmartZone as well as to provide Hershey a means of knowing whether it can launch without exposure to a massive subsequent damages claim. In short, we believed the Court intended that the parties be afforded a trial on the merits on ZonePerfect's infringement claims before Hershey's planned launch in September.

6.     Hershey may now eat its cake and have it too. It stands poised to secure the benefit of the denial of the preliminary injunction motion without having to be put to the test of proof via a jury trial on consumer confusion that the order clearly intended it to face. It ought not be able to subvert the balance of the equities that the Court struck in denying ZonePerfect's motion but scheduling an immediate trial. The consequences of its insistence on delay should, at minimum, be reconsideration of the equitable factors underlying the Court's preliminary injunction decision.

7. At a minimum, the defendants' delay tactics warrant the Court hearing live evidence with a view to reconsidering its preliminary injunction ruling. In its Memorandum and Order on Plaintiff's Motion for a Preliminary Injunction, the Court noted that the "flatly contradictory [written] opinions of the competing experts" left the court unable to determine "one way or the other [ ] the critical likelihood of consumer confusion." ZonePerfect is confident that live evidentiary presentations -- which on the subject of confusion go well beyond the experts and feature Hershey's own studies and admissions -- would establish a clear probability that consumer confusion is likely to occur when Hershey launches SmartZone, particularly when considered in light of Hershey's many internal acknowledgements of confusion. The parties each placed great emphasis on their experts' opinions at the preliminary injunction hearing. The Court nonetheless found itself unable, on the written submissions of the experts, to determine which experts' diametrically opposed conclusion warranted judicial credence. Expecting trial to begin Monday, the parties' experts are poised and prepared to testify next week. The Court's calendar was to be consumed by a full trial on the merits: we imagine it could accommodate an evidentiary hearing. The opportunity is ripe for the court to hear the parties' experts live testimony to see whether it tips what the Court perceives to be a nearly evenly balanced scale of consumer confusion.

8. We know that this motion comes, from the Court's perspective, at the most inconvenient time, and so we appreciate the Court's consideration. We are aware that the Court is unavailable Thursday, August 19, and likely Friday, August 20 as well. Perhaps it would be efficient to be heard on Monday, August 23, with a view to proceeding to trial on Tuesday, August 24 if we are able to persuade the Court.

9. We are available at any time to be heard in person or telephonically.

10. Because of the emergent nature of the relief sought and the apparent certainty that it will be opposed, we have not sought assent to this motion prior to its filing. We will do so immediately upon service.

**WHEREFORE**, ZonePerfect Nutrition Company requests that the Court reconsider and vacate its order of August 18, 2004, and order that the liability phase of the case proceed to trial. In the alternative, ZonePerfect requests that the Court permit it to offer live evidence to the Court so that the Court may reconsider the preliminary injunction motion.

.    Respectfully submitted,

ZONEPERFECT NUTRITION COMPANY

By its attorneys,

_____
Daniel L. Goldberg, BBO #197380
Sabin Willett, BBO #546542
Charles L. Solomont, BBO # 557190
Joshua M. Dalton, BBO #636402
Matthew L. Mitchell, BBO #647902
BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, MA  02110
(617) 951-8000

Dated: August 20, 2004

## REQUEST FOR ORAL ARGUMENT

Pursuant to L.R. 7.1(D), Movant requests oral argument on the motion.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for each defendant via facsimile and by hand to Ms. Arrowood and Mr. Cowan and by electronic mail to Mr. Smart this 20th day of August, 2004.

_____
~~Matthew L. Mitchell~~
S. Willett