UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

ZONEPERFECT NUTRITION COMPANY,

    Plaintiff-Counterclaim-Defendant,

v.

HERSHEY FOODS CORPORATION,
HERSHEY CHOCOLATE &
CONFECTIONERY CORPORATION, BARRY
D. SEARS and ZONE LABS, INC.,

    Defendants-Counterclaim-Plaintiffs.

CIVIL ACTION
NO. 04-10760 (RGS)

---

## DEFENDANTS' BRIEF IN OPPOSITION
## TO PLAINTIFF'S MOTION FOR RECONSIDERATION

ZonePerfect Nutrition Company ("ZPNC") – an "admittedly stunned" ZPNC – expresses shock and dismay that the Court has actually done what it twice said at the pre-trial conference that it would do: permit the defendants to assume the commercial risk of marketing the nutrition bar that they first announced last February that they intended to market. In fact, the Court's decision was sound when first announced at the pre-trial, was sound when put into a formal order yesterday, and it is still sound. The Hershey Defendants and defendants Dr. Barry D. Sears ("Dr. Sears") and Zone Labs, Inc. ("Zone Labs") (collectively, "The Sears Defendants") therefore oppose ZPNC's motion for reconsideration. In further opposition, Defendants state:

1.    ZPNC already has received the early decision that it wanted on its preliminary injunction motion, under the schedule that it agreed to. Thus, ZPNC originally proposed expedited discovery and a full trial in July, in response to which Judge Keeton stated:

> You have proposed to me a totally unrealistic schedule. I assume
> you understand that now having read the opposition to it, if you

309374683

> didn't understand it when you proposed it. (April 27, 2004 Transcript p. 3).

Accordingly, ZPNC *agreed* to an expedited preliminary injunction discovery schedule and a preliminary injunction hearing in mid-July (April 27, 2004 Transcript pp. 3, 9-10), and discovery limited by court order to the preliminary injunction motion took place. All parties *agreed* that the preliminary injunction would be the quick resolution necessary before the *SmartZone* product was launched. To further ensure that it would receive an early decision on its motion, ZPNC then *agreed* not to call live witnesses at the preliminary injunction motion and instead to submit the motion on the papers.

ZPNC's motion was heard in July, and ZPNC failed to carry its burden of proof to show it was likely to succeed on the merits. As in any other typical trademark case, following the denial of a preliminary injunction motion, the defendants are free to sell their products. This is the normal rule, not the exception. Having failed to meet its burden for a preliminary injunction, there is no basis for ZPNC to get a second bite at the apple in the form of a jury trial (or in the form of a belated reconsideration of the preliminary injunction motion itself with live testimony).

2. Nothing in ZPNC's submissions even remotely rises to the suggestion that the Court has misapprehended any point of law or fact or that new facts exist that warrant reconsideration. Indeed, ZPNC's attorneys did not object at the pre-trial conference when the Court stated upon the record (not once, but *twice*) that it would allow a motion to postpone if the Hershey defendants brought it. ZPNC's original opposition to Hershey's motion to continue notably did not contain any of the arguments that ZPNC now makes about irreparable harm.

3. ZPNC argues that defendants' position that adequate discovery has not been taken is a "makeweight." To the contrary, it is *undisputed* that discovery so far has been limited to that

taken for and in anticipation of the preliminary injunction hearing. In particular, as Hershey showed in its motion for a continuance, it has not had the discovery that it needs for trial with respect to the massive amount of third party use of the word "zone" in the marketplace. This third party use goes to central issues in the case, including the weak nature of the word "zone," the weakness of ZPNC's mark, and the low risk of confusion in light of the numerous marks in use with the word "zone" in them. *See, e.g., AutoZone, Inc. v. Tandy Corp.*, 373 F.3d 786, ___ (6th Cir. 2004) (recognizing the "widespread" and "pervasive[]" use of "zone" in the marketplace "in a variety of industries."). *See also* Hershey's Proposed Findings of Fact and Conclusions of Law in Opposition to The Hershey Defendants' Proposed Findings of Fact and Conclusions of Law in Opposition to Plaintiff's Motion for a Preliminary Injunction, Conclusions 40-44.

During expedited discovery, Hershey amassed evidence of third party uses of "zone" in a form that, while possibly hearsay, would be admissible on the preliminary injunction hearing, but in light of the expedited discovery schedule it has not had the opportunity to conduct the necessary third party discovery to develop such evidence for trial. Contrary to ZPNC's contention, it cannot seriously be disputed that such evidence *is* admissible on a preliminary injunction motion. *See, e.g., Asseo v. Pan Amer. Grain Co.*, 805 F.2d 23, 26 (1st Cir. 1986) ("Affidavits and other hearsay materials are often received in preliminary injunction proceedings."). Indeed, it is presumably for this reason that ZPNC *never objected* at the preliminary injunction stage to Hershey's reliance on the Kelly Declaration (or, for that matter, to any other evidence).

4.      ZPNC's apparent attempt to reargue the preliminary injunction motion on this motion is baseless and without merit. ZPNC points to no evidence that the Court overlooked in

denying the preliminary injunction motion, and no new evidence. The so-called "ghost study" to which it refers was discussed at the preliminary injunction hearing, and the evidence shows that the study merely represents "noise" that is not out of the ordinary in brand awareness studies. (*See* Hershey Finding 222; Lieberman McDonald Critique ¶ 35). Moreover, it is clear that to the extent there is any confusion, it is confusion created by ZPNC claiming that its products are still associated with Dr. Sears and his Zone Diet.

5.   The Court also should not give credence to ZPNC's wistful statements that "the parties" are prepared for trial. Since last Friday, the attorneys representing the Sears Defendants have not known with certainty whether their clients were or were not direct participants in the first phase of the trial.

Moreover, as a practical matter, it is simply too late to reverse course and set this case for trial next week. The Court's chambers kindly telephoned counsel last night to announce that a continuance had been granted, expressly to prevent the parties from unnecessarily continuing with costly and time-consuming trial preparation work. As the Court clearly anticipated in doing so, in response to the continuance, all trial preparation work has stopped. In addition, busy witnesses who had been scheduled to meet for trial preparation and to testify have altered their business schedules.

6.   As for Hershey's press release, not only is it utterly irrelevant to this motion for reconsideration, but, given the Court's preliminary injunction ruling and its continuance of the trial date, in order to comply with federal securities laws, Hershey considered it necessary to issue a press release. The press release accurately quotes the Court's ruling. Moreover, we note that when Abbott filed this suit, it simultaneously issued a press release publicizing its allegations.

## CONCLUSION

In sum, there is simply no basis for ZPNC, after failing to meet its burden on the preliminary injunction motion, to have a second chance before a jury before Hershey is given its due process rights to full discovery and a reasonable pre-trial. ZonePerfect has presented no grounds for reconsideration of either the continuance or the preliminary injunction denial. For the reasons set forth above and in Hershey's prior submissions, the motion for reconsideration and all of the alternative relief sought ZPNC should be denied.

Dated: August 19, 2004

Respectfully submitted,

TODD & WELD LLP

_____
Lisa G. Arrowood (BBO#022330)
Ian Crawford (BBO#544475)
Edward Foye (BBO#562375)
David H. Rich (BBO#634275)
28 State Street
Boston, MA 02109
(617) 720-2626

*Attorneys for Defendants and Counterclaim-Plaintiffs Barry D. Sears and Zone Labs, Inc*

| | |
|---|---|
| KAYE SCHOLER LLP | MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C. |
| *(signed)* Thom Sm /TR | *(signed)* W. Cow /DR |
| Thomas A. Smart<br>Richard A. De Sevo<br>Paul C. Llewellyn<br>425 Park Avenue<br>New York, New York 10022<br>(212) 836-8000<br>(212) 836-7154 (fax) | William Cowan, BBO #566940<br>One Financial Center<br>Boston, MA 02111<br>(617) 542-6000<br>(617) 542-2241 (fax) |

*Attorneys for Defendants and Counterclaim-Plaintiffs*
*Hershey Foods Corporation and Hershey Chocolate & Confectionery Corp.*